ROBERT PATRICK STICHT (SBN 138586)
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.  3:24-cv-00033-BAS-DDL<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT** |

Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, by and through counsel, respectfully submit their opposition to Defendant's *ex parte* application for an extension of time to respond to the complaint.

## ARGUMENT

**I.  INTRODUCTION.**

Plaintiffs are opposed to Defendant's application for an extension of time to respond to their complaint because it is based on a motion to transfer venue from this district, where venue is proper, to the District of Columbia; it is not based on good

cause for delaying Defendant's response to the complaint. Moreover, Defendant unduly treats its motion as a *fait accompli*. Furthermore, Defendant cites no differences in circuit precedents to justify its purported concern about wasting the parties' time and resources on briefing its anticipated motion to dismiss some, not all, claims both here and in D.C. For all of these reasons, Defendant's application should be denied.

## II. VENUE PROPERLY LIES IN THIS DISTRICT.

Venue in this action is proper in this district. *See* 28 U.S.C. §§ 1391(e)(1)(C) (civil action against the United States may be brought in any judicial district in which the plaintiff resides); 1402(b) (civil action on a tort claim against the United States under section 1346(b) may be prosecuted in the judicial district where the plaintiff resides). Defendant does not dispute venue lies in this district. *See* Memorandum of Points and Authorities In Support of Defendant United States of America's Motion to Transfer Venue ("Def's Motion"), at 1 ("The FTCA's venue provision, 28 U.S.C. § 1402(b) . . . allows for venue where the plaintiff resides."); *id*. ("venue is permissible in this district").

## III. GOOD CAUSE IS LACKING TO JUSTIFY DELAYING DEFENDANT'S RESPONSE TO PLAINTIFFS' COMPLAINT.

Defendant does not need an extension of time to respond to the complaint. It is undisputed that Plaintiffs' complaint, filed on January 5, 2024, was served on Defendant by service on the U.S. Attorney for this district on January 17, 2024 and on the U.S. Attorney General on January 18, 2024. *See* Notice of Filing Proof of Service, Dkt. No. 4; Declaration of Cristina Rotaru, Dkt. No. 4-1, ¶¶ 3, 4, and 5; *see also* Defendant United States of America's *Ex Parte* Application for an Extension of Time to Respond to Plaintiff's [sic] Complaint ("Def's Application"), Dkt. No. 6, at 2 ("Plaintiff served a summons and complaint on the United States Attorney on January 17, 2024."); Declaration of Brian J. Boyd ("Boyd Decl."), Dkt. No. 6-1, ¶ 3 (same). Based on this fact, Defendant's response to the complaint was not due until March

18, 2024, or 60 days later.  *See* Def's Application, at 2 ("The United States must respond to the complaint on or before March 18, 2024."), *citing* Fed. R. Civ. P. 12(a)(2); Boyd Decl., ¶ 3 (same).  Sixty days is sufficient time to prepare a response to the complaint.  Defendant does not argue otherwise.

Defendant delayed filing its motion to transfer venue until March 1, 2024, or 43 days after being served with the complaint.  Even if Defendant had noticed its motion for hearing on April 1, 2024, the earliest date permitted under the Court's Standing Order, Defendant understood that its response to the complaint still must be filed no later than March 18, 2024.  *See* Def's Application at 2.

Defendant's purported concern about wasting the parties' time and resources on briefing its anticipated motion to dismiss only some, but not all, claims both here and in D.C. is based on a purely hypothetical situation in which circuit precedents might be different in D.C. and California  *See id*. at 3, *citing Moore v. Valder*, 65 F.3d 189, 195 n.9 (D.C. Cir. 1995).  Just because it may happen does not mean it will happen in this case.  Defendant cites no authorities from the D.C. Circuit that would conflict with 9th Circuit precedent as applied to Defendant's anticipated motion to dismiss.  It's hypothetical, unsubstantiated concern is not good cause to delay Defendant's response to the complaint.

Granting Defendant's application would allow Defendant to postpone its response to the Complaint indefinitely as the Court considers the venue motion and thirty days beyond its decision on the motion where venue is already proper and in a case that was filed on January 4 and served on January 17, 2024.  Defendant's application does not warrant this result.

**IV.   DEFENDANT'S MOTION TO TRANSFER IS NOT A  
          *FAIT ACCOMPLI*.**

Defendant's application for an extension of time to respond to the complaint rests entirely on its motion to transfer venue and treats that motion as a thing accomplished.  Since the Court is being asked to decide the application before

Plaintiffs' opposition to the motion is due, the Court should be made aware of and consider Plaintiffs' initial reaction to the motion and anticipate a strong, fully developed opposition to it from Plaintiffs in due course.

