UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>    Plaintiffs,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | Case No. 1:24-cv-01701-ACR<br><br>**ORAL ARGUMENT REQUESTED** |

**PLAINTIFFS' MOTION TO RETRANSFER VENUE TO THE
SOUTHERN DISTRICT OF CALIFORNIA**

Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, respectfully move for an order retransferring venue to the Southern District of California so that they can seek review of that Court's order transferring this case to the District of Columbia in a mandamus proceeding in the U.S. Court of Appeals for the Ninth Circuit. The grounds for this motion are set forth in the accompanying memorandum of points and authorities. A proposed order is attached.

Dated: July 20, 2024

Respectfully submitted,

JUDICIAL WATCH, INC.

By:  */s/ Robert Patrick Sticht.*
ROBERT PATRICK STICHT
D.C. Bar No. 423395
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
rsticht@judicialwatch.org

Attorney for Plaintiffs Estate of Ashli
Babbitt and Aaron Babbitt

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO RETRANSFER VENUE TO THE <u>SOUTHERN DISTRICT OF CALIFORNIA</u>

## BACKGROUND

Air Force veteran Ashli Babbitt was shot and killed inside the U.S. Capitol building by Lieutenant Michael Byrd of the United States Capitol Police at 2:44 p.m. on January 6, 2021. Aaron Babbitt, Ashli Babbitt's husband and personal representative and administrator of her estate, filed this wrongful death and survival lawsuit on behalf of the estate and himself on January 5, 2024. It alleges assault and battery and various negligence claims against the United States of America under the Federal Tort Claims Act.

Plaintiffs filed this lawsuit in the Southern District of California, their home forum, pursuant to a special venue provision for tort claims against the United States. The purpose of the provision is to protect plaintiffs from abuse by the United States forcing them to litigate the controversy in an inconvenient forum. There is no judicial district more convenient to Plaintiffs than the district in which they reside.[1] On March 1, 2024, Defendant filed a motion to transfer venue to the District of Columbia, which Plaintiffs opposed. The Court granted the motion in an order filed on June 12, 2024.

## ARGUMENT

Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, respectfully move for an order retransferring venue to the Southern District of California so that they can seek review of that Court's order transferring this case to the District of Columbia in a mandamus proceeding in the U.S. Court of Appeals for the Ninth Circuit.

---

[1]     Plaintiffs' attorney is located in Los Angeles, California.

The Southern District of California transferred this case to the District of Columbia pursuant to 28 U.S.C. § 1404(a), without a hearing, against the will of Plaintiffs, contrary to law in their view, and, as indicated in the Court's docket,[2] electronically on June 12, 2024, which is the same day the transfer order, dated June 10, 2024, was filed and served on the parties – a process that by any measure of fairness deprived Plaintiffs a fair opportunity to even read and consider the transfer order much less seek mandamus review of it in the Ninth Circuit. As explained below, that review has to happen prior to the physical transfer of the record when jurisdiction ceases to exist in the Ninth Circuit.

This hasty process afforded Plaintiffs no opportunity to seek a stay of the order or petition for mandamus relief from the order although they clearly had a right to do both. *See e.g., A.J. Industries, Inc. v. United States Dist. Court for Cent. Dist.*, 503 F.2d 384, 386 (9th Cir. 1974) (after granting defendant's motion to transfer, district court entertained and denied motion to certify transfer order for interlocutory appeal and motion to stay transfer, whereupon petition for mandamus was filed and stay of transfer was ordered by the court of appeals.); *In re Sui*, 2013 U.S. Dist. LEXIS 208061, **4-5 (C.D. CA 2013) (power to stay proceedings is part of district court's "traditional equipment for the administration of justice" and "incidental to the power of every court to manage the schedule of caes on its docket to ensure fair and efficient adjudication"); *United States v. Fitzgerald*, 884 F.Supp. 376, 377 (D.D.C. 1995) (granting stay pending appeal).

By this motion, Plaintiffs are simply asking this Court to retransfer this case to the Southern District of California in the interest of justice and fair play. It is well-settled that this Court cannot directly review the transfer order itself. *See Starnes v. McGuire*, 512 F.2d 918, 924

---

[2] *See* Exhibit A hereto.

