UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT, and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>                Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                Defendant. | Case No. 1:24cv1701-ACR |

**DEFENDANT'S PRE-MOTION NOTICE**

In accordance with Paragraph 7(f) of this Court's Standing Order and this Court's Minute Order dated July 17, 2024, Defendant United States of America submits this notice to request a pre-motion conference regarding the partial motion to dismiss it seeks to file in this case.

On January 6, 2021, a U.S. Capitol Police Officer fatally shot Ashli Babbitt when she tried to climb through a broken sidelight into the Speaker's Lobby during the riot at the U.S. Capitol. Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, sues the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2671-2680 (2018), seeking damages for her death. Three of his seven claims allege negligent acts or omissions by federal officials other than the officer who shot Ms. Babbitt. ECF No. 1 (Compl.). Count III faults nearby federal officers for not taking action with respect to rioters who broke out the panel of the sidelight Ms. Babbitt tried to climb through. Counts IV and V fault Capitol Police for negligent retention, supervision, discipline, and training. The United States seeks dismissal of those claims for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). Immediate dismissal of those claims will simplify discovery and streamline the litigation. *Cf.* FED. R. CIV. P. 26(b)(1).

The FTCA waives sovereign immunity for certain tort claims, however it "did not waive the sovereign immunity of the United States in all respects." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 808 (1984).  Relevant here, the FTCA waives immunity, and vests district court jurisdiction, only "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The FTCA also excepts from the sovereign-immunity waiver any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused."  28 U.S.C. § 2680(a).  Accordingly, "in the unique context of the FTCA," section 1346(b)(1) requires a plaintiff to invoke subject matter jurisdiction by plausibly alleging "all elements of a meritorious claim," *Brownback v. King*, 592 U.S. 209, 217 (2021), while section 2680(a) requires pleading conduct outside the FTCA's discretionary-function exception.  *See Shuler v. United States*, 531 F.3d 930, 933-34 (D.C. Cir. 2008); *Donahue v. United States*, 870 F. Supp. 2d 97, 104 n.4 (D.D.C. 2012).  When evaluating a facial challenge to subject matter jurisdiction, the court assumes the complaint's factual allegations and draws all reasonable inferences in the plaintiff's favor.  *See RELX, Inc. v. Baran*, 397 F. Supp. 3d 41, 47 (D.D.C. 2019).

**Private Person Analog.**  Count III alleges negligent acts or omissions by eight officers who were nearby when Ms. Babbitt came to harm.  The complaint alleges the officers breached a duty to "protect [Ms. Babbitt] from harm," Compl. ¶ 63, when they failed to "control, de-escalate, or stop" the two rioters who broke the window Ms. Babbitt tried to climb through.  *Id*. ¶¶ 69-72.  That theory does not plausibly allege circumstances in which a private person would be liable under D.C. law.

Under section 1346(b)(1), a court must "look to the law of the local jurisdiction—in this case, the District of Columbia[.]" *Hornbeck Offshore Transp., LLC v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009).  Under D.C. law generally "no liability exists in tort for harm resulting from the criminal acts of third parties[.]"  *Hall v. Ford Enterprises, Ltd.*, 445 A.2d 610, 611 (D.C. 1982); *see Workman v. United Methodist Comm.,* 320 F.3d 259, 262 (D.C. Cir. 2003).  The eight officers, therefore, had no "duty to protect" Ms. Babbitt from consequences allegedly traceable to the criminal acts of the two rioters.  The only potentially relevant exception to D.C.'s general rule depends on establishing a "defendant's increased awareness of the danger of a particular criminal act" that "was so foreseeable that it became the defendant's duty to guard against" it.  *Bd. of Trustees of Univ. of D.C. v. DiSalvo*, 974 A.2d 868, 872 (D.C. 2009) (citations omitted).  The complaint has not plausibly alleged any increased awareness of the danger to Ms. Babbitt from the particular criminal acts of two other rioters.  Mr. Babbitt has not alleged, for example, harm resulting from a similar crime in the same place.  *See id*. at 873-74.

Alternatively, even if the duty at issue was that of a "reasonably prudent officer," as Mr. Babbitt asserts, Compl. ¶ 63, the same result would lie.  The public duty doctrine holds that police officers are under "no general duty to provide … police protection to any particular individual." *Klahr v. Dist. of Columbia*, 576 A.2d 718, 720 (D.C. 1990) (cleaned up).  When a "governmental entity undertakes to furnish police services, it assumes a duty only to the public at large and not to individual members of the community." *Warren v. Dist. of Columbia*, 444 A.2d 1, 3 (D.C. 1981) (en banc).  The eight officers in this case therefore had no duty "to protect [Ms. Babbitt] from harm," Compl. ¶ 63, because they had "a duty only to the public at large," *Warren*, 444 A.2d at 3.

**Discretionary-Function Exception.** Count III and Mr. Babbitt's negligent supervision, discipline, and retention (Count IV) and negligent training (Count V) claims are all barred by the FTCA's discretionary-function exception. 28 U.S.C. § 2680(a). The discretionary-function exception immunizes the government from a tort claim when the challenged action involves an element of judgment or choice and that judgment or choice is "susceptible" to policy analysis. *Gaubert v. United States*, 499 U.S. 315, 322, 325 (1991).

Courts have long recognized that personnel decisions typically involve a host of judgments that are susceptible to policy analysis. Accordingly, negligent supervision, discipline, retention, and training claims fall within the discretionary-function exception. *See Burkhart v. Washington Metro. Area Transit Auth.*, 112 F.3d 1207, 1217 (D.C. Cir. 1997); *Smith v. United States*, 157 F. Supp. 3d 32, 42 (D.D.C. 2016); *Bostic v. U.S. Capitol Police*, 644 F. Supp. 2d 106, 110 (D.D.C. 2009). Likewise, the type of negligence claim Mr. Babbitt brings in Count III—faulting eight nearby officers for not taking action with respect to the rioters who smashed the sidelight before Ms. Babbitt tried to climb through it—is also barred by the exception. Decisions regarding when to arrest or to take or refrain from taking certain actions to protect others are the kind of discretionary government decisions, "rife with considerations of public policy, that Congress did not want the judiciary second-guessing." *Shuler*, 531 F.3d at 934 (cleaned up); *Olaniyi v. Dist. of Columbia*, 763 F. Supp. 2d 70, 88-89 (D.D.C. 2011).

The United States respectfully requests that the Court schedule a pre-motion conference in anticipation of its motion.

Dated: July 24, 2024                              Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General
                                                  Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Sarah E. Whitman*
SARAH E. WHITMAN
MA Bar 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Sarah.whitman@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*