UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ESTATE OF ASHLI BABBITT and
AARON BABBITT, individually and on
behalf of the ESTATE OF ASHLI
BABBITT,

              Plaintiffs,

v.

UNITED STATES OF AMERICA,

              Defendant.
_____/

Case No. 1:24-cv-01701-ACR

**PLAINTIFFS' RESPONSE TO
DEFENDANT'S PRE-MOTION NOTICE**

**Plaintiffs' Motion to Retransfer Venue**. On July 20, 2024, Plaintiffs moved for an order retransferring venue to the Southern District of California so that they can seek review of that Court's order transferring this case to the District of Columbia in a mandamus proceeding in the U.S. Court of Appeals for the Ninth Circuit. ECF 21. Defendant's response to the motion is due August 5, 2024. LCvR 7(b). Plaintiffs' reply would be due August 12, 2024. LCvR 7(d). Oral argument is requested. No hearing date has been set.

A Pre-motion Conference regarding Defendant's partial motion to dismiss has been set on August 6, 2024. Notice of Hearing, July 26, 2024. However, it makes more sense to resolve venue before requiring the parties to brief a dismissal motion, to avoid the potential waste of time and resources and duplication of effort and promote judicial efficiency. ECF 6 (Dft's App. for Ext. of Time to Respond to Complaint) at 3 ("But it makes little sense to require the parties to spend time, energy, and resources briefing a dismissal motion before knowing in which venue the case will proceed."); *see also* ECF 8 (Order Granting Def's App.) at 2. Also, a motion to dismiss should be decided by the district court in which the case will ultimately proceed as there

1

may be a conflict of law between the two circuits.  *Id.*; *Moore v. Valder*, 65 F.3d 189, 195 n.9 (D.C. Cir. 1995).  Accordingly, Plaintiffs request that the motion to dismiss be held in abeyance until their motion to retransfer is decided and venue is ultimately resolved.

**Private Person Analog**.  It is important to properly and fairly characterize Count III as negligence when police officers are using deadly force.  ECF 1 (Compl.) ¶¶ 22, 25-27, 62, and cases cited therein; *Hayes v. County of San Diego*, 57 Cal. 4th 622 (2013).  One must consider the totality of the circumstances.  *Id*.  Lt. Byrd did not act alone when he shot Ashli Babbitt.  Many officers were involved in the killing, including eight officers identified in Count III.  Plaintiffs allege their negligence, not criminal acts of two rioters, caused Ashli's death.  This case is thus readily distinguishable from Defendant's cases, *Hall v. Ford Enterprises, Ltd.*, 445 A.2d 610 (D.C. 1982), *Workman v. United Methodist Comm.*, 320 F.3d 259 (D.C. Cir. 2003), *Bd. of Trustees of Univ. of D.C. v. DiSalvo*, 974 A.2d 868 (D.C. 2009), *Klahr v. District of Columbia*, 576 A.2d 718 (D.C. 1990), and *Warren v. District of Columbia*, 444 A.2d 1 (D.C. 1981), which all involve victims of criminal assaults by third parties.

Shifting blame to the two rioters fails also because of the special relationship between Ashli, the U.S. Capitol, and the Capitol Police, Compl. ¶ 66 ("Call fucking help!"), and the heightened foreseeability of an assault on the lobby doors, *id*. ¶ 49(c) ("barricade of heavy furniture and chairs," "all units go there and hold the glass"), *id*. ¶ 49(d) ("shots fired through the House main door").  *See Hall*, 445 A.2d at 611 n.4 (traditional special relationships); *Workman*, 320 F.3d at 262 ("'plaintiff is not … required to show 'previous occurrences of the particular type of harm'"), *id*. at 263 ("defendant should be held liable as a matter of policy" as being "in the better position to know about security threats and to protect against them."); *DiSalvo*, 974 A.2d at 871 n.2 ("existence of a duty is also shaped by considerations of fairness").  The two

rioters' crime "was so foreseeable that it became [Defendant's] duty to guard against it." *DiSalvo*, 974 A.2d at 872 (internal quotes and citation omitted).

Similarly, the public duty doctrine does not apply because Capitol Police assumed a special duty to Ashli by affirmative conduct that led her into the broken window where she was shot and killed, including directing her movement to the House, Compl. ¶ 11, guarding the lobby doors, *id*. ¶ 64, inducing reliance on police protection, *id*. ¶ 66, and abandoning the lobby doors, *id*., ¶ 67-70.  See *Warren v. District of Columbia*, 444 A.2d 1, 10-12 (D.C. 1981) (*en banc*) (Kelly, J. dissenting).

