UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT, and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:24cv1701-ACR |

### DEFENDANT UNITED STATES' OPPOSITION TO PLAINTIFF'S MOTION TO RETRANSFER

On June 12, 2024, the United States District Court for the Southern District of California transferred this case to this district under 28 U.S.C. § 1404(a). ECF No. 14-1 ("Transfer Order"). Mr. Babbitt now seeks retransfer to the Southern District of California, arguing that the case was physically transferred to this Court without giving him sufficient time to seek review of the transfer order by the Ninth Circuit through an extraordinary writ of mandamus. *See generally*, ECF No. 21 ("Retransfer Motion").

Although Mr. Babbitt asserts that, absent retransfer, he will be denied the opportunity to obtain review of the transfer decision, in *Hill v. Henderson*, 195 F.3d 671 (D.C. Cir. 1999), the D.C. Circuit identified a procedure by which "a party transferred against its will *can* indirectly secure at least partial review of the transfer in the transferee circuit by filing a motion for retransfer, the denial of which is clearly reviewable by the court of appeals of the transferee district." *Id.* at 677 (emphasis in original).

A party seeking retransfer must show that the transfer order is "clearly erroneous and would work a manifest injustice." *Id.* at 678 (citation and quotation marks omitted). Mr. Babbitt

has not met this substantial burden. Neither 28 U.S.C. § 1404, nor any precedent, supports allowing retransfer simply for the purpose of seeking mandamus review in the transferor court's circuit. Moreover, Mr. Babbitt fails to identify any clear error in the transfer order or establish any manifest injustice resulting from it. Nor has he established any likelihood of success on the merits of a mandamus petition to the Ninth Circuit Court of Appeals. Accordingly, Mr. Babbitt is not entitled to retransfer the case to the Southern District of California, and the Court should deny his motion.

## STATEMENT

On January 5, 2024, Mr. Babbitt, individually and as the appointed personal representative and administrator of the Estate of Ashli Babbitt, sued the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2671-2680 (2018) (FTCA). He brought the lawsuit in the United States District Court for the Southern District of California, where he resides. He seeks damages for alleged negligent or wrongful acts or omissions by U.S. Capitol Police officers and other federal officials in Washington, D.C. that he claims led to Ms. Babbitt's death. The FTCA's venue provision lays venue in the judicial district "wherein the act or omission complained of occurred," or where the plaintiff resides. *Id*. § 1402(b). The United States moved to transfer the case to the United States District Court for the District of Columbia, under 28 U.S.C. § 1404(a), for the convenience of the witnesses and parties, and in the interest of justice. ECF No. 5. Mr. Babbitt opposed transfer. ECF No. 9.

On June 12, 2024, following the parties' briefing, the court determined that transfer to the District of Columbia was justified for the convenience of the witnesses and parties, and in the interests of justice. *See generally*, Transfer Order. The case was electronically transferred to this district on June 12, 2024, and was docketed on June 14, 2024. ECF No. 15.

The United States' deadline to file its partial motion to dismiss was July 12, 2024. ECF No. 8 (ordering United States to answer or respond to the complaint "no later than 30 days after the Court resolves the Defendant's motion to transfer."). On July 9, 2024, the parties met and conferred regarding Mr. Babbitt's intent to bring this Retransfer Motion, and on July 10, 2024, the United States advised that it opposes the motion. Retransfer Motion at 6 (Certificate of Conferral). The United States filed its partial dismissal motion on July 12, 2024.[1] ECF No. 16. On July 20, 2024, thirty-eight days after the transfer order issued, Mr. Babbitt filed this motion seeking retransfer.

## ARGUMENT

### I. Mr. Babbitt Has Not Met his Burden of Showing that the Transfer Order is Clearly Erroneous and Manifestly Unjust.

Venue in civil cases in federal court is regulated by statute. *See* 28 U.S.C. § 1390(a). The only proper venue for suits brought under the FTCA is "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." *Id*. § 1402(b). By statute, Congress also regulated the circumstances under which a federal district court may transfer a case from one district where venue is proper to another such district. *See id*. § 1404(a). The transfer of this case from the Southern District of California to this district "for the convenience of parties and witnesses, [and] in the interest of justice" was authorized and appropriate under § 1404(a). Mr. Babbitt's motion to retransfer for the purpose of seeking mandamus review of the transfer order is not authorized by any statute or precedent. For that reason, it must be denied.

---

[1] On July 17, 2024, the Court issued a Minute Order denying, without prejudice, the United States' motion to dismiss, and ordering the parties to first participate in a pre-motion conference, as required by Section 7(f) of the Court's Standing Order, ECF No. 19, before a dismissal motion could be filed. That conference is scheduled for August 6, 2024. ECF No. 23.

Mr. Babbitt cites no authority supporting retransfer for the purpose of allowing the transferor court's court of appeals to review the transfer.  The D.C. Circuit, however, has specified the procedures available to a litigant whose case has been transferred "against its will," *Hill*, 195 F.3d at 677:  A party seeking to challenge a §1404(a) transfer order after a case has been sent to the transferee court, may file a retransfer motion in the transferee court, as Mr. Babbitt has done.  *Id*.  Mr. Babbitt argues that "the interest of justice and fair play" justifies retransfer, Retransfer Motion at 2, but that is not the correct standard.  Instead, under *Hill*, Mr. Babbitt must show that the transfer order is clearly erroneous and would work a manifest injustice.  195 F.3d at 678 (advising "courts should be loathe to disturb the decision of a coordinate court unless the initial decision was 'clearly erroneous and would work a manifest injustice.'" (quoting *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988))).

A litigant seeking retransfer must offer reasons sufficient to justify departing from the law of the case established by the transfer order.  *Hill*, 195 F.3d at 677 (reinforcing that "at the time of a motion to retransfer[,] the transfer order would be law of the case binding the second district court.").  This is, at bottom, a form of a motion for reconsideration.  When faced with a retransfer motion, "the court must, as a threshold matter, determine whether the law-of-the-case doctrine effectively insulates the transfer from review."  *FMC Corp. v. U.S. E.P.A.*, 557 F. Supp. 2d 105, 109 (D.D.C. 2008).  Rarely will the court deviate from the law-of-the case.  *Christianson*, 486 U.S. at 819.  And if a transferee district court resolving a retransfer motion abuses its discretion, relief lies in the transferee district's court of appeals.  *Hill*, 195 F.3d at 677.  *Hill* does not support a retransfer motion simply to facilitate mandamus review in the transferor court's circuit.

Mr. Babbitt develops no argument that the Southern District of California's decision to transfer the case to this district constituted clear error causing manifest injustice. *Id.* at 678. Nor could he. There was no clear error.

The Southern District of California carefully considered all the relevant transfer criteria. That court concluded that (i) all the acts giving rise to this action occurred in Washington, D.C. making it a proper venue under the FTCA (which Plaintiff conceded), Transfer Order at 3; (ii) the majority of relevant non-party and party witnesses reside in or near Washington, D.C., *id*. at 6-10; (iii) almost all physical and documentary evidence is in Washington, D.C., *id*. at 10; (iv) courts in this district have greater familiarity with D.C. substantive law, which applies to Plaintiff's claims, *id*. at 10-11; and (v) Washington, D.C. has a stronger local interest in the controversy because Ms. Babbitt's death and all the events giving rise to it occurred there, *id*. at 11-12. The court explained that where, like here, all "the alleged tortious conduct occurred entirely in the District of Columbia" a plaintiff's forum choice is "afforded less deference." *Id*. at 5. Accordingly, the court determined that Plaintiff's forum choice did not weigh significantly against transfer. *Id.* Finally, the court concluded that the convenience of the parties, *id*. at 5-6, the possibility of consolidating the case with other related cases, *id*. at 12, and the relative court congestion between the forums, *id*. at 13, were neutral factors with respect to transfer. Considering all these factors, the court held that transfer to this district was warranted. *Id.* Mr. Babbitt's mere disagreement with the decision, Retransfer Motion at 2 (asserting, without further explanation, that the transfer order was "contrary to law"), does not establish clear error, *cf. Klayman v. Jud. Watch, Inc.*, 296 F. Supp. 3d 208, 215 (D.D.C. 2018) (denying plaintiff's motion for reconsideration which merely disagreed with the court's analysis and failed to identify clear errors of law). Nor was it clear error for the court to resolve the motion on the

papers. *See Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) (en banc) ("We do not hold that a hearing is necessarily required on every transfer motion…." (citation and internal quotation marks omitted)).

Mr. Babbitt also does not—and cannot—demonstrate that the transfer motion caused any manifest injustice. He argues that the Southern District of California's transfer of the case to this district on the same day that the transfer order issued precluded him from seeking mandamus review in the Ninth Circuit and, therefore, rendered the transfer order unreviewable. Retransfer Motion at 3-4. But the speed with which this case was transferred *after* the transfer order issued does not bear on whether the decision to transfer was itself clear error causing manifest injustice.

Mr. Babbitt claims "prejudice" because the Ninth Circuit allows mandamus review of inter-circuit transfer orders, while the D.C. Circuit does not. Retransfer Motion at 4-5. But he does not explain how this distinction in fact prejudices him. Regardless, the Ninth Circuit overturned that proposition in *Posnanski v. Gibney*, 421 F.3d 977, 980 (9th Cir. 2005), stating, "We know of no principle in American law that permits a circuit court of appeals to review, as such, a transfer order issued by a district court in another circuit. Such transfer orders, as we now hold, are reviewable only in the circuit of the transferor district court." *See also In re U.S. Dep't of Educ.*, 25 F.4th 692, 698 (9th Cir. 2022).

Mr. Babbitt asserts that, absent retransfer, the transfer order will evade review. But the swift transfer does not deprive Mr. Babbitt of the opportunity to seek relief from a court of appeals, given the indirect review procedures *Hill* establishes. Nor do the procedures outlined in *Hill* transgress any principle of justice or fair play. *Hill* offers Mr. Babbitt the opportunity to have his retransfer motion heard by this Court and, should he disagree with its decision, he may seek relief from the D.C. Circuit. 195 F.3d at 677. The chance to seek the extraordinary relief of

a writ of mandamus in the Ninth Circuit does not meaningfully enhance the potential remedies available to him where, like here, the same standard of review applies.  *Compare Jones v. Gasch*, 404 F.2d 1231, 1242 (D.C. Cir. 1967) (applying abuse of discretion standard in review of transfer motion) *with Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) (same).

 Mr. Babbitt's proposed procedure risks sending this case into an undesirable "perpetual game of jurisdictional ping-pong." *Christianson*, 486 U.S. at 818.  Indeed, if Mr. Babbitt's theory were valid, there is no reason why, if such a motion were granted, the Government could not itself seek mandamus review in the D.C. Circuit.  Mr. Babbitt points to no precedent permitting the kind of extra-statutory transfer procedure he proposes.

The cases Mr. Babbitt cites, Retransfer Motion at 3-4, are inapposite.  In *Starnes*, 512 F.2d at 935, the D.C. Circuit neither discussed nor held that it is appropriate for a district court to return a case to the transferor court to file a mandamus petition in the transferor district's court of appeals; instead, it discussed a district's "practice" of waiting ten days before carrying out a transfer order.  Mr. Babbitt does not show that the Ninth Circuit or Southern District of California follow a similar practice or violated any practice or rule of those courts.  *Fine v. McGuire*, 433 F.2d 499 (D.C. Cir. 1970), and *Preston Corp. v. Raese*, 335 F.2d 827 (4th Cir. 1964), are inapposite because both cases concerned the return of a case to the original forum upon the request of the transferor court's circuit, which has not occurred here.

Because Mr. Babbitt has not shown that the transfer order is clearly erroneous causing a manifest injustice, it is the "law of the case binding" this Court.  *Hill*, 195 F.3d at 677; *see also FMC Corp.*, 557 F. Supp. 2d at 109.  Therefore, the Retransfer Motion must be denied.

**II.     Mr. Babbitt Cannot Show a Reasonable Likelihood of Success on the Merits.**

Mr. Babbitt's motion should be denied for an additional, independent reason: he makes no effort to show that a mandamus petition has a reasonable likelihood of success in the transferor court's court of appeals. The Ninth Circuit has recognized that "[m]andamus may sometimes be appropriate to correct a clearly erroneous transfer order," but that even a clear legal error may not warrant granting the writ. *In re Bozic*, 888 F.3d 1048, 1054 (9th Cir. 2018). Instead, the Ninth Circuit looks to a host of factors, including whether there was an abuse of judicial power, whether the petitioner has other means to obtain relief, whether the petitioner will be harmed in a way that cannot be corrected on appeal, whether the transfer order repeats a common error or persistently disregards the federal rules and whether the order raises important issues or questions of first impression. *Id.* at 1052; *see also In re Van Dusen*, 654 F.3d 838, 841 (9th Cir. 2011).

Mr. Babbitt makes no showing on any of these factors. Nor could he. The transferor court carefully analyzed all the relevant transfer criteria, considered all the parties' arguments, and applied the relevant case law. *See supra*, at 5. Mr. Babbitt makes no effort to explain what he thinks the court got wrong or why he is entitled to the extraordinary writ of mandamus. Therefore, he has offered no basis for concluding that a mandamus petition would succeed.

## CONCLUSION

For the foregoing reasons, the Court should deny Mr. Babbitt's motion to retransfer the case to the Southern District of California.

Dated:  August 5, 2024                                      Respectfully submitted,

                                                            BRIAN M. BOYNTON
                                                            Principal Deputy Assistant Attorney General,

Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Brian J. Boyd*
BRIAN J. BOYD
NY Bar 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

*Counsel for Defendant United States of America*