UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ASHLI BABBITT, and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>    Plaintiffs,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:24cv1701-ACR |

**DEFENDANT UNITED STATES OF AMERICA'S
PARTIAL ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant United States of America hereby files its Partial Answer[1] and responds to the remainder of Plaintiff's complaint (ECF No. 1) as follows:

**JURISDICTION AND VENUE[2]**

1. Paragraph 1 consists of jurisdictional allegations, to which no response is required. To the extent a response is required, the allegations in Paragraph 1 are denied.

2. Defendant admits that venue is proper in the District of Columbia.

**PARTIES**

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one, three and four. The allegations in sentence two are admitted. The allegations in sentence five consist of legal conclusions, and are denied.

---

[1] Defendant United States has filed a motion to dismiss Counts III, IV, and V of Plaintiff's complaint under Federal Rule of Civil Procedure 12. On August 6, 2024, the Court ordered Defendant to file its partial answer for Counts I, II, VI, and VII.

[2] Defendant incorporates the headings from the complaint solely for formatting purposes.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence one. The allegations in sentence two are admitted. Sentence three contains Plaintiff's characterization of his legal claims, and is admitted.

5. The allegations in sentence one are admitted. Sentence two contains Plaintiff's characterization of his legal claims and legal conclusions, and is denied. The allegations in sentence three are admitted with the qualification that the United States' liability under 28 U.S.C. § 2674 is subject to all of the provisions of the Federal Tort Claims Act, including 28 U.S.C. § 1346(b)(1) and 28 U.S.C. §§ 2671-2680.

6. Sentence one contains legal conclusions, and is denied. The allegations in sentences two through nine are admitted. Regarding the allegations in sentence ten, it is admitted that the United States Capitol Police (USCP) did not adjudicate Plaintiff's administrative claim within six months after it was presented, and the remaining allegations are denied. Sentence eleven contains a legal conclusion, and is denied.

7. The allegations in sentences one and two are admitted. Regarding the allegations in sentence three, Defendant refers to 2 U.S.C. § 1901b Joint Oversight Hearings as to the requirements of the Capitol Police Board with respect to Joint Oversight Hearings. The remainder of sentence three contains legal conclusions, and is denied. Regarding the allegations in sentence four, it is admitted that USCP has the authority to make arrests within the Capitol buildings and grounds for violations of any law of the United States, the District of Columbia, or of any State. The remaining allegations in sentence four are denied. The allegations in sentence five are admitted only to the extent they are consistent with the authority delegated in 2 U.S.C. §§ 5605, 6617 to the House Sergeant at Arms and Senate Sergeant at Arms, and are otherwise denied. Regarding the allegations in sentence six, it is admitted that the Capitol Police Board is

responsible for the design and installation of security systems for the Capitol buildings and grounds, consistent with 2 U.S.C. § 1964(b), and the requirements therein, and the remaining allegations in sentence six are denied. Sentences seven and eight contain legal conclusions, and are admitted. Sentence nine contains legal conclusions, and it is admitted that Byrd, Lanciano, Yetter, Lively, Smith, Robbs, Sikes, Brown, and Gandolph were acting within the scope of their employment at all times relevant to the complaint, but to the extent that "these employees" includes others not identified in the complaint, Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in sentence nine.

## FACTS COMMON TO ALL COUNTS

8. The allegations in sentence one are admitted. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence two. The allegations in sentence three are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence four.

9. The allegations in sentence one are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence two. Regarding the allegations in sentence three, it is admitted that the District of Columbia Medical Examiner's autopsy report identified the cause of death as "a gunshot wound to the left anterior shoulder", and the remaining allegations are denied. The allegations in sentence four are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence five. The allegations in sentences six and seven are admitted.

10. The allegations in sentence three are admitted. Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations in the remaining sentences in Paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentences one, two, and four.  The allegations in sentences three, five, and six are denied.

12.     It is admitted that the Speaker's Lobby is rectangular shaped, contains portraits of past Speakers of the U.S. House of Representatives, and is connected to the Retiring Room.  The remaining allegations in Paragraph 12 are denied.

13.     It is admitted that the photograph in Paragraph 13 depicts one set of Speaker's Lobby doors after the January 6, 2021 shooting.  The remaining allegations in Paragraph 13 are denied.

14.     The allegations in sentence one are admitted.  The allegations in sentence two are denied.  Regarding the allegations in sentence three, it is admitted that Lt. Byrd was a Capitol Police commander and the incident commander of the House on January 6, 2021, and that he shot Ashli Babbitt, and the remaining allegations are denied.  The allegations in sentences four through eight are denied.  The allegations in sentence nine are admitted.  The allegations in sentences ten through thirteen are denied.

15.     It is denied that Lt. Byrd heard the loud noise of the gunshot.  The remaining allegations in Paragraph 15 are admitted.

16.     With respect to sentence one, Defendant agrees that "facts speak truth."  With respect to Plaintiff's allegations, the allegations in sentence two are denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence three.

17.     The allegations in Paragraph 17 are admitted.

## COUNT I

## Assault and Battery

**(Intentional Shooting and Killing of Ashli by Lt. Byrd- Estate of Ashli Babbitt)**

18. Defendant incorporates by reference its responses to Paragraphs 1 through 17.

19. Paragraph 19 contains legal conclusions and describes the legal authority under which Plaintiff brings his claims, and is denied.

20. The allegations in Paragraph 20 are admitted.

21. Paragraph 21 contains a legal conclusion, and is denied.

22. The allegations in Paragraph 22 are denied.

23. The allegations in Paragraph 23 are denied.

## COUNT II

## Negligence

**(Lt. Byrd- Estate of Ashli Babbitt)**

24. Defendant incorporates by reference its responses to Paragraphs 1 through 23.

25. Paragraph 25 contains Plaintiff's characterization of legal authority and legal conclusions, and is denied.

26. Paragraph 26 contains Plaintiff's characterization of legal authority and legal conclusions, and is denied.

27. Paragraph 27 contains Plaintiff's characterization of legal authority and legal conclusions, and is denied.

28. It is admitted that USCP Directives 2052.013 and 1020.004 were in effect on January 6, 2021, and Defendant refers to these Directives for a true and complete statement of their contents, but the remaining allegations in sentence one are denied. The remainder of Paragraph 28 contains legal conclusions, and is denied. Footnote 2 contains Plaintiff's characterization of the USCP Civil Disturbance Unit (CDU) operational plan for January 6,

2021, which is admitted, and Defendant refers to this CDU operational plan for a true and accurate statement of its contents.

29.   The allegations in sentence one are admitted. Regarding the allegations in sentence two, it is admitted that USCP uses the National Incident Management System ("NIMS"), but the Defendant otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in sentence two. The allegations in sentence three are admitted. The allegations in sentence four are denied. The allegations in sentence five are admitted. The allegations in sentence six are denied. Sentence seven contains legal conclusions, and is denied.

30.   Paragraph 30 contains legal conclusions, and is denied.

### A.   Negligent Use of Firearm

31.   It is admitted that the quoted language in Paragraph 31 is from USCP Directive 2053.013, and the remainder of the allegations are denied.

32.   It is admitted that the quoted language in Paragraph 32 is from USCP Directive 1020.004, and the remainder of the allegations are denied.

33.   Paragraph 33 contains legal conclusions, and is denied. Defendant refers to USCP Directives 2052.013 and 1020.004 for true and accurate representations of their content.

34.   The allegations in Paragraph 34 are denied.

### B.   Negligent Perception/Assessment of Imminent Threat

35.   It is admitted that the quoted language in Paragraph 35 is from USCP Directive 1020.004.

36.   Paragraph 36 contains legal conclusions, and is denied. Defendant refers to USCP Directives 2052.013 and 1020.004 for true and accurate representations of their contents.

37. The allegations in sentences one and two are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence three. The allegations in sentence four are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence five. No response is necessary to footnote three.

        C.     <u>Negligent Use of Force Levels/Failure to De-Escalate</u>

38. It is admitted that the quoted language in Paragraph 38 is from USCP Directive 2053.013.

39. It is admitted that the quoted language in Paragraph is from USCP Directive 2053.013.

40. It is admitted that the quoted language in Paragraph 40 is from USCP Directive 1020.004.

41. It is admitted that the quoted language in Paragraph 41 is from USCP Directive 1020.004.

42. It is admitted that the quoted language in Paragraph 42 is from USCP Directive 1020.004.

43. It is admitted that the quoted language in Paragraph 43 is from USCP Directive 1020.004.

44. It is admitted that the quoted language in Paragraph 44 is from USCP Directive 1020.004.

45. Paragraph 45 contains legal conclusions, and is denied. Defendant refers to the cited Directives for a true and complete statement of their contents.

46. The allegations in Paragraph 46 are denied.

47. The allegations in sentences one through six are denied. It is admitted that Lt. Byrd said the quoted language in sentences seven and eight during his interview with NBC Nightly news, and the remaining allegations in sentences seven and eight are denied.

### D. Negligent Perception/Assessment of Facts

48. Paragraph 48 contains legal conclusions, and is denied.

49. The allegations in sentence one are denied. With respect to the subparagraphs in the complaint's Paragraph 49:

   a. The allegations in sentence one are denied. Sentences two and three contain legal conclusions, and are denied.

   b. The allegations in sentence one are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence two. Sentence three contains legal conclusions, and is denied.

   c. It is admitted the quoted language in sentence one is from Lt. Byrd, but the remainder of the allegations in sentence one are denied. Sentences two and three contain legal conclusions, and are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence four. The allegations in sentence five are denied. It is admitted that the quoted language in sentence six is from a USCP radio transmission on January 6, 2021, before the shooting of Ms. Babbitt. The remainder of the allegations in sentence six contain legal conclusions, and are denied. It is admitted that the quoted language in sentence seven is from Directive 2052.013. The remainder of sentence seven contains legal conclusions, and is denied.

d. The allegations in sentence one are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentences two and three. Sentence four contains Plaintiff's characterizations of Lt. Byrd's statements, and is denied. Sentences five and six contain legal conclusions, and are denied. The allegations in sentence seven are denied. The allegations in sentence eight are admitted.

e. The allegations in sentence one are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentences two and three. Sentence four contains legal conclusions, and is denied. The allegations in sentence five are denied.

f. The allegations in sentences one and two are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence three. Sentence four contains legal conclusions, and is denied. The allegations in sentences five through seven are denied.

g. The allegations in sentence one are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence two. Sentence three contains legal conclusions, and is denied.

h. The allegations in sentence one are denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence two. Sentence three contains legal conclusions, and is denied. The allegations in sentences four and five are denied.

i. The allegations in sentences one and two are denied. Sentence three contains legal conclusions, and is denied. The allegations in sentence four are denied.

j. The allegations in sentence one are denied. Sentence two contains legal conclusions, and is denied. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence three. The allegations in sentence four are denied.

E. <u>Negligent Failure to Warn</u>

50. It is admitted that the quoted language in Paragraph 50 is from USCP Directive 1020.004. Defendant refers to Directive 1020.004 for a true and accurate statement of its contents, and the remaining allegations in Paragraph 50 are denied.

51. Paragraph 51 contains legal conclusions, and is denied.

52. It is admitted that Lt. Byrd was not wearing a uniform and was wearing a facemask at the time of the shooting. The remaining allegations in Paragraph 52 are denied.

53. The allegations in sentences one and two are denied. Sentences three and four contain Plaintiff's characterizations of statements made by Lt. Byrd, and are denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in sentence five. It is admitted that Plaintiff accurately quotes Lt. Byrd in sentence six.

F. <u>Negligent Firing Into a Crowd</u>

54. The allegations in Paragraph 54 are denied.

55. Paragraph 55 contains legal conclusions, and is denied.

56. The allegations in Paragraph 56 are denied.

G. <u>Negligent Obtaining of Timely Medical Aid</u>

57. It is admitted that the quoted language in Paragraph 57 is from USCP Directive 1020.004.

58. Paragraph 58 contains legal conclusions, and is denied.

59. Sentence one contains legal conclusions, and is denied. The allegations in sentence two are denied. Sentence three contains Plaintiff's characterization of statements made by Lt. Byrd, and is denied. The allegations in sentence four are denied. It is admitted that the

quoted language in sentence five was broadcast on the USCP radio on January 6, 2021. The remaining allegations in sentence five are denied.

60. The allegations in Paragraph 60 are denied.

61. Paragraph 61 contains legal conclusions, and is denied.

## COUNT III
### Negligence
(Timothy Lively, Kyle Yetter, Christopher Lanciano, Steven Robbs, Don Smith, Brandon Sikes, Mike Brown, Jason Gandolph - ESTATE OF ASHLI BABBITT)

62. Defendant incorporates by reference its responses to Paragraphs 1 through 61.

63-74. Paragraphs 63 through 74 are the subject of a dispositive motion, which has been contemporaneously filed. Accordingly, under Federal Rule of Civil Procedure 12(a)(4), no answer is required at this time for the allegations in these paragraphs.

## COUNT IV
### Negligent Supervision, Discipline, and Retention of Lt. Byrd
(Capitol Police, Capitol Police Board, et al.- ESTATE OF ASHLI BABBITT)

75. Defendant incorporates by reference its responses to Paragraphs 1 through 74.

76-85. Paragraphs 76 through 85 are the subject of a dispositive motion, which has been contemporaneously filed. Accordingly, under Federal Rule of Civil Procedure 12(a)(4), no answer is required at this time for the allegations in these paragraphs.

## COUNT V
### Negligent Training
(Capitol Police, Capitol Police Board, et al.- ESTATE OF ASHLI BABBITT)

86. Defendant incorporates by reference its responses to paragraphs 1 through 85.

87-95. Paragraphs 87 through 95 are the subject of a dispositive motion, which has been contemporaneously filed. Accordingly, under Federal Rule of Civil Procedure 12(a)(4), no answer is required at this time for the allegations in these paragraphs.

## COUNT VI
### Survival Action
(Assault and Battery; Negligence; Negligent Supervision; Negligent Retention; Negligent Training - ESTATE OF ASHLI BABBITT)

96. Defendant incorporates by reference its responses to Paragraphs 1 through 95.

97. Paragraph 97 contains Plaintiff's characterization of legal authority, and is denied.

98. Paragraph 98 contains legal conclusions, and is denied.

99. Paragraph 99 contains legal conclusions, and is denied.

## COUNT VII
### Wrongful Death
(Assault and Battery; Negligence; Negligent Supervision; Negligent Retention; Negligent Training – Aaron Babbitt)

100. Defendant incorporates by reference its responses to Paragraphs 1 through 99.

101. Paragraph 101 contains legal conclusions, and is denied.

The remainder of the complaint consists of Plaintiff's prayer for relief. Defendant denies that Plaintiff is entitled to the relief sought therein or that that any relief is due. Moreover, all allegations in the foregoing paragraphs of Plaintiff's complaint that are not expressly admitted are denied.

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's claims against it.

## AFFIRMATIVE DEFENSES

Defendant has filed a motion to dismiss Counts III, IV, and V pursuant to Federal Rule of Civil Procedure 12. Defendant further responds to Counts I, II, VI, and VII of Plaintiff's complaint by asserting the following affirmative and other defenses:

**FIRST DEFENSE**

The Court lacks jurisdiction over the subject matter of Plaintiff's claims because those claims are not cognizable under 28 U.S.C. § 1346(b)(1) or are subject to one or more exceptions to the Federal Tort Claims Act set forth in 28 U.S.C. §§ 2671-2680, including, but not limited to, 28 U.S.C. § 2680(a), because the claims are based on the exercise or performance or the failure to exercise or perform a discretionary function or duty.

**SECOND DEFENSE**

The complaint fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Any use of force by any employee of the United States was reasonable, lawful, justified, and privileged under District of Columbia or federal law, or in self-defense or the defense of others.

**FOURTH DEFENSE**

Any injury, damage, or loss to Plaintiff was not proximately caused by any wrongful or improper action or omission on the part of any federal official, agent, or employee.

**FIFTH DEFENSE**

The United States did not owe any duty, or breach any duty, to Ashli Babbitt, Aaron Babbitt, or the Estate of Ashli Babbitt.

**SIXTH DEFENSE**

Plaintiff's claims are barred by the doctrines of assumption of the risk, contributory negligence, and/or comparative fault; or alternatively, any damages Plaintiff might recover must be reduced pursuant to these doctrines.

**SEVENTH DEFENSE**

Plaintiff failed to mitigate alleged damages.

**EIGHTH DEFENSE**

Under the Federal Tort Claims Act, Aaron Babbitt and the Estate of Ashli Babbitt, may not recover a monetary amount from the United States in excess of the amount set forth in the administrative claim presented to the United States Capitol Police and may not recover on the basis of any claim or alleged injury not set forth in the administrative claim.

**NINTH DEFENSE**

The United States, its agencies, and its officers, agents, and employees exercised due care and diligence in all matters alleged in the complaint.

**TENTH DEFENSE**

Under the Federal Tort Claims Act, the United States is entitled to any defenses or immunities available under District of Columbia law.

Dated: September 6, 2024　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　BRIAN M. BOYNTON
　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General,
　　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　　C. SALVATORE D'ALESSIO, JR.
　　　　　　　　　　　　　　　　　　　　Director, Torts Branch, Civil Division

　　　　　　　　　　　　　　　　　　　　RICHARD MONTAGUE
　　　　　　　　　　　　　　　　　　　　Senior Trial Counsel

　　　　　　　　　　　　　　　　　　　　*/s/ Brian J. Boyd*
　　　　　　　　　　　　　　　　　　　　BRIAN J. BOYD
　　　　　　　　　　　　　　　　　　　　NY Bar 5562582
　　　　　　　　　　　　　　　　　　　　Trial Attorney, Torts Branch, Civil Division
　　　　　　　　　　　　　　　　　　　　United States Department of Justice
　　　　　　　　　　　　　　　　　　　　175 N Street, NE
　　　　　　　　　　　　　　　　　　　　Washington, DC 20002

Tel: (202) 616-4142; F: (202) 616-4314
Brian.J.Boyd@usdoj.gov

SARAH E. WHITMAN
MA Bar 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Sarah.whitman@usdoj.gov

JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*