UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:24-cv-01701-ACR |

**JOINT MEET AND CONFER STATEMENT**

Under the Court's August 6, 2024 Minute Order, Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3, Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt ("Plaintiffs"), and Defendant the United States of America ("Defendant" and together with Plaintiffs, the "Parties"), hereby submit the Parties' Joint Report. Counsel for the Parties conferred via telephone on August 30, 2024 and September 4, 2024 to discuss the matters herein. The proposed scheduling order is attached.

**I.    Statement of the Case**

On January 6, 2021, Ashli Babbitt was shot and killed by a U.S. Capitol Police Officer at the U.S. Capitol. Aaron Babbitt, individually and as the appointed personal representative and administrator of the Estate of Ashli Babbitt, now sues the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2671-2680, seeking damages for Ashli Babbitt's death. The United States denies any liability.

1

II.     **LCvR 16.3(c) Requirements**

1.      **Dispositive Motions:**  Defendant filed a Motion to Dismiss Counts III, IV, and V on September 6, 2024, the same day it filed its partial Answer for the remaining claims (Counts I, II, VI, and VII).  Plaintiffs will file a response to the motion no later than October 4, 2024.  Defendant will file a reply on October 25, 2024.  For scheduling purposes, the Parties anticipate filing motions for summary judgment at the close of discovery.  The Court has ordered discovery to proceed on Counts I, II, VI, and VII.

2.      **Additional Parties/Amendment of Pleadings:**  The Parties agree that motions for leave to join any other parties shall be filed no later than November 1, 2024.  Motions for leave to amend the pleadings may be filed within 30 days after the Court rules on Defendant's Motion to Dismiss Counts III, IV, and V.  The Parties have not been able to narrow any of the factual or legal issues.

3.      **Magistrate Judge Assignment:**  The Parties consent to the assignment of a magistrate judge to resolve discovery disputes and conduct mediation after the close of discovery.  The Parties do not consent to a magistrate judge for any other purpose.

4.      **Settlement:**  The Parties have discussed the possibility of settlement but do not believe further discussion would be productive prior to the close of discovery.

5.      **Alternative Dispute Resolution:**  As stated in paragraph 3, the Parties believe alternative dispute resolution/mediation with a magistrate judge may be productive after the close of discovery.

6.      **Summary Judgment**

Defendant:  Defendant anticipates filing a summary-judgment motion after the close of discovery that will dispose of any remaining claims.

Plaintiff: Plaintiffs anticipate that the Parties will present conflicting theories of the assault, battery, and negligence claims, as well as disputed facts and expert opinions on those claims, and therefore genuine issues of material fact for trial on Counts I-V that make this case predictably unsuitable for disposition on summary judgment. Similarly, the damages allegations in the survival and wrongful death claims are unsuitable for disposition on summary judgment. Summary judgment is not a substitute for the trial of disputed fact issues. "Rule 56 must be construed with due regard . . . for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The Parties agree that the deadline for summary judgment motions should be 60 days after the close of discovery, with oppositions filed 60 days thereafter, and replies filed within 45 days of any opposition. Under the proposed discovery schedule, the proposed deadline dates are:

   i. November 20, 2026 – Motion for Summary Judgment due

   ii. January 19, 2027 – Opposition due

   iii. March 6, 2027 – Reply due

**7.     Initial Disclosures**

The Parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be exchanged by the Parties after the date set by Rule 26(a)(1)(C). The Parties disagree on an alternative deadline.

Defendant: Defendant proposes that initial disclosures under Fed. R. Civ. P. 26(a)(1) be due on September 27, 2024. Plaintiffs' proposal to delay disclosures until a date uncertain frustrates the purpose of initial disclosures and postpones discovery the Court already has ordered to proceed.

<u>Plaintiff:</u>  Plaintiffs request that the Parties exchange initial disclosures under Fed. R. Civ. P. 26(a)(1) on a date to be determined by the Court that falls after the Court rules on the pending, fully briefed motion to retransfer.  Defendant enjoys the triple advantage of being the party in possession or control of the facts in this case, limiting Rule 26(a) disclosures to materials it may use to support its limited known defenses at this early stage, and having unlimited resources.

**8.     Discovery:**  The Parties propose a phased discovery schedule with fact and expert discovery proceeding sequentially.  The Parties agree that discovery requests and disclosures may be served by electronic mail, unless the request or disclosure cannot be transmitted by electronic means, in which case service shall otherwise be effected in accordance with Federal Rule of Civil Procedure 5.  Counsel for the Parties agree to accept service by electronic means, provided that documents other than those filed with the court will be deemed served on the next business day if received after 5:00 p.m. Eastern.

A.     *Fact Discovery*:  The Parties agree on the items "i" – "iv" below and disagree on item "v" below:

i.     *Length of Fact Discovery*:  Fact discovery shall be open for 16 months: it will begin on September 20, 2024, and end on January 20, 2026.  This schedule reflects the large number of percipient witnesses, anticipated difficulty in locating or scheduling depositions of third parties (some of which may be incarcerated), and the need to issue third-party subpoenas to non-federal persons and entities to obtain relevant documents.

ii.    *Last date for discovery Requests*:  All fact discovery requests, including third-party subpoenas, must be propounded by November 20, 2025, which is two months before the close of fact discovery.

   iii.  *Deposition Scheduling*: The Parties agree to work cooperatively to schedule depositions. If the Parties are unable to mutually agree on a deposition date, the party seeking the deposition may propose three non-consecutive dates for the deposition at least 21 days in advance. If the non-proposing party fails to select one of those dates for the deposition within five business days of receipt, then the proposing party may note the deposition for one of those three dates.

   iv.  *Deposition Logistics*: The Parties agree that depositions may occur remotely. However, counsel for each party has the right to be physically present for all depositions, regardless of whether counsel for the other party appears remotely. The Parties agree that during remote depositions, all counsel and other participants (e.g., parties, attorneys, paralegals, etc.) in the same room as the testifying witness will be visible on camera. Counsel and the witness are not to communicate through any other device or method while the witness is testifying.

   v.  *Number of Discovery Requests and Depositions*

  <u>Defendant</u>:  Defendant requests the following limitations to discovery. Each party shall be permitted:

 a) 25 Interrogatories;

 b) 25 Requests for Production of Documents;

 c) 50 Requests for Admission; and

 d) 25 fact depositions.

  The above limitations reflect Defendant's view that this case focuses on the shooting of Ashli Babbitt, a circumscribed event confined to a narrow time period. Defendant anticipates discovery will primarily focus on the large number of percipient

witnesses rather than documents exchanged between the Parties, which is reflected in the significant increase to the deposition limit provided for in Rule 30(a)(2)(A)(i), but adheres to the limits to interrogatories set forth in Rule 33 and proposes reasonable limits to other forms of document discovery.  Defendant's requested limitations to document discovery also seek to prevent use of this litigation to launch a sweeping inquiry into January 6 that far exceeds the scope of permissible discovery and the claims presented in this lawsuit.

<u>Plaintiff:</u>  Plaintiffs request the following limitations to discovery.  Each Party shall be permitted:

a) 100 Interrogatories;

b) Unlimited Requests for Production of Documents;

c) Unlimited Requests for Admission; and

d) 50 fact depositions.

Plaintiffs position:  Rule 26(b) regulates the scope and limits of discovery to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering [various factors.]"  Similarly, Rule 34 and Rule 36 regulate the scope and limits of requests for documents and things and requests for admissions by reference back to Rule 26(b).  That leaves interrogatories and fact depositions.  The Parties agree that the large number of potential percipient witnesses justify a significant increase to the deposition limit set forth in Rule 30; they disagree on how to quantify that increase.  The space where Ashli was shot encompassed approximately thirty demonstrators, twelve to fifteen House members and staff, and at least twenty-four officers, which is a total of 69 potential witnesses just in the area of the

shooting. Many other witnesses became involved in the aftermath of the shooting including paramedics, hospital staff, and officials conducting the use of force and administrative investigations of the homicide. These facts justify an increase to at least 50 fact depositions. Defendant's perspective also underestimates the relevant documents, tangible things, electronically stored information, and records created before, during, and after the shooting. Thus, 100 interrogatories is not unreasonable in this case. Plaintiffs' requested increases also seek to prevent the use of limits on discovery to shield the facts and avoid or limit liability for the government's singularly most embarrassing event on January 6 – the officer shooting and killing of Ashli Babbitt.

   B. ***Expert Discovery***: Expert discovery shall be open for eight months: it will begin on January 21, 2026, and end on September 21, 2026.

   C. ***Pending Motion to Dismiss***: Defendant has filed a motion under Rule 12(b)(1) seeking dismissal of Counts III, IV, and V. The Court has not opened discovery into those counts and no discovery should occur with respect to Counts III, IV, and V until the pending dismissal motion is resolved or the Court issues an order opening discovery on those counts. Plaintiffs anticipate filing a motion for jurisdictional discovery on Counts III, IV, and V in connection with their opposition to the motion to dismiss, which will be filed on October 4, 2024. Defendant will file its response to the motion no later than October 25, 2024. Plaintiffs will file a reply no later than November 8, 2024.

**9.** **Discovery of Electronically Stored Information:**

The Parties agree to produce documents in text-searchable Portable Data Format (".pdf") files using Optical Character Recognition ("OCR") technology. If certain ESI (such as videos or

audio files) are not reasonably producible as document-level searchable .pdfs, the Parties agree to meet and confer prior to production to discuss the format of the production. The Parties agree that they will share their search methodology for responding to requests for production of ESI and will work together to identify mutually agreeable and appropriate search terms, custodians, and time frames.

10. **Confidential Information and Privilege**

Defendant: Defendant anticipates that discovery will involve information and documents that are confidential, privileged, subject to the Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, and 2 U.S.C. 1979, and possibly subject to other confidentiality designations relevant to federal law enforcement. Defendant needs a protective order to govern the handling of this information. Defendant anticipates providing a draft protective order for Plaintiffs' review by October 4, and, as soon as practicable, filing a motion for a protective order. The proposed protective order will have a claw-back provision. The Parties will provide appropriately labeled redactions that contain the grounds for the party's assertion of privilege or, no later than 60 days after the privilege is invoked, a privilege log containing a description of each item withheld and the grounds for the party's assertion of privilege.

Plaintiff: Plaintiffs reserve taking a position on Defendant's proposed protective order until given an opportunity to review its contents.

11. **Expert Discovery:** The Parties propose that expert discovery remain open for eight months, commencing on January 21, 2026, and closing on September 21, 2026. Depositions of an expert witness may occur after disclosure of the expert's report. All experts must make themselves available for deposition within the continental United States. The Parties

further agree that the party that has retained the expert will assist with scheduling of the expert's deposition. The Parties disagree on the sequence and timing of expert disclosures and reports.

Defendant:  Defendant proposes the following deadlines and dates:

   i.    Plaintiffs' Expert Disclosures and Reports due seven weeks from the opening of expert discovery (March 11, 2026);

   ii.    Defendant's Expert Disclosures and Reports / Defendant's Rebuttal Disclosures and Reports due seven weeks after Plaintiffs' disclosures (April 29, 2026); and

   iii.    Plaintiffs' Rebuttal Disclosures and Reports due five weeks after Defendant's disclosures (June 3, 2026).

Plaintiff:  Plaintiff proposes the following deadlines and dates:

   i.    Plaintiffs' and Defendant's Expert Disclosures and Reports due eleven weeks from the opening of expert discovery (April 8, 2026);

   ii.    Plaintiffs' and Defendant's Rebuttal Expert Disclosures and Reports due eight weeks after the Parties' initial disclosures (June 3, 2026).

**12.**    **Class Action:** Not applicable.

**13.**    **Bifurcation**

Defendant:  The allegations in this case suggest that Plaintiffs may seek to admit damages evidence at trial. This evidence could involve contested fact evidence, as well as testimony from multiple medical and economic experts. As a result, Defendant believes that the evidence may justify bifurcating liability and damages evidence at trial, which, given that this will be a bench trial, should not be difficult. The liability phase would occur first and then, if necessary, the damages phase would follow. Defendant requests the opportunity to reevaluate the possibility of bifurcation after summary judgment.

Plaintiff:  Plaintiffs have not been given access to sufficient evidence, nor sufficient time, to independently determine a position on bifurcation in this case.

14. **Pretrial Scheduling:**  The Parties request that a final pretrial conference under LCvR 16.5 be set for 60 days before trial, with the understanding that additional pretrial conferences may be necessary thereafter.  The Parties also request that motions in limine be filed no later than 35 days before the joint pretrial statement is due.  The opposition shall be filed within 21 days of service of the motion in limine.  Any reply shall be due within seven days of service of the opposition.

15. **Trial Scheduling:**  The Parties request three weeks to conduct the trial.  The Parties are generally available for trial in October and November 2027 and propose the following start dates: October 5, October 19, and November 2.

16. **Other Matters:**

Paragraph 12(d) of the Court's Standing Order, which concerns non-jury trials, requires the Parties to present "proposed findings of fact and conclusions of law within one week of the close of evidence[.]"  Given the anticipated length of trial, the anticipated amount of evidence to be presented, and the resources available, the Parties anticipate requesting changes to this schedule.  The Parties request the opportunity to assess the feasibility of the timing set forth in Paragraph 12(d) and request any proposed changes at the Pretrial Conference.

Dated: September 13, 2024              Respectfully submitted,

                                       */s/ Robert Patrick Sticht*
                                       ROBERT PATRICK STICHT
                                       CA Bar No. 138586
                                       JUDICIAL WATCH, INC.
                                       425 Third Street SW, Suite 800
                                       Washington, D.C. 20024

Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Sarah E. Whitman*
SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

*/s/ Brian J. Boyd*
BRIAN J. BOYD
NY Bar No. 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*