UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | Case No. 1:24-cv-01701-ACR |

**AMENDED JOINT MEET AND CONFER STATEMENT**

Under the Court's August 6 and September 13, 2024 Minute Orders, Federal Rule of Civil Procedure 26(f), and Local Civil Rule 16.3, Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt ("Plaintiffs"), and Defendant the United States of America ("Defendant" and together with Plaintiffs, the "Parties"), hereby submit the Parties' Amended Joint Report. Counsel for the Parties conferred via telephone on August 30, 2024 and September 4, 2024, and via video conference on September 16 and 17, 2024, to discuss the matters herein. A revised proposed scheduling order in accordance with the Court's September 13, 2024 order is attached.

**I.     Statement of the Case**

On January 6, 2021, Ashli Babbitt was shot and killed by a U.S. Capitol Police Officer at the U.S. Capitol. Aaron Babbitt, individually and as the appointed personal representative and administrator of the Estate of Ashli Babbitt, now sues the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346; 2671-2680, seeking damages for Ashli Babbitt's death. The United States denies any liability.

1

**II.     LCvR 16.3(c) Requirements**

1.     **Dispositive Motions:**  Defendant filed a Motion to Dismiss Counts III, IV, and V on September 6, 2024, the same day it filed its partial Answer for the remaining claims (Counts I, II, VI, and VII).  Plaintiffs will file a response to the motion no later than October 4, 2024.  Defendant will file a reply on October 25, 2024.  For scheduling purposes, the Parties anticipate filing motions for summary judgment at the close of discovery.  The Court has ordered discovery to proceed on Counts I, II, VI, and VII.

2.     **Additional Parties/Amendment of Pleadings:**  The Parties agree that motions for leave to join any other parties shall be filed no later than November 1, 2024.  Motions for leave to amend the pleadings may be filed within 30 days after the Court rules on Defendant's Motion to Dismiss Counts III, IV, and V.  The Parties have not been able to narrow any of the factual or legal issues.

3.     **Magistrate Judge Assignment:**  The Parties consent to the assignment of a magistrate judge to resolve discovery disputes and conduct mediation after the close of discovery.  The Parties do not consent to a magistrate judge for any other purpose.

4.     **Settlement:**  The Parties have discussed the possibility of settlement but do not believe further discussion would be productive prior to the close of discovery.

5.     **Alternative Dispute Resolution:**  As stated in paragraph 3, the Parties believe alternative dispute resolution/mediation with a magistrate judge may be productive after the close of discovery.

6.     **Summary Judgment**

Defendant:  Defendant anticipates filing a summary-judgment motion after the close of discovery that will dispose of any remaining claims.

Plaintiff:  Plaintiffs anticipate that the Parties will present conflicting theories of the assault, battery, and negligence claims, as well as disputed facts and expert opinions on those claims, and therefore genuine issues of material fact for trial on Counts I-V that make this case predictably unsuitable for disposition on summary judgment.  Similarly, the damages allegations in the survival and wrongful death claims are unsuitable for disposition on summary judgment.  Summary judgment is not a substitute for the trial of disputed fact issues.  "Rule 56 must be construed with due regard . . . for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried[.]"  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The Parties agree that the deadline for summary judgment motions should be 14 days after the close of discovery, with oppositions filed 28 days thereafter, and replies filed within 21 days of any opposition.  Under the proposed discovery schedule, the proposed deadline dates are:

  i.    August 22, 2025 – Motion for Summary Judgment due
  ii.   September 19, 2025 – Opposition due
  iii.  October 10, 2025 – Reply due

**7.    Initial Disclosures**

The Parties agree to modify the deadlines in Rule 26(a) to allow initial disclosures to be exchanged by October 4, 2024.

**8.    Discovery:** The Parties agree that discovery requests and disclosures may be served by electronic mail, unless the request or disclosure cannot be transmitted by electronic means, in which case service shall otherwise be effected in accordance with Federal Rule of Civil Procedure 5.  Counsel for the Parties agree to accept service by electronic means, provided

that documents other than those filed with the court will be deemed served on the next business day if received after 5:00 p.m. Eastern.

    A.    ***Discovery***

    i.    *Length of Discovery*:  Discovery shall commence on September 20, 2024, and end on August 8, 2025.

    ii.    *Last date for discovery Requests*:  All discovery requests, including third-party subpoenas, must be propounded by June 24, 2025, which is 45 days before the close of discovery.

    iii.    *Deposition Scheduling*:  The Parties agree to work cooperatively to schedule depositions.  If the Parties are unable to mutually agree on a deposition date, the party seeking the deposition may propose three non-consecutive dates for the deposition at least 21 days in advance.  If the non-proposing party fails to select one of those dates for the deposition within five business days of receipt, then the proposing party may note the deposition for one of those three dates.

    iv.    *Deposition Logistics*:  The Parties agree that depositions may occur remotely.  However, counsel for each party has the right to be physically present for all depositions, regardless of whether counsel for the other party appears remotely.  The Parties agree that during remote depositions, all counsel and other participants (e.g., parties, attorneys, paralegals, etc.) in the same room as the testifying witness will be visible on camera.  Counsel and the witness are not to communicate through any other device or method while the witness is testifying.

    v.    *Number of Discovery Requests and Depositions*:  The Parties agree on the following limitations to discovery.  Each party shall be permitted:

    a) 55 Interrogatories;

    b) 55 Requests for Production of Documents;

    c) 75 Requests for Admission; and

    d) 35 fact depositions.

    B. **_Expert Discovery_:** The Parties agree on the following dates for Expert Discovery:

    i. Plaintiffs' Expert Disclosures and Reports due April 4, 2025;

    ii. Defendant's Expert Disclosures and Reports / Defendant's Rebuttal Disclosures and Reports due May 9, 2025; and

    iii. Plaintiffs' Rebuttal Disclosures and Reports due June 12, 2025.

    C. **_Pending Motion to Dismiss_:** Defendant has filed a motion under Rule 12(b)(1) seeking dismissal of Counts III, IV, and V. The Court has not opened discovery into those counts and no discovery should occur with respect to Counts III, IV, and V until the pending dismissal motion is resolved or the Court issues an order opening discovery on those counts. Plaintiffs anticipate filing a motion for jurisdictional discovery on Counts III, IV, and V in connection with their opposition to the motion to dismiss, which will be filed on October 4, 2024. Defendant will file its response to the motion no later than October 25, 2024. Plaintiffs will file a reply no later than November 8, 2024.

**9. Discovery of Electronically Stored Information:**

The Parties agree to produce documents in text-searchable Portable Data Format (".pdf") files using Optical Character Recognition ("OCR") technology. If certain ESI (such as videos or audio files) are not reasonably producible as document-level searchable .pdfs, the Parties agree

to meet and confer prior to production to discuss the format of the production. The Parties agree that they will share their search methodology for responding to requests for production of ESI and will work together to identify mutually agreeable and appropriate search terms, custodians, and time frames.

**10.    Confidential Information and Privilege**

Defendant:  Defendant anticipates that discovery will involve information and documents that are confidential, privileged, subject to the Privacy Act of 1974, codified in part at 5 U.S.C. § 552a, and 2 U.S.C. 1979, and possibly subject to other confidentiality designations relevant to federal law enforcement.  Defendant needs a protective order to govern the handling of this information.  Defendant anticipates providing a draft protective order for Plaintiffs' review by October 4, and, as soon as practicable, filing a motion for a protective order.  The proposed protective order will have a claw-back provision.  The Parties will provide appropriately labeled redactions that contain the grounds for the party's assertion of privilege or, no later than 60 days after the privilege is invoked, a privilege log containing a description of each item withheld and the grounds for the party's assertion of privilege.

Plaintiff:  Plaintiffs reserve taking a position on Defendant's proposed protective order until given an opportunity to review its contents.

**11.    Expert Discovery:** The Parties agree on the following dates for Expert Discovery:

  i.    Plaintiffs' Expert Disclosures and Reports due April 4, 2025;

  ii.   Defendant's Expert Disclosures and Reports / Defendant's Rebuttal Disclosures and Reports due May 9, 2025; and

  iii.  Plaintiffs' Rebuttal Disclosures and Reports due June 12, 2025.

12. **Class Action:** Not applicable.

13. **Bifurcation**

Defendant:  The allegations in this case suggest that Plaintiffs may seek to admit damages evidence at trial.  This evidence could involve contested fact evidence, as well as testimony from multiple medical and economic experts.  As a result, Defendant believes that the evidence may justify bifurcating liability and damages evidence at trial, which, given that this will be a bench trial, should not be difficult.  The liability phase would occur first and then, if necessary, the damages phase would follow.  Defendant requests the opportunity to reevaluate the possibility of bifurcation after summary judgment.

Plaintiff:  Plaintiffs have not been given access to sufficient evidence, nor sufficient time, to independently determine a position on bifurcation in this case.

14. **Pretrial Scheduling:**  The Parties request that a final pretrial conference under LCvR 16.5 be set for 28 days before trial, with the understanding that additional pretrial conferences may be necessary thereafter.  Motions in limine shall be filed in accordance with the briefing schedule set forth in paragraph 14(a) of the Court's Standing Order.

15. **Trial Scheduling:**  The Parties request three weeks to conduct the trial.  The Parties are generally available for trial in December 2025and propose the following start dates: December 8, 15, and 29.

16. **Other Matters**

    A. *Request Regarding Trial Date*:

In furtherance of the Parties' Joint Discovery Report, ECF No. 32, and this Amended Joint Discovery Report, the Parties met and conferred for over six hours spanning four different

dates. Consistent with the Court's Minute Order of September 13, 2024, the Parties have reached a full agreement on discovery and dates, with trial dates no later than December 2025.

However, the Parties note that a December 2025 trial date may not allow the Parties sufficient time to obtain necessary and relevant evidence from many law enforcement, medical personnel, and percipient witnesses who are not under the control of either party. The Parties will likely face difficulties in not only locating and arranging depositions of these individuals, but also in obtaining documents from them. Even with the Parties' swift, diligent, and persistent action, it is uncertain how quickly evidence may be obtained from these sources. In addition, this case will also require substantial discovery from the numerous party witnesses and experts that will also be necessary and crucial in developing this case. In light of these circumstances and the significance of this case, the Parties believe that a modest extension of the discovery period and trial date may be warranted. The Parties request the opportunity to further discuss the schedule with the Court at the Scheduling Conference on September 20, 2024.

B. *Schedule for Submission of Proposed Findings of Fact*:

Paragraph 12(d) of the Court's Standing Order, which concerns non-jury trials, requires the Parties to present "proposed findings of fact and conclusions of law within one week of the close of evidence[.]" Given the anticipated length of trial, the anticipated amount of evidence to be presented, and the resources available, the Parties anticipate requesting changes to this schedule. The Parties request the opportunity to assess the feasibility of the timing set forth in Paragraph 12(d) and request any proposed changes at the Pretrial Conference.

Dated: September 19, 2024                    Respectfully submitted,

                                             /s/ *Robert Patrick Sticht*
                                             ROBERT PATRICK STICHT

CA Bar No. 138586
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org

*Counsel for Plaintiffs*

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General,
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Sarah E. Whitman*
SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

*/s/ Brian J. Boyd*
BRIAN J. BOYD
NY Bar No. 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE

Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*