UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT, <br><br>   Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br>   Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:24cv1701-ACR |

**[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY INFORMATION, PRIVACY ACT DISCOLURE, AND INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

With the Parties' agreement, and the Court having determined that good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c) to govern the disclosure, use, and handling by the Parties and their respective agents, successors, personal representatives and assignees of certain information and items produced and received in discovery in the above-captioned action, IT IS HEREBY ORDERED as follows:

A.   Definitions

   1.   "Action" shall mean the case captioned *Estate of Ashli Babbitt, et al., v. United States*, 1:24cv1701-ACR.

   2.   "Challenging Party" shall mean any party who challenges the designation of information as Confidential Information under this Protective Order.

   3.   "Confidential Information" shall mean information that, at the time of its production in discovery in the Action, or thereafter, is designated confidential by the Producing Party based on a good faith belief that the information: (a) is not in the public domain, or if in the

public domain, is improperly in the public domain; and (b) is personal, financial, medical or other private information relating to an individual that would properly be redacted from any public court filing under Federal Rule of Civil Procedure 5.2 or the provisions of the Health Insurance Portability and Accountability Act (HIPAA) of 1996, 45 C.F.R. § 160.103 (defining protected health information); (c) is information protected by the provisions of the Privacy Act of 1974, 5 U.S.C. § 552a; (d) is deemed to be law enforcement sensitive (LES) information; (e) is designated as "security information" under 2 U.S.C. § 1979; (f) concerns records of an individual's employment that their employing agency determines should not be publicly disclosed; or (g) is otherwise restricted from disclosure or dissemination by federal or state laws or regulations.

      4.     "Designating Party" shall mean the person or party who designates information as "Confidential Information" during discovery in this Action, under this Protective Order.

      5.     "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered document or item as well as the contents or information contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Protective Order.

      6.     "Document" shall mean all items listed in Federal Rule of Civil Procedure 34(a)(1)(A) & B.

      7.     "Party" refers to plaintiffs the Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, or defendant United States of America, and collectively together, as the "Parties."

8. "Producing Party" shall mean the person or party producing information in discovery in this Action.

9. "Receiving Party" shall mean any person or party who receives information that has been designated as Confidential Information under this Protective Order or who receives information that is privileged as work-product or an attorney-client communication.

B. <u>Purpose, Scope, and Limitations of Protective Order</u>

1. This Protective Order applies to discovery, pre-trial, trial, and post-trial proceedings in this Action, whether the Documents are produced by a Party or a person or entity who is not a Party to this Action (a "non-party"). This Protective Order binds the Parties and their respective agents, successors, personal representatives, and assignees.

2. Nothing in this Protective Order shall be construed to alter existing statutory, law enforcement, national security, or regulatory obligations imposed on a Party, and this Protective Order does not absolve the Parties from complying with such other obligations.

3. A Party's compliance with this Protective Order shall not operate as an admission that any particular material is or is not (a) confidential, (b) privileged, or (c) admissible in evidence at trial. This Protective Order does not constitute a determination that any Document or category of information is discoverable, and it also does not constitute a ruling on any objection to the discoverability, relevance, or admissibility of any Document or information.

4. The protections conferred by this Protective Order do not cover information that (a) is properly in the public domain; (b) becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Protective Order, including becoming part of the public record in this Action through trial or otherwise; or (c) is known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the

disclosure from a source who obtained the information lawfully and who was under no obligation of confidentiality to the Producing Party.

5. This Protective Order does not govern the Parties' use of Confidential Information in open court at any hearing or trial, but the Parties reserve the right to seek relief from the Court in connection with the potential use of Confidential Information in any such hearing or trial. [*See also* paragraph E.8 below (providing advance notice to Producing Party prior to use of Confidential Information in open court or in support of a dispositive motion)].

6. This Protective Order governs the disclosure, use, and handling of all Confidential Information, regardless of the format or medium in which such Confidential Information is generated, stored, or maintained.

7. Nothing in this Protective Order shall restrict the right of any Producing Party to use its own Confidential Information for any purpose, but if any such use results in a disclosure that causes the Confidential Information to lose its designation as Confidential Information, then it shall no longer be subject to any protection under this Protective Order.

8. This Protective Order applies to the disclosures, uses, and handling of Confidential Information occurring after the entry of this Protective Order only.

9. Neither the termination of this Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person of his or her obligations under this Protective Order.

10. Any Party may at any time seek modification of this Protective Order by motion to the Court.

C. Method for Designating Confidential Information

1. Designations of Confidential Information shall be made by the Designating Party,

prior to or at the time of production, except as otherwise provided by this Protective Order.

2. The designation of Confidential Information should be limited to those Documents or portions of Documents that qualify under the definition of "Confidential Information" in Section A.3 of this Protective Order.

3. Documents produced in discovery in this Action containing "Confidential Information" shall be properly marked. For Documents produced in paper or an electronic form that allows endorsements or similar designation on the image, the designation shall appear by the inclusion of the marking of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on each page of the Document asserted to contain the Confidential Information. For electronic information provided in native form or a format that is not amenable to visible endorsement on the image, the file name(s) shall begin with "CONFIDENTIAL - Subject to PO." The media on which the Confidential Information is provided (*e.g.*, CD, DVD, external hard drive) also must be plainly labeled with "CONFIDENTIAL - Subject to PO" unless and until the protection of the data within the media is removed. Any copying or transferring of electronic files that are designated as "Confidential" must be done in a manner that maintains the protection for all copies, including, but not limited to, in the filename(s) and the location where the copies are stored and users' access thereto.

4. For interrogatory answers and responses to requests for admissions, designation of Confidential Information shall be made by placing within each interrogatory answer or response to requests for admission asserted to contain Confidential Information the following: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."

5. For depositions, designation of Confidential Information shall be made during

the deposition on the record that should include reasons for the assertion, or by letter from counsel within 30 days of receipt of the official deposition transcript or copy thereof (or written notification that the transcript is available), listing the specific pages and lines of the transcript and/or any exhibits that should be treated as Confidential Information.  The entire deposition transcript (including any exhibits not previously produced in discovery in this Action) shall be treated as Confidential Information under this Protective Order until the expiration of the above-referenced 30-day period for designation, except that the deponent (and his or her counsel, if any) may review the transcript of his or her own deposition during the 30-day period subject to this Protective Order and the requirement of executing the certification included as "Attachment A - Acknowledgement and Agreement to be Bound."  After a designation of Confidential Information is made, the following shall be placed on the front of the original and each copy of a deposition transcript containing Confidential Information: "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."  If the deposition was filmed, both the recording storage medium (i.e. CD or DVD) and its container shall be labeled "CONFIDENTIAL - Subject to PO."

6. For any other Document or item produced in discovery in this Action not falling within subparagraphs C.3, C.4 or C.5 above, designation of Confidential Information shall be made by labeling the item or the item's container with "CONFIDENTIAL - SUBJECT TO PO." If only a portion or portions of the information contained in the item warrant protection as Confidential Information, it shall be accompanied by a cover letter identifying the specific portion or portions so designated.

7. After producing a Document without the designations described within subparagraphs C.3, C.4, or C.5, a Producing Party may claim a Document contains and must be

treated as Confidential Information by notifying a Receiving Party in writing that the Document is to be treated as containing Confidential Material.

8. If a Producing Party learns that information previously designated as Confidential Information does not qualify or no longer qualifies for protection under this Protective Order, the Producing Party must promptly notify all Parties that it is withdrawing the designation for the applicable information. [*See* paragraph D.7 below (providing for re-production of information after designation is removed or withdrawn).]

D. Challenging Confidential Designations

1. A Challenging Party is not required to challenge the propriety of a Confidential Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

2. The Challenging Party shall initiate a challenge to the designation of any Confidential Information under this Protective Order by providing to the Designating Party (a) written notice of each designation it is challenging and (b) a brief description of the basis for each challenge.

3. The Challenging Party and the Designating Party shall attempt to resolve each challenge in good faith and must begin a meet and confer process within seven calendar days after the Designating Party receives notice from the Challenging Party. During the conferring process, the Challenging Party must convey its basis for the challenge and the Designating Party must have an opportunity to review the applicable Documents and either keep or change the designation. The Designating Party must communicate its decision(s) to the Challenging Party within 14 calendar days after receipt of notice of the challenge, or within a reasonable time otherwise agreed to by the Parties.

4.  If the Designating Party decides to withdraw its designation, it shall give notice of this change to all Parties. [*See* paragraph D.7 below (providing for re-production of information).]

5.  If the Challenging and Designating Parties cannot resolve the designation challenge within the time set forth in paragraph 3 above, or as otherwise agreed, either Party may file a motion seeking a determination from the Court through the process described in the Court's Standing Order, ECF No. 19, Section 10. The burden of proving the necessity of a confidentiality designation remains with the Designating Party.

6.  Any information designated as Confidential Information under this Protective Order shall be treated as Confidential Information until such time as (a) the Designating Party agrees that it shall no longer be treated as Confidential Information, (b) the Court rules that such information should not be treated as Confidential Information, or (c) the final termination of this Action, as described in Section G.

7.  If a designation of Confidential Information is withdrawn by the Designating Party or overruled by the Court, the Designating Party must provide to the Receiving Party replacement Documents, files, or information that are free from any "Confidential Information" markings or designations. The replacement shall be provided in the same format as the information that is to be replaced, unless otherwise agreed to by the Parties. The presumptive time for providing the replacement information shall be 10 calendar days, but the Designating Party must in good faith provide the information in a reasonable time, considering any agreements with the Receiving Party, the volume of information to be re-produced, and the nature or format of the information.

E.   Disclosure, Use, and Handling of Confidential Information

1. A Receiving Party may use Confidential Information in connection with this Action only for prosecuting, defending, or attempting to settle this Action, including any appeals, and shall disclose such Confidential Information only in accordance with the terms of this Protective Order or as authorized or required by an order of the Court.

2. Counsel of record for the Parties are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure the distribution of Confidential Information.

3. Except with the prior written consent of the Designating Party or prior order of the Court, Confidential Information shall be disclosed, summarized, described, or otherwise communicated or made available, in whole or in part, to the following persons only:

   a.   Counsel (including outside counsel) for the Parties, including associated personnel necessary to assist counsel in this Action, such as supervisors, litigation assistants, paralegals, and litigation support, information technology, information or records management, investigative, secretarial, or clerical personnel;

   b.   Current employees of the United States that are assisting the United States or the Department of Justice in defending this Action, including attorneys and personnel employed by the United States Capitol Police, Office of General Counsel for the United States House of Representatives, and the Office of the Sergeant at Arms for the United States House of Representatives;

   c.   Any other current employees of the Producing Party;

   d.   Any person with prior authorized access to the Confidential Information;

   e.   Witnesses, potential witnesses, and deponents, including their counsel;

      f.      Court reporters and other persons not employed by this Court, retained to record or transcribe testimony or argument at interviews or depositions in connection with this Action;

      g.      Photocopying, data processing, and other support services that are reasonably necessary to litigation in this Action;

      h.      Retained expert witnesses, consultants, or investigators;

      i.      Mediators or arbitrators; and

      j.      This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court personnel or persons recording or transcribing testimony or argument at a conference, hearing, trial, or appeal in this Action.

4.      Disclosure to the persons referenced in subsections E.3(c)-(i) above may occur only after the person to whom the disclosure is being made has been given a copy of this Protective Order and has signed a declaration in the form attached hereto as "Attachment A - Acknowledgement and Agreement to be Bound." Confidential Information may also be disclosed to any other persons, but only upon written consent of the Designating Party and on such conditions as the Parties to this Action may agree. The Parties agree not to request from a Party a signed acknowledgment form obtained by that Party from the persons referenced in subsection E.3(c)-(i) absent a good-faith basis, which must first be raised in writing and then discussed during a meet and confer.

5.      Persons receiving Confidential Information under this Protective Order are prohibited from disclosing it to any person except as provided by the terms of this Protective Order.

6. Unless the Designating Party gives written permission or this Protective Order or another order of the Court provides otherwise, all Confidential Information that is filed with the Court must be (1) filed under seal or in camera in accordance with the Court's Local Rules and procedures and this Court's Standing Order, ECF No. 19, and (2) redacted from any public filing.

7. If a Receiving Party or anyone subject to this Protective Order receives a subpoena under Fed. R. Civ. P. 45 (or an equivalent provision under state law) seeking Confidential Information as designated in this Action, the Receiving Party or such individual shall promptly notify the Designating Party and shall not disclose any Confidential Information until the Designating Party has had a reasonable opportunity to inform the subpoenaed person either (a) the Designating Party does not object to the production of the Confidential Information or (b) that the Designating Party will seek appropriate relief or protection from the proper Court to prevent the production of the Confidential Information. The Designating Party shall bear the burden and expense of seeking protection of its designated Confidential Information, and nothing in this Protective Order should be construed as authorizing or encouraging a subpoenaed person to disobey a lawful directive from this or another court.

8. A Party to this Action that intends to present or that anticipates that another Party may present Confidential Information at a hearing or trial must bring that issue to the attention of the other Party. To the extent the Parties cannot agree on the public use of the Confidential Information, the Party intending to use the information must raise the issue with the Court, which may thereafter make such orders as are necessary to govern the use of such Confidential Information at the hearing or trial.

9. Should this matter proceed to trial, the Parties shall confer concerning measures which should be taken during trial of this action to satisfy the requirements of confidentiality consistent with the right of all Parties to present admissible evidence necessary for a proper resolution of this case.

F. <u>Inadvertent Production of Confidential Information or Failure to Designate</u>

1. Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right of privacy, or proprietary interest with respect to any information or item. The Parties agree to follow Fed. R. Civ. P. 26(b)(5)(B) with respect to any inadvertently or unintentionally produced or disclosed Confidential Information or privileged information [*See also* Section I.].

2. If a Receiving Party learns that, by inadvertence or otherwise, it, or a person to whom it has disclosed Confidential Information in accordance with this Protective Order, has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order [*see* Section E], the Receiving Party shall, upon learning of the unauthorized disclosure, promptly: (a) notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains Confidential Information subject to this Protective Order; (b) make reasonable efforts to obtain the return of the Confidential Information and to prevent further unauthorized disclosures of the Confidential Information, including requesting that the person who received the unauthorized disclosure agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Attachment A"; and (c) within five calendar days notify the Producing Party and all other Parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances

surrounding the disclosure, and the steps taken to prevent any use or further disclosure of the Confidential Information that was the subject of the unauthorized disclosure.

      3.      The inadvertent failure to designate any Document or material as containing Confidential Information will not waive an otherwise valid claim of confidentiality under this Protective Order, so long as a claim of confidentiality is asserted within 30 days after the inadvertent failure is discovered by the Disclosing Party.

      G.      <u>Disposition of Documents Containing Confidential Information</u>

      1.      Unless otherwise agreed to in writing by the Parties to this Action or ordered by the Court, all provisions of this Protective Order will remain in effect and continue to govern the disclosure, use, and handling of any Confidential Information after the conclusion of this Action.

      2.      Except as provided in this Protective Order or otherwise agreed to in writing by the Parties, within 90 days of the final termination of this Action, whether by settlement, final judgment, final order, or other disposition or conclusion (including all appeals or opportunities to appeal), a Receiving Party shall take reasonable steps either to (a) destroy or permanently delete all items designated as Confidential Information, including all copies of material containing Confidential Information or (b) return them to the Producing Party, depending upon the Designating Party's stated reasonable preference, except materials that exist on back-up tapes or similar systems. In the event of deletion or destruction, the Party responsible for destroying or deleting the Documents must certify in writing to the Producing Party that it has done so. Confidential Information that exists on back-up tapes, systems, or similar storage need not be deleted or destroyed immediately, and, instead, may be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the Receiving Party will take reasonable steps to limit access, if any, to the persons necessary to conduct

routine information technology and cybersecurity functions. In the course of disposing of Confidential Information in its possession under this paragraph, the Receiving Party will take reasonable steps to notify persons to whom it distributed Confidential Information under this Order that such information should be returned to the Receiving Party for destruction or destroyed by the person possessing the Confidential Information with written confirmation to Receiving Party.

      a.      For material that contains or reflects Confidential Information, but that constitutes or reflects counsel's work product, or that of retained consultants and experts, counsel of record for the Parties shall be entitled to retain such work product in their files but must continue to abide by the provisions of this Protective Order.

      b.      Counsel of record for the Parties shall also be entitled to retain an archival copy of all pleadings; affidavits; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; briefs; other papers filed with the Court; and any other parts of the trial record, even if such material contains Confidential Information.

      c.      Attorneys for the United States or otherwise employed by the U.S. Department of Justice may maintain copies of any Documents designated Confidential in the Government's case file, and may maintain copies of any notes or summaries containing such Confidential Information in the Government's case file, subject to 44 U.S.C. § 3101, *et seq.*, and 5 U.S.C. § 552, *et seq.*

H.      <u>Intent to Comply with the Health Insurance Portability and Accountability Act (HIPAA) of 1996 and the Privacy Act of 1974.</u>

      1.      This Protective Order is intended to constitute a qualifying protective order under HIPAA and to comply with the provisions of the Privacy Act of 1974, both of which permit Documents to be disclosed under an order of a court of competent jurisdiction. *See* 5 U.S.C. § 552a(b)(11); 2 C.F.R. § 200.79 (defining personally identifiable information); *see also* 45 C.F.R. § 164.512(e)(1)(i); 45 C.F.R. § 160.103 (defining protected health information).

      2.      In light of HIPAA, the Parties to this Action have agreed that protected health information covered by this Order will not be used or disclosed "for any purpose other than the litigation . . . for which such information was requested," and will be returned or destroyed "at the end of the litigation." 45 C.F.R. §§ 164.512(e)(iv)(B) & (e)(v).

I.      <u>Agreement to be Bound by Federal Rule of Evidence 502(d) Governing the Disclosure of Material Covered by Attorney-Client Privilege or Subject to Work Product Protection.</u>

      1.      The Parties intend that this Order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). The inadvertent disclosure of attorney-client privileged communications or information or attorney-work product, as defined by Federal Rule of Civil Procedure Rule 26(b), in this litigation shall not constitute a subject matter waiver of the privilege or protection in this or any other federal or state proceeding, in accordance with Fed. R. Evid. 502(d). This applies regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a Party's right to conduct pre-production review of Documents as it deems appropriate. Additionally, nothing in this Order shall prohibit Parties from withholding from production any document covered by any applicable privilege or protection.

      2.      If the Producing Party determines that a Document produced, or part thereof, is subject to a privilege or privileges, the Producing Party shall give the Receiving Party notice of

the claim of privilege by providing information sufficient to identify the Document, including, if applicable, the Bates number, as well as identification of the privilege asserted and its basis.

3. Upon receiving such notice, if the Receiving Party agrees with the privilege assertion made, the Receiving Party must promptly return the specified Document(s) and any copies or destroy the Document(s) and copies and certify to the Producing Party in writing, within five days, that the Document(s) and copies have been destroyed. The Receiving Party must also sequester and destroy any notes taken about the Document. If a Receiving Party disclosed the Document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the Producing Party of the disclosure and its efforts to retrieve the Document or information.

4. Upon receiving the privilege notice, if the Receiving Party wishes to dispute a Producing Party's privilege assertion, the Receiving Party shall promptly meet and confer with the Producing Party. While the dispute is pending, the Document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the Receiving Party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition). If the Parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the Receiving Party may make a sealed motion for a judicial determination of the privilege claim through the process described in the Court's Standing Order, ECF No. 19.

5. Pending resolution of the judicial determination, the Parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The Receiving Party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any Party shall also not publicly disclose the

16

information claimed to be privileged if the privilege claim remains unresolved or is resolved in the Producing Party's favor.

6.     If a Party otherwise discovers a Document, or part thereof, produced by another Party that is privileged or otherwise protected, the Receiving Party shall promptly notify the Producing Party and must then return the Document or destroy it and certify to the Producing party in writing, within five days, that it has been destroyed.  The Receiving Party must also promptly identify, sequester, and destroy any notes taken about the Document.  Nothing in this Order is intended to shift the burden to identify privileged and protected Documents from the Producing Party to the Receiving Party.

7.     If a Document must be returned or destroyed as determined by the processes described above, that Document, along with copies and notes about the Document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

**SO ORDERED.**

_____
The Honorable Ana C. Reyes
United States District Judge

Dated: _____

| | |
|---|---|
| */s/ Robert Patrick Sticht* <br> ROBERT PATRICK STICHT <br> DC Bar No. 423395 <br> JUDICIAL WATCH, Inc. <br> 425 Third Street SW, Suite 800 <br> Washington, D.C. 20024 <br> (202) 646-5172 <br> rsticht@judicialwatch.org <br><br> *Counsel for Plaintiff* | BRIAN M. BOYNTON <br> Principal Deputy Assistant Attorney <br> General, Civil Division <br><br> C. SALVATORE D'ALESSIO, JR. <br> Director, Torts Branch, Civil Division <br><br> RICHARD MONTAGUE <br> Senior Trial Counsel <br><br> */s/ Sarah E. Whitman* <br> SARAH E. WHITMAN <br> MA Bar No. 657726 <br> Senior Trial Counsel, Torts Branch, Civil Division <br> United States Department of Justice <br> 175 N Street, NE <br> Washington, DC 20002 <br> Tel: (202) 616-0089; F: (202) 616-4314 <br> Sarah.whitman@usdoj.gov <br><br> */s/ Joseph A. Gonzalez* <br> JOSEPH A. GONZALEZ <br> D.C. Bar No. 995057 <br> Trial Attorney, Torts Branch, Civil Division <br> United States Department of Justice <br> 175 N Street, NE <br> Washington, DC 20002 <br> Tel: (202) 598-3888; F: (202) 616-4314 <br> Joseph.a.gonzalez@usdoj.gov <br><br> */s/ Brian J. Boyd* <br> BRIAN J. BOYD <br> NY Bar No. 5562582 <br> Trial Attorney, Torts Branch, Civil Division <br> United States Department of Justice <br> 175 N Street, NE <br> Washington, DC 20002 <br> Tel: (202) 616-4142; F: (202) 616-4314 <br> Brian.J.Boyd@usdoj.gov <br><br> *Counsel for Defendant United States of America* |

**ATTACHMENT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the case captioned *Estate of Ashli Babbitt v. United States*, 1:24cv01701-ACR (D.D.C.), and attached hereto, understands the terms thereof, and agrees to comply with and be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Columbia in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him or her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

**Date:** _____

**Signature:** _____

*Attorneys to be notified of the Order's entry*:

Robert Patrick Sticht
JUDICIAL WATCH, INC.
425 Third St., SW, Suite 800
Washington, DC 20024
Tel: 202-646-5172
Fax: 202-646-5199
Email: rsticht@judicialwatch.org

Sarah E. Whitman
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

Brian J. Boyd
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

Joseph A. Gonzalez
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Email: joseph.a.gonzalez@usdoj.gov