# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,  ) ) ) ) ) | |
| Plaintiffs,  ) | |
| )  v.  ) | Case No. 1:24-cv-01701-ACR |
| )  UNITED STATES OF AMERICA,  ) ) | |
| Defendant.  ) ) | |

## DEFENDANT UNITED STATES OF AMERICA'S
## <u>OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY</u>

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE, Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Sarah.whitman@usdoj.gov

JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE, Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ........................................................................................................................ 1

PROCEDURAL HISTORY ......................................................................................................... 1

ARGUMENT .............................................................................................................................. 4

    I.        No Discovery is Required to Resolve the Legal Question of Whether D.C Law Imposes a Duty on the Eight Officers Whose Conduct is at Issue in Count III. ......... 4

    II.      Mr. Babbitt Has Not Demonstrated Jurisdictional Discovery is Warranted to Resolve the Discretionary-Function Exception Issue.................................................. 6

    III.    Mr. Babbitt's Request Exceeds the Scope of Permissible Jurisdictional Discovery. ............................................................................................................... 8

         A.     Negligence of the Additional Eight Federal Officers (Count III). ....................... 8

         B.     Negligent Training and Negligent Supervision, Discipline, and Retention of Lt. Byrd (Counts IV and V). ......................................................... 11

CONCLUSION ......................................................................................................................... 15

# TABLE OF AUTHORITIES

## Cases

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................... 5

*Bethel v. Rodriguez*,
   No. 20-1940, 2021 U.S. Dist. LEXIS 68819 (D.D.C. Apr. 9, 2021)........................................ 4

*Bostic v. U.S. Capitol Police*,
   644 F. Supp. 2d 106 (D.D.C. 2009) ..................................................................................... 3

*Bragdon v. United States*,
   537 F. Supp. 2d 157 (D.D.C. 2008) ..................................................................................... 11

*Briscoe v. United States*,
   268 F. Supp. 3d 1 (2017) ................................................................................................ 11, 12

*Brownback v. King*,
   592 U.S. 209 (2021)..................................................................................................... 2, 5

*Burkhart v. WMATA*,
   112 F.3d 1207 (D.C. Cir. 1997) ....................................................................................... 14

*City of Canton v. Harris*,
   489 U.S. 378 (1989)..................................................................................................... 13

*Croce v. Hall*,
   657 A.2d 307 (D.C. 1995) ................................................................................................ 5

*Davis v. United States*,
   196 F. Supp. 3d 106 (D.D.C. 2016) ........................................................................... 9, 10, 14

*Donahue v. United States*,
   870 F. Supp. 2d 97 (D.D.C. 2012)............................................................................... passim

*Feirson v. Dist. of Columbia*,
   506 F.3d 1063 (D.C. Cir. 2007) ................................................................................. 1, 5, 6

*Hornbeck Offshore Transp., LLC v. United States*,
   569 F.3d 506 (D.C. Cir. 2009) ........................................................................................... 6

\* *Ignatiev v. United States*,
   238 F.3d 464 (D.C. Cir. 2001)................................................................................... passim

*Kaylor v. Fields,*
   661 F.2d 1177 (8th Cir. 1981) ............................................................. 5

*Loughlin v. United States,*
   393 F.3d 155 (D.C. Cir. 2004) ............................................................ 12

*Loumiet v. United States,*
   828 F.3d 935 (D.C. Cir. 2016) ............................................................ 10

*Olaniyi v. District of Columbia,*
   763 F. Supp. 2d 70 (D.D.C. 2011) ...................................................... 13

*Phoenix Consulting Inc. v. Republic of Angola,*
   216 F.3d 36 (D.C. Cir. 2000) ........................................................... 4, 6

*Presley v. Com. Moving & Rigging, Inc.,*
   25 A.2d 873 (D.C. 2011) ..................................................................... 5

\* *Shuler v. United States,*
   531 F.3d 930 (D.C. Cir. 2008) ...................................................... 2, 3, 6

*Singh v. S. Asian Soc'y of the George Washington Univ.,*
   No. 06-574, 2007 WL 1521050 (D.D.C. May 21, 2007) ...................... 9, 10, 12

*Sledge v. Fed. Bureau of Prisons,*
   No. 12-5287, 2013 U.S. App. LEXIS 25940 (D.C. Cir. 2013) ............... 10

*Smith v. United States,*
   157 F. Supp. 3d 32 (D.D.C. 2016) ...................................................... 11

*Tookes v. United States,*
   811 F. Supp. 2d 322 (D.D.C. 2011) ..................................................... 3

\* *United States v. Gaubert,*
   499 U.S. 315 (1991) .................................................................. 6, 9, 10

*Usoyan v. Republic of Turkey,*
   6 F.4th 31 (D.C. Cir. 2021) .......................................................... 2, 3, 7

*Wesberry v. United States,*
   205 F. Supp. 3d 120 (D.D.C. 2016) .................................................. 9, 10

*Woodruff v. United States,*
   No. 16cv1884, 2017 WL 4286190 (D.D.C. Sept. 26, 2017) ................... 12

**<u>Statutes</u>**

28 U.S.C. § 1346(b)(1) ................................................................................................ 1
28 U.S.C. § 2680(a) .................................................................................................... 2
42 U.S.C. § 1983 ........................................................................................................ 13

**<u>Rules</u>**

Federal Rule of Civil Procedure 8 .............................................................................. 5
Federal Rule of Civil Procedure 12(b)(6) ................................................................... 4

**INTRODUCTION**

Unable to counter the many cases that confirm the Court lacks subject matter jurisdiction over Counts III, IV, and V of his complaint, Mr. Babbitt claims he needs jurisdictional discovery. But no discovery is needed to resolve whether Mr. Babbitt has alleged an actionable duty or identified a private person analog, as the Federal Tort Claims Act requires under 28 U.S.C. § 1346(b)(1) for Count III.  In the District of Columbia, duty is a matter of law.  *Feirson v. Dist. of Columbia*, 506 F.3d 1063, 1068 (D.C. Cir. 2007).  Discovery will not aid Mr. Babbitt in establishing jurisdiction over Count III.  Additionally, cases in this Circuit recognize that the kind of judgments at issue in Counts III, IV, and V are by their nature discretionary and susceptible to analysis in policy terms.  Mr. Babbitt cited extensively to internal Capitol Police policies throughout his complaint, yet nowhere in it does he allege with respect to those counts that any statute, regulation, or directive mandated a specific course of action that the Capitol Police did not follow or one that foreclosed the conduct he challenges.  Accordingly, Counts III, IV, and V are barred by the FTCA's discretionary-function exception as a matter of law and jurisdictional discovery is unnecessary.

The discovery Mr. Babbitt seeks amounts to merits discovery; it is not cabined to facts necessary to establish jurisdiction.  He seeks a broad swath of information irrelevant to the jurisdictional deficiencies the United States identified in its motion to dismiss.  Mr. Babbitt has not justified his request for discovery and his motion for jurisdictional discovery therefore should be denied.

**PROCEDURAL HISTORY**

To establish subject matter jurisdiction, an FTCA plaintiff "must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law."

*Brownback v. King*, 592 U.S. 209, 218 (2021) (quoting 28 U.S.C. § 1346(b)(1)).  Similarly, to survive a motion to dismiss, a plaintiff must invoke jurisdiction by pleading facts that facially allege conduct that falls outside the FTCA's discretionary-function exception.  *Shuler v. United States*, 531 F.3d 930, 933-34 (D.C. Cir. 2008); *Donahue v. United States*, 870 F. Supp. 2d 97, 104, n.4 (D.D.C. 2012).  The United States's motion to dismiss established that the complaint here failed to surmount either of these hurdles.

First, the United States showed that Mr. Babbitt's negligence claim in Count III does not have a private person analog that would have imposed a duty of care on the eight officers whose conduct is challenged in that count.  Without that duty, there can be no negligence. Alternatively, even under the "reasonably prudent officer" standard Mr. Babbitt relies on in his complaint and his opposition, the eight officers whose conduct Mr. Babbitt challenges had no actionable duty to Ms. Babbitt in light of D.C.'s public duty doctrine.  *See* ECF No. 30 (Mem. of Points and Auth.) at 5-13 (hereinafter "Mem.").

Second, the United States demonstrated that Counts III, IV, and V are barred by the FTCA's discretionary-function exception, 28 U.S.C. § 2680(a).  *Id*. at 15-25.  Precedent establishes that the conduct challenged in the complaint's Count III involves the kind of discretionary judgments the discretionary-function exception is designed to shield.  *See id*. (collecting cases).  As the D.C. Circuit has held, "[d]ecisions regarding the timing of arrests are the kind of discretionary government decisions, rife with considerations of public policy, that Congress did not want the judiciary second-guessing."  *Shuler*, 531 F.3d at 934; *see also Usoyan v. Republic of Turkey*, 6 F.4th 31, 39 (D.C. Cir. 2021) (observing, "there is little debate that the government has discretion when it … arrests a criminal suspect").  That principle forecloses the negligence claim in Count III here.  The only possible question, therefore, is whether some

federal statute, regulation, or policy curbed that discretion or mandated a specific course of action for Capitol Police officers to follow.  *Shuler*, 531 F.3d at 934 (explaining that the plaintiff did not identify any policy specifically prescribing a course of action regarding the timing of the apprehension of criminals); *Usoyan*, 6 F.4th at 39 (observing, "[i]n FTCA cases, analysis of *Berkovitz*'s first condition generally focuses on whether the government's discretion is altered or removed by law or policy rather than its discretion *in initio*.").  Mr. Babbitt identified no statute or regulation that removed that discretion or curbed it in some relevant way.  And, despite quoting extensively from internal Capitol Police policies throughout his complaint, *e.g.*, ECF No. 1 (Compl.) ¶¶ 28, 31-33, 35-36, 38-45, 48, 50-51, 57-58, Mr. Babbitt identified no mandatory directive that prescribed a specific course of action for Capitol Police officers to follow that was violated as it relates to Count III.

Regarding Counts IV and V, the United States showed that decisions from courts across the country and "the governing case law in this Circuit firmly supports a finding that the supervision and training of [federal employees] are discretionary governmental functions grounded in social, economic, and political policy." *Tookes v. United States*, 811 F. Supp. 2d 322, 330 (D.D.C. 2011).  That includes the Capitol Police; the discretionary-function exception bars negligent training and supervision claims arising from its operations because they involve "exactly the kind of discretionary function that is not subject to judicial second-guessing." *Bostic v. U.S. Capitol Police*, 644 F. Supp. 2d 106, 110 (D.D.C. 2009).  Nowhere in the complaint did Mr. Babbitt allege as a basis for his negligent supervision and training claims that any statute, regulation, or directive mandated a specific course of action that was not followed.

Mr. Babbitt responded to the dismissal motion by asserting he needs jurisdictional discovery on a wide range of topics.  ECF No. 39 (Discovery Mot.).  He has not justified his requests for discovery and therefore his motion should be denied.

## ARGUMENT

"In order to avoid burdening a sovereign that proves to be immune from suit" jurisdictional discovery in sovereign-immunity cases "should be carefully controlled and limited."  *Phoenix Consulting Inc. v. Republic of Angola,* 216 F.3d 36, 40 (D.C. Cir. 2000) (citations and quotation marks omitted).  Though a party should be afforded "an opportunity for discovery of facts necessary to establish jurisdiction" if he demonstrates that he can supplement a complaint's jurisdictional allegations through discovery, *Ignatiev v. United States*, 238 F.3d 464, 467 (D.C. Cir. 2001), "[w]here additional discovery would not be beneficial to plaintiff's establishment of jurisdiction, discovery need not be granted prior to dismissal on jurisdictional grounds."  *Donahue*, 870 F. Supp. 2d at 114 (cleaned up).  That is the case here.

I.     **No Discovery is Required to Resolve the Legal Question of Whether D.C Law Imposes a Duty on the Eight Officers Whose Conduct is at Issue in Count III.**

Mr. Babbitt does not address the question of private party analog under 28 U.S.C. § 1346(b)(1).  He responds only that he alleged an actionable legal duty "for which jurisdictional discovery is required."  Discovery Mot. at 1.  The only case Mr. Babbitt cites for that proposition, *Bethel v. Rodriguez*, No. 20-1940, 2021 U.S. Dist. LEXIS 68819 (D.D.C. Apr. 9, 2021), does not support his legal argument or his request for jurisdictional discovery.  *Bethel* was not a sovereign-immunity case and no questions of jurisdiction or jurisdictional discovery arose. *See id*. at *16-17.  Rather, the court evaluated a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *Id.* at *6.  In that respect, *Bethel* points away from any need for jurisdictional discovery.

The Supreme Court has explained that in the unique context of the FTCA, a plaintiff must "plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law both to survive a merits determination under Rule 12(b)(6) and to establish subject-matter jurisdiction." *Brownback*, 592 U.S. at 218 (quoting 28 U.S.C. § 1346(b)(1)).  It has also made clear that although Federal Rule of Civil Procedure 8 departed from the code-pleading era, it "does not unlock the doors of discovery" for a plaintiff who fails to plead sufficient facts to state a plausible claim for relief, a legal question for the court to resolve.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 685 (2009).  Accordingly, whether the eight officers whose conduct is challenged in Count III owed Ms. Babbitt a duty is a question of law on which discovery is unnecessary.  *See id*.  Here, as in civil cases generally, "[d]iscovery should follow the filing of a well-pleaded complaint.  It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim." *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981).  Mr. Babbitt's request for discovery with respect to Count III therefore should be denied.

It follows that discovery will not aid Mr. Babbitt in establishing subject matter jurisdiction here.  Whether the eight officers in Count III owed a duty to Ms. Babbitt resolves into "'entirely a question of law . . . [that] must be determined only by the court.'" *Feirson*, 506 F.3d at 1068 (quoting *Croce v. Hall,* 657 A.2d 307, 310 (D.C. 1995) (alterations in the original) (quoting W. Page Keeton, Prosser and Keeton on Torts § 37, at 236 (5th ed. 1984))); *see also Presley v. Com. Moving & Rigging, Inc.*, 25 A.3d 873, 883 (D.C. 2011) (stating that whether there is a duty is "a question of law" and upholding trial court's entry of judgment as a matter of law on negligence claim in which plaintiff alleged defendant owed a duty of protection to a third-party).  This holds true regardless of whether the Court analyzes Count III under a private person or reasonable officer standard because either way the inquiry is "whether a defendant owes a

duty to a plaintiff under a particular set of circumstances[.]" *Feirson*, 506 F.3d at 1068.  No

discovery is needed for the Court to resolve this legal issue.  Although Mr. Babbitt argues that

discovery "is necessary" to determine the "nature" of Capitol Police policies and whether the

officers conformed their conduct to Capitol Police policies, Discovery Mot. at 2, that is not

relevant to the threshold issue of duty raised by the United States.  *See Hornbeck Offshore*

*Transp., LLC v. United States*, 569 F.3d 506, 509-510 (D.C. Cir. 2009).  Discovery on Count III

is unwarranted.[1]

## II.    Mr. Babbitt Has Not Demonstrated Jurisdictional Discovery is Warranted to Resolve the Discretionary-Function Exception Issue.

The Supreme Court's analysis in *United States v. Gaubert*, 499 U.S. 315 (1991), shows

that a facial motion to dismiss is appropriate where the challenged conduct is apparent from the

complaint and the case law has determined the challenged conduct is of a kind covered by the

discretionary-function exception.  *See id*. at 324-25; *see also Shuler*, 531 F.3d at 934 (motion to

dismiss); *Donahue*, 870 F. Supp. 2d at 101 (motion to dismiss).  Here, because the kinds of

judgments at issue in Counts III, IV, and V involve an element of choice and it is clear from the

face of the complaint that the type of decisions challenged are susceptible to policy analysis,

Mem. at 15-25, dismissal on the pleadings without discovery is appropriate.  This is especially so

because Mr. Babbitt cited extensively to internal Capitol Police policies throughout his

complaint, *see* Compl. ¶¶ 28, 31-33, 35-36, 38-45, 48, 50-51, 57-58, yet he did not allege that

---

[1] That disposition makes it unnecessary for the Court to resolve whether jurisdictional discovery might be authorized as to whether the FTCA's discretionary-function exception applies to Count III.  Discovery "should not be authorized at all if the defendant raises [] a different jurisdictional . . . ground . . . the resolution of which would impose a lesser burden upon the defendant." *Phoenix Consulting Inc.*, 216 F.3d at 40 (alterations, citations, and quotation marks omitted). For completeness, the United States nonetheless addresses Count III and the discretionary-function exception in the next section.

any statute, regulation, or directive mandated a specific course of action that was not followed with respect to Counts III, IV, or V.

Because precedent establishes that the kind of judgments at issue here are discretionary and susceptible to analysis in policy terms, and the complaint cites, but fails to show any violation of, internal Capitol Police policies, dismissal on the basis of the complaint is appropriate.  The only potentially relevant factor extrinsic to the complaint is whether some internal agency directive specifically limited the discretion generally afforded to federal personnel or mandated a specific course of action for its employees to follow in the circumstances.  *Cf. Usoyan*, 6 F.4th at 39 ("In FTCA cases, analysis of *Berkovitz's* first condition generally focuses on whether the government's discretion is altered or removed by law or policy rather than its discretion *in initio*."); *see also Ignatiev*, 238 F.3d at 467 (identifying internal guidelines as a source of a mandatory obligation under the FTCA).  As explained, Mr. Babbitt has pointed to none.  Nor has he "modified [his] claim to assert [the Capitol Police] likely had internal objectives or policies that created the requisite mandatory obligations" or suggested he could not assert that was so without discovery, as the plaintiffs in *Ignatiev* did to justify their discovery request.  *See id*. at 466; *see also Donahue*, 870 F. Supp. 2d at 115 (denying jurisdictional discovery because plaintiffs failed to plead enough facts to raise a reasonable expectation that discovery will reveal evidence of the sought-after policies and cited "nothing that plausibly suggests that the SEC maintains additional internal policies that were violated" beyond those made public by an OIG report).  And as also explained, Mr. Babbitt has not alleged in connection with Counts III, IV, or V that any policies were violated, so it follows that he cannot claim the need for jurisdictional discovery on a theory not advanced in his complaint.  Because Mr. Babbitt has not shown how any of the requested discovery would be "beneficial to

plaintiff's establishment of jurisdiction" for Counts III, IV or V, "discovery need not be granted prior to dismissal on jurisdictional grounds." *Donahue*, 870 F. Supp. 2d at 114 (cleaned up).

Although Mr. Babbitt has not demonstrated a need for jurisdictional discovery, the D.C. Circuit has observed that application of the FTCA's discretionary-function exception can present a dilemma for some plaintiffs. *See Ignatiev*, 238 F.3d at 465. Internal directives can be a source of a mandatory obligation, but at the pleading stage a plaintiff might not know what internal policies bind agency personnel without discovery. *Id*. at 467. In light of the concerns *Ignatiev* reflects, the United States provided Mr. Babbitt a list of the 178 Capitol Police directives in effect on January 6, 2021, as well as twenty-five policies that could have applicability to the conduct in this case. Jurisdictional discovery of relevant internal policies is neither necessary nor justified here.

## III.   Mr. Babbitt's Request Exceeds the Scope of Permissible Jurisdictional Discovery.

As just explained, Mr. Babbitt has not shown justification for jurisdictional discovery into internal Capitol Police policies, and he has no need for such discovery. The other discovery he requested is immaterial to the applicability of the discretionary-function exception to Counts III, IV, and V and jurisdictional discovery should be denied.

### A.   Negligence of the Additional Eight Federal Officers (Count III).

The D.C. Circuit's holding in *Ignatiev*, 238 F.3d at 466-67, requires cabining discovery to whether some internal policy existed that specifically curbed the discretion of the officers whose conduct is at issue in Count III. There, following a fatal shooting in front of the Bulgarian Chancery, the decedent's estate brought FTCA claims asserting that Secret Service agents were negligent in protecting the Chancery. *Id*. at 465. In response to a motion to dismiss based on the discretionary-function exception, the plaintiffs "modified their claim to assert that the Service

likely had internal objectives or policies that created [a] mandatory obligation but [they] could not assert that was so without discovery." *Id*. at 466.  The D.C. Circuit acknowledged that what the plaintiffs needed was "not facts, but applicable rules." *Id*. at 467.  It therefore held, "the only discovery necessary to establish jurisdiction pertains not to the facts of the governmental action but to existence *vel non* of internal governmental policies guiding that action." *Id*.  As explained above, Mr. Babbitt has not shown such a need, and the government has furnished him potentially relevant internal policies.

Disregarding *Ignatiev's* limits on permissible jurisdictional discovery for a claim like Count III, Mr. Babbitt essentially seeks merits discovery.  *See* Discovery Mot. at 12.  Decisions within this Circuit have been clear, however, that a plaintiff is not entitled to discovery on the merits of his claim when the discretionary-function exception is raised.  *See Ignatiev*, 238 F.3d at 467; *see also Wesberry v. United States*, 205 F. Supp. 3d 120, 137 (D.D.C. 2016) (warning that plaintiffs "will not be permitted to seek discovery on the merits of their case"); *Davis v. United States*, 196 F. Supp. 3d 106, 122 (D.D.C. 2016) (same); *Singh v. S. Asian Soc'y of the George Washington Univ.*, No. 06-574, 2007 WL 1521050, at *6 (D.D.C. May 21, 2007) (cautioning that plaintiffs "may not delve into discovery on the merits of their claims" and refusing to permit discovery into issues irrelevant to the "threshold jurisdictional question" of the applicability of the discretionary-function exception).  Mr. Babbitt points to no legal authority to the contrary.

Discovery into whether the eight officers' conduct was negligent or fell below the national standards of care as Mr. Babbitt posits, Discovery Mot. at 9, 12, is irrelevant to the applicability of the discretionary-function exception.  *Gaubert* requires an assessment of whether the alleged decision was susceptible to policy judgment, not whether the judgment was negligently made. *See Gaubert*, 499 U.S. at 325.  "A factfinder's post-hoc determination in a

lawsuit that governmental conduct fell short of standards of reasonable care, for example, should not be permitted to gainsay the contrary determination of officials vested with discretion to decide 'how best to accommodate' conflicting policy goals 'and the reality of finite agency resources.'" *Loumiet v. United States*, 828 F.3d 935, 941 (D.C. Cir. 2016).  That is why a decision in this district denied a plaintiff's request for similar discovery when the discretionary-function exception was raised.  *See Davis*, 196 F. Supp. 3d at 122 (whether the applicable standards of care were met is "irrelevant to the threshold jurisdictional question [of the applicability of the discretionary-function exception] at issue here" and denying any discovery on that issue).

Likewise, the officers' motives have no bearing on the resolution of Count III on discretionary-function grounds, and discovery into their motives or subjective reasons for their actions, *see* Discovery Mot. at 12, should not be permitted.  The only D.C. Circuit case Mr. Babbitt cites for that proposition, *Sledge v. Fed. Bureau of Prisons*, No. 12-5287, 2013 U.S. App. LEXIS 25940 (D.C. Cir. 2013)), says the opposite.  In *Sledge*, the D.C. Circuit explained that the focus of the discretionary-function inquiry at step two is "not on the agent's subjective intent in exercising the discretion . . . but on the nature of the actions taken and on whether they are susceptible to policy analysis."  *Id*. at *14 (quoting *Gaubert*, 499 U.S. at 325).  The Supreme Court has been similarly clear: "[f]or a complaint to survive a motion to dismiss, it must allege facts which would support a finding that the challenged actions are not the *kind* of conduct that can be said to be grounded in the policy of the regulatory regime."  *Gaubert*, 499 U.S. at 324-25 (emphasis added).  Discovery into the reasons for an employee's decisions is unwarranted.  *See, e.g.*, *Wesberry*, 205 F. Supp. 3d at 137 (explaining that the "reasons" for the decisions are irrelevant because the court's analysis must focus on the *type* of decision not the actual decision-

making process and denying discovery into those issues).  To the extent Mr. Babbitt seeks

discovery into the motive, intent, or reasons for the officers' decisions or conduct, that is not a

proper subject of jurisdictional discovery.

### B. Negligent Training and Negligent Supervision, Discipline, and Retention of Lt. Byrd (Counts IV and V).

Decisions in this Circuit routinely dispose of negligent supervision and training claims

brought under the FTCA based on the discretionary-function exception.  Those decisions also

show why jurisdictional discovery is unnecessary here.  "[I]n the absence of a statutory or

regulatory regime that sets out the particulars as to how an agency must fulfill its mandate, the

development and management of a supervisory model is a matter of agency discretion."

*Bragdon v. United States*, 537 F. Supp. 2d 157, 160 (D.D.C. 2008) (cleaned up) (dismissing

negligent hiring, training, and supervision claims); *Smith v. United States*, 157 F. Supp. 3d 32, 42

(D.D.C. 2016) (denying motion to amend based on futility grounds because negligent training

claim would be barred by discretionary-function exception).  Mr. Babbitt nonetheless contends

discovery is needed on a wide range of topics.

The few cases Mr. Babbitt cites when arguing for wide-ranging discovery on the

discretionary-function issue do not support his position.  Mr. Babbitt principally relies on

*Briscoe v. United States*, 268 F. Supp. 3d 1 (2017).  But that case illustrates the narrowness of

the avenue to jurisdictional discovery.  In *Briscoe*, an FBI agent stole heroin from the FBI's

control center and appropriated it for his own use.  *Id*. at 6.  To cover up his misdeeds, the agent

falsified chain of custody records and replaced the missing heroin with a cutting substance.  *Id*.

The plaintiffs were arrested, detained, and pled guilty to heroin distribution charges in part based

on evidence the agent gathered.  *Id*.  After the agent's misconduct came to light, the criminal

charges against the plaintiffs were dismissed.  *Id*.

The plaintiffs brought a negligent supervision claim against the United States under the FTCA. *Id*. at 7.  In response to the government's dismissal motion raising the discretionary-function exception, the plaintiffs sought jurisdictional discovery into whether any FBI policies applied to the supervision of the agent and if such internal policies were followed. *Id*. at 12.  The court rejected "a wide-ranging fishing expedition into as-yet entirely speculative claims that the FBI failed to comply with its own regulations." *Id*. at 14.  Instead, it ruled that discovery should proceed first with a search of the relevant policies to determine whether any existed that were pertinent, mandatory, and specific. *See id*.  The court held in abeyance any additional discovery that might become necessary, such as whether the FBI complied with its own policies. *Id*.

Although Mr. Babbitt relies on *Briscoe*, he seeks more than *Briscoe* authorized.  In addition to applicable mandatory policies, he seeks "the predicate facts of all prior acts of misconduct or firearms discharges by Officer Byrd, how these incidents were managed . . . and the dispositions of these incidents."  Discovery Mot. at 7-8.  *Briscoe* and other cases in this district do not support that. *See, e.g., Briscoe*, 268 F. Supp. 3d at 14; *see also Woodruff v. United States*, No. 16cv1884, 2017 WL 4286190, at *3 (D.D.C. Sept. 26, 2017) (denying discovery into categories other than mandatory policies such as disciplinary reports reasoning that such information "is not relevant to the application of the discretionary function exception"); *Singh*, 2007 WL 1521050, at *6  (refusing to permit discovery into issues irrelevant to the "threshold jurisdictional question" of discretionary-function such as the United States's "knowledge of prior security problems" at the federal building or "any steps taken by it to address such problems.").  Discovery into predicate facts is not appropriate on the discretionary-function issue for the kinds of claims Mr. Babbitt brings here. *Compare Ignatiev*, 238 F.3d at 467, *with Loughlin v. United States*, 393 F.3d 155, 167 (D.C. Cir. 2004).

Relying on cases evaluating a different federal statute, 42 U.S.C. § 1983, Mr. Babbitt also seeks "[r]ecords of how Capitol Police handled all prior instances of discharges of a firearm" by any employee, on or off duty.  Discovery Mot. at 9.  He claims that this discovery is necessary to determine "if a pattern exists and thus a policy of ignoring a constitutional standard."  *Id*.  But *City of Canton v. Harris*, 489 U.S. 378, 388 (1989), on which he relies, involved a municipality's liability for federal civil rights violations caused by the inadequacy of its training under 42 U.S.C. § 1983.  The question here is the different one of whether an FTCA suit is barred because the challenged official action was discretionary under section 2680(a).  The portion of the decision in *Olaniyi v. District of Columbia*, 763 F. Supp. 2d 70, 106 (D.D.C. 2011), which Mr. Babbitt relies on, similarly involved a section 1983 municipal liability claim and therefore is unhelpful to his request for discovery here.  *Olaniyi* also involved an FTCA wrongful arrest claim stemming from that plaintiff's arrest by the Capitol Police in the Capitol.  *See* 763 F. Supp. 2d at 88-89.  The court dismissed the FTCA claim as barred by the discretionary-function exception because "decisions regarding the timing of arrests are the kind of discretionary government decisions, rife with considerations of public policy, that Congress did not want the judiciary second-guessing."  *Id.*  In that respect *Olaniyi* supports dismissal of Mr. Babbitt's Count III while lending no support for his argument for discovery on Count V.  Because Mr. Babbitt's proposed jurisdictional discovery and his supporting arguments are unmoored from the discretionary-function exception issue, jurisdictional discovery should be denied.

Finally, Mr. Babbitt contends that discovery is necessary to determine whether the Capitol Police's deadly force training meets constitutional requirements, and he seeks the training materials, "the deployment of such materials live and/or online, and training attendance logs."  Discovery Mot. at 8-9.  He cites no authority to support such a request, which falls

squarely in merits territory.  At issue at this stage is whether some mandatory directive governed

the Capitol Police's deadly force training and curbed agency discretion in some relevant way.

*Davis v. United States*, 196 F. Supp. 3d 106 (D.D.C. 2016), illustrates the line to be drawn.

There, the plaintiff sought to bring negligent training claims against the Transportation Security

Administration.  *See id*. at 117.  The United States argued that amendment of the complaint

would be futile because that claim would be barred by the discretionary-function exception.  *Id*.

The plaintiff requested jurisdictional discovery, asserting it needed discovery on what training

TSA provided, the "sufficiency" of the training, and "whether the TSA's training, oversight,

guidance, and/or direction … met applicable standards of care."  *Id*. at 120.  The court rejected

the plaintiff's requests, finding they went to "the merits of her case."  *Id*. at 122.

Relevant to Mr. Babbitt's requests here, the *Davis* court explained that the negligent

training claim was not one where "the factual predicate is critical to an accurate analysis of the

nature of the decision made."  *Id*. at 122 n.10.  That was because "[c]reating a training program,

as other courts have found, requires the consideration of social, economic, and political policy."

*Id*. (citing *Burkhart v. WMATA*, 112 F.3d 1207 (D.C. Cir. 1997)).  Discovery therefore was not

necessary to resolve the second prong of the discretionary-function analysis.  *Davis*, 196 F. Supp.

3d at 122 n.10.  The court permitted some discovery, but limited to whether a mandatory

directive governed the training of TSA canines and whether that directive was violated.  *Id*. at

122.  The court refused to permit any other discovery, including whether TSA's training,

oversight, guidance, or direction met applicable standards of care.  *Id*.  Those issues were

irrelevant to whether the discretionary-function exception applied.  *Id*.  Mr. Babbitt's negligent

training claim (Count V) is at best indistinguishable from the claim in *Davis* and the discovery he

14

seeks is similar in scope to the discovery the *Davis* court disallowed.  Accordingly, Mr. Babbitt's request for jurisdictional discovery here should be denied.

* * *

Because jurisdiction under Count III is co-extensive with whether Count III states a claim on which relief may be granted, discovery on that claim should be denied for that reason alone. Mr. Babbitt has also not shown adequate justification for jurisdictional discovery with respect to the discretionary-function exception as applied to Counts III, IV, and V.  His requested discovery is overbroad and untethered from the discretionary-function issue before the Court.

<h2 style="text-align:center"><u>CONCLUSION</u></h2>

For the foregoing reasons, Mr. Babbitt's motion for jurisdictional discovery should be denied.

Dated: October 25, 2024                    Respectfully submitted,

                                           BRIAN M. BOYNTON
                                           Principal Deputy Assistant Attorney General,
                                           Civil Division

                                           C. SALVATORE D'ALESSIO, JR.
                                           Director, Torts Branch, Civil Division

                                           RICHARD MONTAGUE
                                           Senior Trial Counsel

                                           */s/ Sarah E. Whitman*
                                           SARAH E. WHITMAN
                                           MA Bar No. 657726
                                           Senior Trial Counsel, Torts Branch, Civil Division
                                           United States Department of Justice
                                           175 N Street, NE
                                           Washington, DC 20002
                                           Tel: (202) 616-0089; F: (202) 616-4314
                                           Sarah.whitman@usdoj.gov

                                           JOSEPH A. GONZALEZ
                                           D.C. Bar No. 995057
                                           Trial Attorney, Torts Branch, Civil Division

15

United States Department of Justice
175 N Street, NE, Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*