# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

ESTATE OF ASHLI BABBITT and
AARON BABBITT, individually and on
behalf of the ESTATE OF ASHLI
BABBITT,

                Plaintiffs,        Case No. 1:24-cv-01701-ACR

v.

UNITED STATES OF AMERICA,

                Defendant.
_____/

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' MOTION FOR JURISDICTIONAL DISCOVERY AND OPPOSITION TO DEFENDANT USA'S MOTION TO DISMISS

Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, pursuant to Federal Rule of Evidence 201, respectfully request that the Court take judicial notice of the letter that is Exhibit 1 to the concurrently-filed Declaration of Robert Patrick Sticht. Exhibit 1 is a November 20, 2024 letter from Representative Barry Loudermilk, Chairman of the Committee on House Administration Subcommittee on Oversight, to U.S. Capitol Police Chief J. Thomas Manger. It expresses the oversight subcommittee's concerns about the USCP's decision to promote Michael Byrd from Lieutenant to Captain "given Byrd's lengthy disciplinary history and the apparent political influence of internal operational decisions related to Byrd following January 6, 2021," and seeks "to better understand the promotion process and factors considered for promotion."

A court may take judicial notice of facts that are not subject to reasonable dispute because they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court must take judicial notice "if a party requests

it" and the court is "supplied with the necessary information." Fed. R. Evid. 201(c)(2). The court may take judicial notice at any stage of the proceeding. Fed. R. Evid. 201(d).

When considering a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), "it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the complaint in an effort to determine whether the court has jurisdiction in the case." *Gustave-Schmidt v. Chao*, 226 F. Supp. 2d 191, 195 (D.D.C. 2002); *Singh v. S. Asian Soc'y of the George Wash. Univ.*, 2007 U.S. LEXIS 36620, *6 (D.D.C. 2007); *see also Coalition for Underground Expansion v. Mineta*, 333 F.3d 193, 198 (D.C. Cir. 2003) ("the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."). "By considering documents outside the pleadings . . . the court does not convert the motion into one for summary judgment[.]" *Bruce v. United States AG*, 2020 U.S. Dist. LEXIS 10381, *4 (D.D.C. 2020).

Judicial notice is properly taken of public records. *LeBoeuf v. Abraham*, 347 F.3d 315, 325 (D.C. Cir. 2003) (Department of Energy Secretary's letter to the Speaker of the U.S. House of Representatives); *Vining v. Exec. Bd. of the Dist. of Columbia Health Ben. Exch. Auth.*, 174 A.3d 272, 281 (D.C. 2017) (Budget Plans transmitted to Congress).

Representative Loudermilk's letter is obviously relevant. Plaintiffs' complaint has placed Byrd's lengthy disciplinary history at issue in Count IV, relating to negligent supervision, discipline, and retention of Byrd, Compl. ¶¶ 78-82, and Count V, relating to negligent training, Compl. ¶¶ 88-91. Defendant USA has moved to dismiss those counts based on the discretionary function exception to the waiver of sovereign immunity granted in the Federal Tort Claims Act.

The decision to retain Byrd after his off-duty shooting at a fleeing stolen vehicle and lying about it, which is one of many prior acts of misconduct detailed in Representative Loudermilk's letter, is hardly grounded in any public policy protected by the discretionary function exception as it involves an unlawful application of deadly force, a violation of use of force policy, and a lack of candor in an internal police investigation punishable by termination. The off-duty shooting also highlights judgment and training concerns.

The USCP's post-January 6 actions in defending Byrd's fatal shooting of Ashli Babbitt, failing to discipline Byrd, and worse, providing financial rewards, professional advancement, and a litany of extraordinary favors, which are detailed in the letter, display an ongoing institutional violation of the constitutional standard for use of deadly force, non-adherence to use of force policy, and deficiencies in training. These decisions, too, are hardly grounded in any public policy protected by the discretionary function exception. Indeed, the letter points in the opposite direction to an apparent political influence of internal operational decisions related to Byrd following January 6, 2021.

The accuracy of the 7-page letter is readily determinable from records and sources cited in twenty-nine footnotes whose accuracy cannot reasonably be questioned.

Accordingly, the Court should take judicial notice of Representative Barry Laudermilk's letter, dated November 20, 2024, to U.S. Capitol Police Chief J. Thomas Manger.

Dated:  January 22, 2025                                          Respectfully submitted,

                                                                                        JUDICIAL WATCH, INC.

                                                                        By:     /s/ Robert Patrick Sticht.

ROBERT PATRICK STICHT
D.C. Bar No. 423395
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
rsticht@judicialwatch.org

Attorney for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt