## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:24cv1701-ACR

## DEFENDANT UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE

### INTRODUCTION

The United States has moved to dismiss (ECF 30) Counts III, IV, and V in Mr. Babbitt's complaint on the ground that the claims in those counts are barred by the Federal Tort Claims Act's discretionary-function exception, 28 U.S.C. § 2680(a).  The Government also sought dismissal on the ground that Count III alleges no actionable duty under District of Columbia law. Mr. Babbitt has opposed that motion and sought jurisdictional discovery.  The Government's partial dismissal motion and Mr. Babbitt's motion for jurisdictional discovery were fully briefed on October 25, 2024, and November 8, 2024, respectively.  ECF 40; 42.  Mr. Babbitt now asks the Court to take judicial notice (ECF 44, the "Request") of a November 20, 2024, letter from the Chairman of the Committee on House Administration's Subcommittee on Oversight to United States Capitol Police Chief Thomas Manger (ECF 44-1).  He argues judicial notice is proper because the letter is a public record, it is relevant to Count IV (negligent supervision, discipline and retention of Lt. Byrd) and Count V (negligent training), and its accuracy "is readily determinable from records and sources cited in twenty-nine footnotes whose accuracy cannot

reasonably be questioned."  Request at 2-3.  For the reasons explained below, the Court may take judicial notice of the letter's existence, but not the matters it discusses.

## ARGUMENT

Under Federal Rule of Evidence 201, a court may "take judicial notice of 'a fact that is not subject to reasonable dispute' if it either 'is generally known within the trial court's territorial jurisdiction' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'"  *Hurd v. District of Columbia*, 864 F.3d 671, 686 (D.C. Cir. 2017) (quoting Fed. R. Evid. 201(b)).  Here, Mr. Babbitt asks the Court to judicially notice not only the existence of the letter, *see* Request at 1, but also to accept its contents as true.  He reasons that "[t]he accuracy of the 7-page letter is readily determinable from records and sources cited in twenty-nine footnotes whose accuracy cannot reasonably be questioned."  *Id*. at 3.  That understanding of judicial notice is incorrect.  "The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."  *United States v. Berrojo*, 628 F.2d 368, 369 (5th Cir. 1980) (per curiam).  Mr. Babbitt's conception of the doctrine conflates judicial notice with judicial factfinding.

The information in the letter is not "generally known" in the Rule 201(b) sense.  It is information about Capitol Police internal investigations regarding Lt. Byrd's past conduct and resulting discipline.  *See* ECF 44-1; *Cf. Ng v. Bd. of Regents of Univ. of Minnesota*, 64 F.4th 992, 994 n.2 (8th Cir. 2023) (declining to take judicial notice of a Board of Regents member's letter because "[t]he contents of the Rosha Letter are not generally known nor determinable from unquestionable sources but argumentative").  Nor can the letter's contents be "accurately and readily determined" in the Rule 201(b) sense.  The letter cites to Capitol Police records that are not attached and that Mr. Babbitt acknowledges are not publicly available.  *See* ECF 39 at 2.

So, while the Court may take judicial notice of the existence of the letter, Rule 201 does not authorize the additional step of taking the statements in it as true.  *See Hurd*, 864 F.3d at 686 (cautioning that while courts may take judicial notice "of what was said" in the public document, it "could not rely on it for the truth of the matter asserted." (citations omitted)); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) ("Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth.").  Indeed, courts in this Circuit regularly take this approach.  *See, e.g.*, *Kaspersky Lab, Inc. v. United States Dep't of Homeland Sec.*, 909 F.3d 446, 464 (D.C. Cir. 2018) (declining to take judicial notice of the truth of information contained in Congressional hearing documents and legislative materials and instead taking judicial notice of their existence); *Bautista-Rosario v. Mnuchin*, 568 F. Supp. 3d 1, 9 (D.D.C. 2021) (taking judicial notice of a State Department report "for the limited purpose of demonstrating that the State Department did publish the report."); *Mason v. Am. Prospect, Inc.*, No. CV 23-2238 (LLA), 2024 WL 4345855, at *5 (D.D.C. Sept. 30, 2024) (taking judicial notice of news articles but recognizing "as with all judicially noticed materials, it would not be proper to accept the assertions in the articles for the truth of the matters asserted.") (citing *Hurd*, 864 F.3d at 686). That is the proper approach here as well.

The information in the letter is also irrelevant to determining whether the discretionary-function exception bars Counts IV and V, and whether Mr. Babbitt is entitled to jurisdictional discovery.  That is an additional reason to decline to take judicial notice.  *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011) (finding district court did not abuse its discretion in denying motion for judicial notice of Senate Finance Committee's investigation report because it was "irrelevant to disposition of the motion to dismiss."); *Larson v. Dep't of State*, 565 F.3d 857, 870

(D.C. Cir. 2009) (declining to judicially notice articles because they were "irrelevant to our inquiry; taking notice of them would not affect our opinion.").  The letter, like Mr. Babbitt's opposition to the dismissal motion (ECF 38), fails to identity any statute, regulation, or policy that specifically prescribed how the Capitol Police oversee its employees or any mandatory course of action in training that was not followed and that would overcome application of the discretionary-function exception.*  Nor does the letter refute that Capitol Police hiring, retention, and training decisions are quintessentially discretionary decisions susceptible to policy analysis. *See* ECF 40, Reply in Support of Motion to Dismiss, at 6-10; *see also* ECF 41, United States' Opposition to Jurisdictional Discovery, at 11-12 (citing cases showing that predicate facts relating to Lt. Byrd's disciplinary history are irrelevant to the analysis of whether the discretionary-function exception applies to Counts IV and V).  Finally, the letter's reference to "post-January 6 actions," *see* Request at 3, by the Capitol Police related to Lt. Byrd's subsequent promotion and other matters have no bearing on the Government's dismissal motion regarding Counts III, IV, and V.

## CONCLUSION

For the foregoing reasons, the Court may take judicial notice of the existence of letter, but not the information it contains.

Dated: February 6, 2025                    Respectfully submitted,

                                           BRETT A. SHUMATE
                                           Acting Assistant Attorney General
                                           Civil Division

                                           C. SALVATORE D'ALESSIO, JR.
                                           Director, Torts Branch, Civil Division

---

* Mr. Babbitt's opposition to the dismissal motion (ECF 38) and his motion for jurisdictional discovery (ECF 39) are identical in substance.

4

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Brian J. Boyd*
BRIAN J. BOYD
NY Bar No. 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*

5