IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and : | |
| AARON BABBITT, individually and on : | |
| behalf of the ESTATE OF ASHLI BABBITT : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 1:24cv1701-ACR |
| : | |
| UNITED STATES OF AMERICA : | |
| : | |
| Defendant. : | |

**MOTION TO INTERVENE TO ENFORCE CHARGING LIEN
FOR ATTORNEY'S FEES AND GRANT OTHER EQUITABLE RELIEF**

Terrell N. Roberts, III, pursuant to F.R.Civ.P. 24, moves to intervene in this case to enforce the movant's charging lien against any judgment or settlement in this case and to grant equitable relief to impose conditions to ensure payment of the fee.

This motion is made upon the following grounds:

1.  Terrell N. Roberts, III ("the Attorney") is a licensed attorney with offices in the State of Maryland. He is admitted to practice law in both state and federal courts in that State as well as the District of Columbia and the Commonwealth of Virginia.

2.  On January 6, 2021, a United States Capitol Police officer shot and killed Ashli Babbitt in the United States Capitol.

3.  On January 18, 2021, the Plaintiff Aaron Babbitt ("the Client") retained the Attorney to prosecute all "civil claims" to recover damages arising from the death of his wife, Ashli Babbitt. Under a written retainer agreement, the Client agreed to compensate his Attorney on a contingency fee (40%) from "money paid by way of settlement or judgment."

4.  On February 25, 2022, the Attorney terminated his representation for cause, fully advising the Client of the reasons.

1

5. Before his withdrawal from the case, the Attorney's performed extensive services. He led an investigation over a 1-year period in which he gathered and analyzed a massive amount of video evidence and identified and interviewed numerous witnesses. In addition, he gathered necessary background information and records needed for the case, filed a lawsuit to obtain records of the Metropolitan Police Department's investigation of the shooting, secured two highly qualified experts needed to prove two key elements of damages, sent the required notice of claim under the Federal Tort Claims Act, maintained and managed secured a large amount of crowd-funding for litigation expenses, assisted his client in finding and hiring an attorney to open an estate in the State of California, and laid the groundwork for the lawsuit to be filed—all of which is in furtherance of a judgment or settlement for the Client's benefit. In so doing, the Attorney substantially performed, and he is entitled to his contingent fee under his agreement with the client.[1]

6. The Attorney has cooperated in the Client's transition to another attorney, turning over 110.75 GB of data that included videos, photos, interviews, documents, investigation analysis, power points, diagrams, attorney filings, expert work product.[2]

**WHEREFORE**, the Attorney moves the Court for an order for the following relief:

1. An order that establishes a charging lien in favor of the Attorney against a recovery by way of judgment or settlement for the Client and the Estate;

2. The Court's exercise of its equitable powers over a judgment or settlement to ensure payment of the Attorney's lien;

---

[1] The contingent fee must conform to the FTCA requirements which provide a lower percentages than set forth in the retainer agreement.

[2] 100 GB of data is equivalent to 20,000 hours of music, 50,000 high resolution photos or 2 million emails. It is a massive amount of data. https://www.megadisk.net/blog/how-much-is-100-gb-of-data-explained/.

3. An order which adjudicates the amount of the charging lien following judgment or settlement, if that occurs; and

4. For such other and further relief as may be just.

  /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Intervene, with a Supporting Memorandum of Law, was electronically filed on February 11, 2025, via the CM/ECF File & Serve system and an electronic copy was e-served on:

Robert Patrick Sticht
*Attorney for Plaintiffs*
JUDICIAL WATCH, INC.
425 Third St., SW, Suite 800
District of Columbia, DC 20024
rsticht@judicialwatch.org

Joseph Alfonso Gonzalez, Esq.
Brian J. Boyd, Esq.
Sarah Elisabeth Whitman, Esq.
United States Department Of Justice
Civil Division, Torts Branch
175 N Street, NE
Washington, DC 20002
joseph.a.gonzalez@usdoj.gov
brian.j.boyd@usdoj.gov
sarah.whitman@usdoj.gov

  /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III