UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT

    Plaintiffs,

v.

UNITED STATES OF AMERICA

    Defendant.

Civil No. 1:24-cv-01701-ACR

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO MOTION TO INTERVENE TO ENFORCE CHARGING LIEN**

    Plaintiffs, Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, by counsel and pursuant to Fed. R. Civ. P. 24 and LCvR 7(b), hereby submit the following Memorandum in Opposition to the Motion to Intervene to Enforce Charging Lien for Attorney's Fees and to Grant Other Equitable Relief filed by Intervenor Terrell N. Roberts, III.  In summary, Intervenor's Motion is premature and will burden these preliminary litigation proceedings and frustrate this Court's judicial economy and efficiency.  In addition, Plaintiffs reject any notice that Intervenor is entitled to any fee but are willing to agree that Intervenor's Motion can be refiled if and when a judgment is obtained.

**BACKGROUND INFORMATION**

    On or about January 18, 2021, Plaintiffs executed a document with Intervenor styled as "Attorney Retainer Agreement."  Thereafter, Intervenor asserts that he investigated a claim on behalf of the Plaintiffs for damages caused by the wrongful death of Ashli Babbitt on January 6, 2021.  Files transferred indicate that the overwhelming majority of work performed by Intervenor

was through independent contractor investigators and others who were all paid out of the crowdfunding account established through donations for the lawsuit. On February 25, 2022, Intervenor voluntarily terminated his representation of the Plaintiffs by letter notice. Plaintiffs then retained their current counsel who conducted an independent investigation and filed the instant lawsuit on January 5, 2024, nearly two years later.

Nearly three years after terminating representation of the Plaintiffs, Intervenor filed the pending Motion to Intervene seeking to assert a charging lien during the discovery phase of this litigation long before a judgment can be obtained.[1]

## STANDARD OF REVIEW

Intervenor seeks to intervene as of right pursuant to Fed. R. Civ. P. 24(a), which reads in relevant part:

> **(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:
>
> * * *
>
> **(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). In the District of Columbia, as in other jurisdictions, the threshold requirements to intervene of right are timeliness, Article III standing/interest, impairment of the interest, and adequacy of representation. *Jones v. Prince George's Cnty., Maryland*, 348 F.3d 1014, 1018 (D.C. Cir. 2003). Intervenor must satisfy all four elements of the Rule in order to intervene as of right. *See Bldg. & Constr. Trades Dep't, AFL-CIO v. Reich*, 40 F.3d 1275, 1282 (D.C.Cir.1994).

---

[1] Prior to filing the Motion to Intervene, Intervenor did not contact Plaintiffs' counsel regarding consent of an alternative arrangement to satisfy his concerns.

**ARGUMENT**

Intervenor's Motion is premature, fails to demonstrate any impairment of his putative rights and does not show any lack of adequacy of representation. The Motion should be denied without prejudice to file at such time as judgment, if any, is entered.[2]

A.     THE INTERVENOR'S MOTION IS UNTIMELY

Timeliness is "judged in consideration of all the circumstances, especially weighing the factors of time elapsed since the inception of the suit, the purpose for which intervention is sought, the need for intervention as a means of preserving the applicant's rights, and the probability of prejudice to those already parties in the case." *Campaign Legal Ctr. v. Fed. Election Comm'n*, 68 F.4th 607, 610 (D.C. Cir. 2023) (citations omitted); see also *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C. Cir. 2008) and *United States v. Brit. Am. Tobacco Austl. Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006)). The most important issue relating to timeliness is that the movant sought to intervene as soon as it became clear that their interests would no longer be protected by the parties in the case. *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279–80 (2022).

Here, Intervenor's Motion is untimely due to being premature. Mr. Roberts makes no showing that protection of his alleged charging lien at this stage of the case is vital or that having his participation as a party will not prejudice the Plaintiffs. Indeed, his willingness to disclose confidential information regarding the attorney-client relationship and his investigative efforts at this early stage demonstrates a willingness to place his own interests above that of the client, potentially violating Rule 1.16 of the Rules of Professional Conduct.

Review of case law cited by Intervenor does not disclose any case in which an attorney

---

[2] Plaintiffs are willing to consent to an Order requiring notice to Intervenor of any judgment to permit, if necessary, a motion to intervene at that time.

3

intervened at this early stage to assert a charging lien. *See e.g., Lyman v. Campbell*, 182 F.2d 700, 701 (D.C. Cir. 1950) (notice of lien filed after settlement reached); *Monarch Life Ins. Co. v. Elam*, 918 F.2d 201, 202 (D.C. Cir. 1990), *certified question answered*, 598 A.2d 1167 (D.C. 1991) (writ of attachment issued and served on payor insurance company after agreement to settle); *Yankton Sioux Tribe v. Bernhardt*, No. CV 03-01603 (TFH), 2019 WL 3753616, at *1 (D.D.C. Aug. 8, 2019) (law firm's motion to intervene for charging lien postponed for six years until after parties made substantial progress toward settlement). Finally, the most important issue of timeliness – that his interests will not be adequately protected by the Plaintiffs – is not even addressed. The reason for this is that there is no basis for such a demonstration.[3]

Premature intervention will also interfere with the "interests of justice, and principles of judicial economy and efficiency and the interest in preserving party resources" as highlighted in the parties' most recent Joint Status Report (Docket # 48). Case law regarding intervention to assert a charging lien is sparse in this Circuit, which raises questions regarding whether Intervenor will be a party plaintiff and if so, how his involvement will be managed throughout discovery, motions practice and trial. Participation by the Intervenor in these proceedings will detract from judicial economy and efficiency, as well as prejudice the interests of justice and Plaintiffs' ability to prosecute their case without interference by former counsel.

### B. INTERVENOR FAILS TO SHOW ANY IMPAIRMENT OF HIS RIGHTS

Rule 24(a) requires that Intervenor show that failure to allow intervention at this point would, "as a practical matter," threaten to impair his interests. Fed.R.Civ.P. 24(a)(2). To determine whether Intervenor's interests will be impaired, this Circuit looks to the "practical

---

[3] To avoid the burden of this Motion, Plaintiffs offered to provide Intervenor with a private commitment to notify of any judgment and permit his assertion of a charging lien, if necessary, at that point for adjudication.

4

consequences" that the applicant may suffer if intervention is denied. *100Reporters LLC v. United States Dep't of Just.*, 307 F.R.D. 269, 278 (D.D.C. 2014). Here, Intervenor fails to articulate even one ground to support this essential showing. This failure alone justifies a denial of the Motion.

### C. INTERVENOR FAILS TO SHOW THAT REPRESENTATION OF HIS INTEREST MAY BE INADEQUATE

To meet the adequate representation requirement, Intervenor must show that representation of his interest "may be" inadequate. *Fund For Animals, Inc. v. Norton*, 322 F.3d 728, 735-36 (D.C. Cir. 2003). Here again, Intervenor makes no effort to show even minimally that his interest may be impaired. It will not. Whatever interest Intervenor has, the adjudication of his rights at this point may prejudice the Plaintiffs and impose unnecessary burdens on the efficiency of this case.

### D. ADJUDICATION OF INTERVENOR'S CHARGING LIEN WILL INJECT CONFIDENTIAL ISSUES THAT SHOULD BE RESERVED FOR THE END OF THE LITIGATION

Plaintiffs do not dispute that, at the appropriate time, Intervenor should have the opportunity to assert his alleged lien and seek compensation if appropriate. However, there are multiple questions of fact regarding the Intervenor's entitlement to a fee that will require the Court to examine confidential issues associated with the attorney-client relationship. For example, Plaintiffs do not agree that the termination was for cause, that Intervenor substantially performed, that the Agreement is in force, or that an allocation of fees to the Intervenor is appropriate. However, these issues need to be postponed until a judgment, if any, materializes instead of wasting unnecessary resources to address them now.

### CONCLUSION

Intervenor failed to make the necessary showing for entitlement to intervention as of right. Of the four essential elements, Intervenor omitted evidence to demonstrate three: timeliness,

impairment and inadequate representation. In addition, Intervenor seeks to inject an issue into this litigation that is unnecessary and inefficient. Given that Plaintiffs are, and have been, willing to address issues relating to the alleged charging lien at the end of this case, involving an additional party at this time is merely inefficient and burdensome.

WHEREFORE, for all of the foregoing reasons, Plaintiffs respectfully request that the Motion to Intervene be DENIED without prejudice to file at the appropriate future time.

Dated February 25, 2025                Respectfully submitted,

/s/ Richard W. Driscoll*

Richard W. Driscoll, Esquire (436471)
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
Office: 703.879.2601
Facsimile: 703.997.4892
rdriscoll@driscollseltzer.com

*Counsel for Plaintiffs by Special Appearance*

*Counsel's representation is by Special Appearance only for the purpose of representing the Plaintiffs in connection with the Motion to Intervene