### A.   Plaintiffs' Choice of Forum.

Defendant argues that Plaintiffs' choice of forum is entitled to minimal consideration. *See* Def's Motion at 6. Defendant does not dispute that a plaintiff's home forum is entitled to considerable deference. And *Hinestroza v. United States*, 2023 U.S. Dist. LEXIS 160738 (C.D. CA 2023), the only FTCA case cited by Defendant, noted that "a plaintiff's choice of venue pursuant to a special venue statute may be entitled to even greater deference." *Id*. at ** 6-7, *citing* 28 U.S.C. § 1402(b) (permitting plaintiffs to sue "in the judicial district where the plaintiff resides"), and *Dale v. United States*, 846 F. Supp. 2d 1256, 1258 (M.D. Fla. 2012) (finding that the obvious purpose behind the broad venue provision of the FTCA is to "protect the plaintiff from abuse by the United States forcing the plaintiff to litigate the controversy in an inconvenient forum"). Here, Plaintiffs' opposition will demonstrate that their home forum is entitled to even greater than considerable deference in light of all relevant factors.

### B.   Convenience of Witnesses.

Defendant argues that convenience of potential witnesses strongly favors the District of Columbia. *See* Def's Motion at 7. Defendant urges consideration of both the nature and quality of nine potential non-party witnesses and the burden that travel places on these witnesses. *Id*. The travel factor is mitigated by the availability of electronic means of discovery and depositions. Plaintiffs chose their home forum knowing some of these potential witnesses are located in the D.C. area and some are located elsewhere, and are therefore willing to travel if needed to conduct depositions or live interviews of witnesses as needed. Defendant already has acknowledged it has a trial team in D.C. for representation at witness depositions there and elsewhere in the country.

  Defendant unduly emphasizes the travel burden should this case proceed to trial. *Id*. at 11.  The trial would be a bench trial, not a jury trial, in which the Court has considerable discretion over the sequence of testimony and other mitigating factors.

  Defendant does not address the true nature and quality of the nine identified non-party witnesses beyond simply noting their possible roles.  *Id*. at 8-9.  Defendant identifies Officer Christopher Lanciano as a non-party witness, *id*. at 8, but as a former Capitol Police employee his testimony is subject to a degree to the control of Defendant and therefore should be considered a party witness.  *See United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951); *see also* 28 C.F.R. 16.21-16.29 (DOJ regulations).  Defendant ventures beyond the four corners of the complaint in identifying D.C. Metropolitan Police investigators and crime scene personnel, Fire and Emergency personnel, and MedStar Washington Hospital Center medical personnel generally, as well as the Medical Examiner.  *See* Def's Motion at 8-9.

  Non-party witnesses Zachary Alam and Chad Jones were both recently convicted on charges stemming from their conduct on January 6, 2021, and are awaiting sentencing.  Their locations are therefore subject to change in the near future.

  Defendant's witness list does not include Dr. Austin Harris, of Grenada Hills, California, a California physician who gave medical aid to Ashli Babbitt after the shooting, but was forced away from the scene by Capitol Police.

  Plaintiffs contend that most if not all of the witnesses would provide testimony favorable to Ashli Babbitt regarding her actions on January 6, 2021, including whether she was armed when shot, whether she assaulted any officers or government officials or was otherwise violent, and whether she posed a threat of death or serious bodily injury to anybody on that day.  If any party would be adversely affected by having these witnesses located in a distant forum, it is Plaintiffs, not Defendant, and Plaintiffs oppose a change of venue.

## C. Convenience of Parties.

Defendant argues the convenience of the parties favors the District of Columbia because both parties' counsel are based in Washington, D.C. See Def's Motion at 12-13. Actually, the undersigned Plaintiffs' trial counsel is based in Los Angeles. Although Judicial Watch, Inc. is headquartered in D.C., it also maintains an office in San Marino, California. Regarding Defendant, it is standard practice in most FTCA actions brought in forums outside Washington D.C. for the Department of Justice to assign active litigation to the U.S. Attorney's office in the forum district, with supervision and guidance from the Civil Division, Torts Branch, at DOJ in D.C. In this case, the DOJ chose to assign trial attorneys from the Civil Division in D.C. rather than have the U.S. Attorney's Office in San Diego, where venue is proper, handle the matter. In this context, it is misleading for the Defendant to deviate from standard practice, select trial attorneys based in D.C., and then argue Defendant's counsel is based in D.C. in support of a motion to transfer venue to D.C.

## D. Ease of Access to Evidence.

Defendant argues the District of Columbia provides the parties with relatively greater ease of access to evidence because the documentary and physical evidence are located there. *See* Def's Motion at 13-14. Here, again, if any party would be adversely affected by this factor it would be Plaintiffs, not Defendant, whose trial attorneys are located in D.C., and Plaintiffs oppose a change of venue.

Many of the documents identified in the motion – e.g., documents pertaining to the shooting itself and the ensuing investigation, *id*. at 14 – already are publicly available on the internet. Most of the evidence in this matter consists of reports, documents, and video recordings of the actual shooting and the demonstration in the area of the demonstration that preceded the shooting. Medical documents describing the injury and cause and manner of death are also contained in reports. All such reports, documents, and videos are easily available electronically. Defendant fails to demonstrate why their location is still a relevant factor in this case.

      While it is true that the scene of the shooting, the doors at the east end of the Speaker's Lobby inside the Capitol, is physically located in D.C., if it ever becomes necessary to physically inspect the scene, Plaintiffs and their counsel are willing to travel to D.C.  Defendant already has acknowledged it has a trial team in D.C. for this purpose so it would not be a travel burden or expense.  In this case, it is unlikely that the trier of fact, the Court, would need to physically inspect the scene of the shooting, and Defendant does not argue otherwise.

### E.      Each Forum's Familiarity With Applicable Law.

      Defendant generally argues that the District Court for the District of Columbia is more familiar with D.C. substantive law and therefore this factor favors a change of venue.  *See* Def's Motion at 14-15.  Actually, in this police shooting case, the substantive law applicable to the intentional torts alleged in the complaint originates with the U.S. Supreme Court, with which all district courts are familiar and can readily apply.  *See* Compl. ¶ 22 *citing Graham v. Connor*, 490 U.S. 386 (1989) and *Tennessee v. Garner*, 471 U.S. 1 (1985).  Also, the substantive law pertaining to the alleged negligent use of deadly force in this case is essentially the same in D.C. and California.  *See e.g., District of Columbia v. Chinn*, 839 A.2d 701 (D.C. 2003); *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013).  The applicable procedural law in this FTCA action proceeds based on federal statutory law, not D.C. law.  Because this Court can without undue effort apply D.C. law where necessary as well as federal law, this factor does not favor a venue change.

### F.      Forum's Local Interest in the Controversy.

      Defendant argues that the District of Columbia has a stronger local interest in this action.  *See* Def's Motion at 15-17.  Plaintiffs disagree.  California and, in particular, the San Diego area within this district's jurisdiction, has a strong local interest in the horrific shooting death of Ashli Babbitt.  Local media has devoted significant coverage to her story.  Ashli was a resident of San Diego.  She was born and raised in Lakeside, educated in the local school district, and then volunteered to

serve in the United States military where she rose to become a decorated U.S. Air Force Veteran and served several tours of duty in the Middle East during the war there. Ashli returned home to live in San Diego and be near her family, found love and married, and together with her husband Aaron ran a successful local pool business. Ashli took time off from work to attend the First Amendment rally on January 6, 2021 at the Ellipse behind the White House for which permits were granted. She never came home to her husband, her family and friends, and her pool business because she was shot and killed by a Capitol Police Officer. Ashli's remains were cremated and returned to her husband and family in San Diego. Her ashes were released to the wind over the Pacific ocean waters near her home in Pacific Beach.

Defendant's asserted D.C. interest in this action illustrates and underscores the prejudice and injustice that Plaintiffs would face if venue were transferred to D.C. Defendant mentions 80 Capitol Police officers and 60 Metropolitan Police officers that were injured on January 6, 2021 and connects the deaths of three officers to the events on that day, thus connecting Ashli Babbitt to these deaths and other injuries, as if she caused them. *See* Def's Motion at 16-17. The request for a change in venue is clearly influenced by Defendant's strongest motivation for changing venue, which is to select the forum where it feels it would receive a favorable process and outcome based on adversity against January 6 demonstrators. Its no secret that D.C. is a hostile forum. By its motion, Defendant hopes to unfairly and unjustly connect Ashli Babbitt to violence, injuries, and deaths for which she is blameless and connect her by association to thousands of individuals convicted of misdemeanors and felonies for which she was never charged and is unable to present a defense because of the actions of one of Defendant's employees in shooting and killing her.

This Court should not let that happen. This Court has a strong interest in maintaining a venue in which Plaintiffs will receive a fair hearing, and in which Plaintiffs believe they will have the better chance of fairly presenting their case to the

Court. The public also has a strong interest in the fair administration of justice, which this Court can and should protect.

### G. Relative Court Congestion and Time of Trial in Each Forum.

Defendant asserts that this factor favors neither D.C. nor this district. Def's Motion at 17. Plaintiffs will address this factor in their opposition to the motion to transfer.

### H. Feasibility of Consolidation With Other Cases.

Defendant states there are no actions to consolidate in either district. Def's Motion at 18. Actually, there is a related action in this district. On January 17, 2024, Plaintiffs filed a FOIA/Privacy Act complaint against the U.S. Department of Justice in this Court. *See Estate of Ashli Babbitt v. U.S. Department of Justice*, Case No. 3:24-cv-00119-LL-JLB. The complaint seeks documents and other information pertaining to the shooting of Ashli Babbitt on January 6, 2021. Defendant has made no effort to transfer venue in the related matter, and it would promote efficiency and the ends of justice for both matters to remain in this district.

### CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendant's ex parte application for an extension of time to respond to the Complaint.

Dated: March 6, 2024

Respectfully submitted,

JUDICIAL WATCH, INC.

By: */s/ Robert Patrick Sticht.*
ROBERT PATRICK STICHT

Attorneys for Plaintiffs