2

(D.C. Cir. 1974) (*en banc*) ("it is well-established that the transferee court cannot directly review the transfer order itself."). It is equally clear that the physical transfer of the record to this Court deprives the Ninth Circuit of jurisdiction to review the transfer order. *Id*. ("it is equally clear that physical transfer of the original papers in a case to a permissible transferee forum deprives the transferor circuit of jurisdiction to review the transfer.") "This state of the law makes it essential that procedures be adopted and observed that will provide plaintiffs a fair opportunity to seek review in the transferor circuit prior to the physical transfer of the record." *Id*.

When, as here, physical transfer of the record has already taken place, the D.C. Circuit instructs that the appropriate course of action is a new proceeding seeking retransfer in this Court. *Id*. ("the appropriate course of action when physical transfer has already taken place at the time the petition for mandamus is filed is a new proceeding seeking retransfer in the transferee court"). By this motion, Plaintiffs are following this guidance from the D.C. Circuit and initiating this new proceeding in this Court seeking retransfer to the Southern District of California so that they can seek mandamus review of that court's intercircuit transfer order in the Ninth Circuit.

"Although the D.C. Circuit has said little about retransfer motions," *En Fuego Tobacco Shop LLC v. United States FDA*, 356 F.Supp.3d 1, 8 (D.D.C. 2019), its guidance clearly supports providing a party a fair opportunity to seek review of the transfer order in the transferor circuit. *See Starnes*, 512 F.2d at 924 ("the law makes it essential that procedures be adopted and observed that will provide plaintiffs a fair opportunity to seek review in the transferor circuit"); *see also Fine v. McGuire*, 433 F.2d 499, 500 n.1 (D.C. Cir. 1970) (informal procedure employed to return the file from the District of Maryland to the D.C. Circuit for consideration of petition for mandamus relief from erroneous transfer order); *Preston Corp. v. Raese*, 335 F.2d 827, 828

3

(4th Cir. 1964) (similar).

At the same time, the decisions in this circuit, the Ninth Circuit, and elsewhere clearly do not support depriving a party a forum to which she is entitled, denying that party review in a mandamus proceeding in the transferor forum, and prejudicing that party who is timely objecting to a venue deficiency before a trial on the merits.  *See Wiren v. Laws*, 194 F.2d 873, 874 (D.C. Cir. 1951) ("If we were to hold even unauthorized orders of transfer to lie beyond our control, the effect would be to deprive litigants of forums to which they are entitled."); *ibid* ("The only appealable order which would ultimately issue in the wake of such a disclaimer on our part would then be in the forum to which the cause had been transferred and perhaps only after the case had been disposed of on the merits."); *Whittier v. Emmet*, 1960 U.S. App. LEXIS 4186, **11-12 (D.C. Cir. 1960) ("Once the case has been heard fully and fairly on the merits, the reasons for reversing the judgment on grounds of improper venue are substantially diminished"); *Kasey v. Molybdenum Corp. of America*, 408 F.2d 16, 20 (9th Cir. 1969) ("If, on appeal, it is determined that the 1404(a) motion was improperly ruled upon, a new trial is necessary. Alternatively, and perhaps more persuasively, it may be that the abuse is not susceptible to correction on appeal and, by postponing review, courts are denying effective appeal.")  Clearly, the fair opportunity to challenge a venue transfer order effectively is not a trivial or insubstantial matter.

Plaintiffs face prejudice in this circuit in yet another important respect.  The D.C. Circuit, like most circuits, lacks jurisdiction to review an intercircuit transfer order upon final judgment, which means the transfer order here will effectively become immune from appellate scrutiny in this circuit.  "Once a case is transferred most circuits have found that they lack jurisdiction to review a transfer order from a court outside of their circuit upon final judgment."  *Hill v.*

4

*Henderson*, 195 F.3d 671, 676-677 (D.C. Cir. 1999) *citing e.g., In re Briscoe*, 976 F.2d 1425, 1426 (D.C. Cir. 1992) (noting that absent exceptional circumstances a transfer order should not be reviewed by transferee circuit and "therefore may effectively become immune from appellate scrutiny"). This is not the rule in the Plaintiffs' home forum. The Ninth Circuit exercises appellate jurisdiction to review intercircuit transfer orders upon final judgment. *See American Fidelity Fire Ins. Co. v. United States Dist. Ct.*, 538 F.2d 1371, 1377 n.4 (9th Cir. 1976) ("On appeal from a final judgment we may exercise our appellate jurisdiction to review a district court's transfer order, even if the transferor court is not within our circuit."), *citing Gulf Research & Dev. Co. v. Harrison*, 185 F.2d 457 (9th Cir. 1950).

The D.C. Circuit in *Hill* clearly did not intend such prejudice. It said, "[a] possible explanation for finding transfer orders nonreviewable in the transferee circuit is that such orders are usually effectively subject to immediate review via mandamus in the circuit of the transferring court." *Hill*, 195 F.3d at 677. The *Hill* court is correct in this case. The intercircuit transfer order in this case is interlocutory and not an appealable final judgment, but it is reviewable in the Ninth Circuit on a petition for writ of mandamus relief. *See e.g., Shapiro v. Bonanza Hotel Co.*, 185 F.2d 777 (9th Cir. 1950); *Pacific Car and Foundry Co. v. Pence*, 403 F.2d 949 (9th Cir. 1968). And but for the immediate, electronic and, perhaps, inadvertent transfer of the record from the Southern District of California to the District of Columbia on the same day that the transfer order was entered, Plaintiffs would have sought a stay of that order and mandamus relief from it in the Ninth Circuit.

In *Hill*, the D.C. Circuit paved the way forward in these circumstances. It said, "In any event, a party transferred against its will can indirectly secure at least partial review of the transfer in the transferee circuit by filing a motion for retransfer[.]" *Id*.

5

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this motion to retransfer this case to the Southern District of California so that they can seek review of that Court's order transferring this case to the District of Columbia in a mandamus proceeding in the U.S. Court of Appeals for the Ninth Circuit.

Dated:  July 20, 2024                              Respectfully submitted,

                                                  JUDICIAL WATCH, INC.

By:     */s/ Robert Patrick Sticht.*
ROBERT PATRICK STICHT
D.C. Bar No. 423395
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
rsticht@judicialwatch.org

Attorney for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt

## CERTIFICATE OF CONFERRAL

Pursuant to LCvR 7(m) and paragraph 7(h) of this Court's Standing Order in Civil Cases, counsel for Plaintiffs states that he conferred with all counsel for Defendant by telephone on July 9, 2024 regarding this motion, the grounds for same, and the authorities in support hereof, and was advised by email on July 10, 2024 simply that the government will oppose the relief requested herein.

Dated:  July 20, 2024                              */s/ Robert Patrick Sticht.*
ROBERT PATRICK STICHT

Attorney for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt

6

# EXHIBIT A

CLOSED

# U.S. District Court
## Southern District of California (San Diego)
### CIVIL DOCKET FOR CASE #: 3:24−cv−00033−BAS−DDL

| | |
|---|---|
| Estate of Ashli Babbitt v. United States of America | Date Filed: 01/05/2024 |
| Assigned to: Judge Cynthia Bashant | Date Terminated: 06/12/2024 |
| Referred to: Magistrate Judge David D. Leshner | Jury Demand: None |
| Demand: $9,999,000 | Nature of Suit: 360 P.I.: Other |
| Cause: 28:2671 Federal Tort Claims Act (Definitions) | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**Estate of Ashli Babbitt**    represented by    **Robert Patrick Sticht**
Judicial Watch, Inc.
425 Third Street SW
Suite 800
Washington, DC 20024
202−646−5172
Email: rsticht@judicialwatch.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Aaron Babbitt**    represented by    **Robert Patrick Sticht**
*individually and on behalf of the Estate of Ashli Babbitt*    (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**    represented by    **U S Attorney CV**
U S Attorneys Office Southern District of California
Civil Division
880 Front Street
Suite 6253
San Diego, CA 92101
(619)557−5662
Fax: (619)557−7122
Email: Efile.dkt.civ@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian J. Boyd**
DOJ−Civ
Civil Division− CSTL
P.O. Box 7146
Ben Franklin Station
Washington, DC 20044
202−616−4142
Fax: 202−616−4314
Email: brian.j.boyd@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/05/2024 | 1 | COMPLAINT against United States of America ( Filing fee $ 405 receipt number ACASDC−18474179). Filed by Estate of Ashli Babbitt, Aaron Babbitt. (Attachments: |

| | | |
|---|---|---|
| | | # 1 Civil Cover Sheet) |
| | | The new case number is 3:24–cv–33–BAS–DDL. Judge Cynthia Bashant and Magistrate Judge David D. Leshner are assigned to the case. (Sticht, Robert)(sjt) (Entered: 01/05/2024) |
| 01/05/2024 | 2 | Summons Issued. **Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (sjt) (Entered: 01/05/2024) |
| 01/09/2024 | 3 | Amended Summons Issued. **Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (mjw) (jmo). (Entered: 01/09/2024) |
| 01/22/2024 | 4 | SUMMONS Returned Executed by Estate of Ashli Babbitt, Aaron Babbitt. United States of America served. (Attachments: # 1 Declaration)(Sticht, Robert) (mjw). (Entered: 01/22/2024) |
| 03/01/2024 | 5 | MOTION to Change Venue by United States of America. (Attachments: # 1 Memo of Points and Authorities in Support of Motion to Transfer Venue)(Boyd, Brian)Attorney Brian J. Boyd added to party United States of America(pty:dft) (mjw). (Entered: 03/01/2024) |
| 03/01/2024 | 6 | Ex Parte MOTION for Extension of Time to File Answer re 1 Complaint, by United States of America. (Attachments: # 1 Declaration of Brian J. Boyd in Support of Ex Parte Application for Extension of Time to Respond to Plaintiff's Complaint)(Boyd, Brian) (mjw). (Entered: 03/01/2024) |
| 03/06/2024 | 7 | RESPONSE in Opposition re 6 Ex Parte MOTION for Extension of Time to File Answer re 1 Complaint, *PLAINTIFFS OPPOSITION TO DEFENDANTS EX PARTE APPLICATION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT* filed by Aaron Babbitt, Estate of Ashli Babbitt. (Sticht, Robert) (mjw). (Entered: 03/06/2024) |
| 03/08/2024 | 8 | ORDER Granting Application to Extend Time to Respond (Doc. No. 6 ). Signed by Judge Cynthia Bashant on 3/7/2024. (bdc)(jms). (Entered: 03/08/2024) |
| 03/25/2024 | 9 | RESPONSE in Opposition re 5 MOTION to Change Venue *PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE* filed by Aaron Babbitt, Estate of Ashli Babbitt. (Attachments: # 1 Declaration Michelle Witthoeft, # 2 Declaration Aaron Babbitt, # 3 Declaration Robert Patrick Sticht)(Sticht, Robert) (mjw). (Entered: 03/25/2024) |
| 03/25/2024 | 10 | REQUEST FOR JUDICIAL NOTICE by Aaron Babbitt, Estate of Ashli Babbitt re 9 Response in Opposition to Motion, *REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE* (Sticht, Robert) (mjw). (Entered: 03/25/2024) |
| 03/26/2024 | 11 | NOTICE *OF ERRATA TO PLAINTIFFS OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE* by Aaron Babbitt, Estate of Ashli Babbitt re 9 Response in Opposition to Motion, (Sticht, Robert) **QC Email sent. Improper Withdrawal of Document (Notice of Errata) ** (Entered: 03/26/2024) |
| 03/26/2024 | 12 | AMENDED DOCUMENT by Aaron Babbitt, Estate of Ashli Babbitt. Amendment to 9 Response in Opposition to Motion, *PLAINTIFFS CORRECTED OPPOSITION TO DEFENDANTS MOTION TO TRANSFER VENUE*. (Sticht, Robert) **QC Email sent. Wrong Event Selected**(mjw). (Entered: 03/26/2024) |
| 04/01/2024 | 13 | REPLY to Response to Motion re 5 MOTION to Change Venue filed by United States of America. (Boyd, Brian) (mjw). (Entered: 04/01/2024) |
| 06/12/2024 | 14 | Case transferred to District of Columbia. Files transferred electronically to: *District of Columbia*.*333 Constitution Avenue, N.W.**Washington, DC 20001*. Signed by Judge Cynthia Bashant on 06/10/2024. (Attachments: # 1 Transfer Order) (mjw) (Entered: 06/12/2024) |

| 06/13/2024 | 15 | Transfer Letter Received from District of Columbia. Case number in other court is 1:24cv01701 (jpp) (Entered: 06/14/2024) |

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, the foregoing motion was filed using this Court's CM/ECF system, which will electronically serve notice on all counsel of record.

I further certify that I caused the foregoing motion to be served via U.S. mail, postage pre-paid, on the following persons:

> Honorable Cynthia Bashant
> United States District Judge
> James M. Carter and Judith N. Keep
> United States Courthouse
> 333 West Broadway, Suite 1280
> San Diego, CA 92101

Dated:  July 20, 2024                     */s/ Robert Patrick Sticht.*
                                          ROBERT PATRICK STICHT

                                          Attorney for Plaintiffs Estate of Ashli
                                          Babbitt and Aaron Babbitt