"[A]n officer possesses an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers."  *Moore v. District of Columbia*, 79 F. Supp. 3d 121, 134-35 (D.D.C. 2015) (collecting cases).  The eight officers thus had an affirmative duty to protect Ashli Babbitt from being shot by Lt. Byrd as the shooting was an unlawful seizure under the Fourth Amendment.  Compl. ¶ 22.

**Discretionary Function Exception**.  While negligent supervision, discipline, retention, and training claims may fall within the DFE, such determinations turn on whether actions taken were discretionary or whether regulations, statutes, the constitution, or internal policies contain mandatory actions that were not followed.  Discovery is necessary to determine the existence of such rules and procedures, whether they allow for discretion, and whether Capitol Police violated any mandatory actions.  A merits ruling on the DFE regarding Counts IV and V should await Plaintiffs' discovery.  *Briscoe v. United States*, 268 F. Supp. 3rd 1, 12-14 (D.D.C. 2017).

Similarly, jurisdictional discovery is necessary to determine if Lt. Byrd engaged in any prior acts of misconduct involving use of a firearm, including intentional or non-intentional discharge of a firearm when on or off duty.  The DFE "does not provide a blanket immunity

against tortious conduct that a plaintiff plausibly alleges also flouts a constitutional prescription." *Loumiet v. United States*, 828 F.3d 935, 943 (D.C. Cir. 2016).  Plaintiffs allege Lt. Byrd violated a constitutional standard on deadly force set forth in *Graham v. Connor,* 490 U.S. 386 (1989) and *Tennessee v. Garner*, 471 U.S. 1 (1985) when he shot Ashli Babbitt.  Compl. ¶ 22.  Plaintiffs also allege a prior off-duty shooting by Lt. Byrd that was found to be not justified, Compl. ¶ 80, and a prior use of force matter that was sustained, *id*. ¶ 81.  The DFE does not shield officials who retain an officer with a propensity to violate a legal or constitutional mandate.

Similar discovery of training materials and records is necessary to determine whether officer training meets the constitutional standard.  Plaintiffs allege Lt. Byrd told a worldwide media audience he followed his training when he shot Ashli.  Compl. ¶ 88, p.12 n.3.  This portends a constitutional deficiency in training not shielded by the DFE.  Records of how Capitol Police handled all prior instances of intentional or non-intentional discharges of a firearm by officers on or off duty are necessary to determine whether a pattern exists and thus a policy of ignoring a constitutional standard.  *See City of Canton v. Harris*, 489 U.S. 378 (1989).

Regarding Count III, while decisions pertaining to arrests may fall within the DFE, negligent or reckless conduct is not protected.  *Coulthurst v. United States*, 214 F.3d 106, 109 (2nd Cir. 2000).  Discovery is necessary to determine whether the conduct of the eight officers and decisions they made are shielded by the DFE.  *Id*. (given "numerous potential ways" in which negligence may trigger the alleged injury, the nature of the asserted conduct is potentially determinative of the applicability of the DFE); *Woodriffe v. United States*, 2020 U.S. Dist. LEXIS 107761, *4, *17 (D.D.C. 2020); *Sledge v. Fed. Bureau of Prisons*, 2013 U.S. App. LEXIS 25940, *14 (D.C. Cir. 2013) (officer's "decision to pack up early" on the clock is unprotected.)

Dated:  July 31, 2024                                         Respectfully submitted,

                                               JUDICIAL WATCH, INC.

By:    */s/ Robert Patrick Sticht.*
        ROBERT PATRICK STICHT
        D.C. Bar No. 423395
        Judicial Watch, Inc.
        425 Third Street SW, Suite 800
        Washington, D.C. 20024
        (202) 646-5172
        rsticht@judicialwatch.org

Attorney for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt

## CERTIFICATE OF SERVICE

I certify that on the date set forth below, the foregoing response was filed using this Court's CM/ECF system, which will electronically serve notice on all counsel of record.

Dated: July 31, 2024                      */s/ Robert Patrick Sticht.*
                                                    ROBERT PATRICK STICHT

                                                      Attorney for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt