IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and<br>AARON BABBITT, individually and on<br>behalf of the ESTATE OF ASHLI BABBITT<br><br>      Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA<br><br>      Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   Case No. 1:24cv1701-ACR<br>:<br>:<br>:<br>:<br>: |

**<u>INTERVENOR'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE TO ENFORCE CHARGING LIEN AND GRANT OTHER EQUITABLE RELIEF</u>**

Terrell N. Roberts, III, Intervenor, replies to the Estate of Ashli Babbitt and Plaintiff Aaron Babbitt's memorandum in opposition to the motion to intervene to enforce charging lien for attorney's fees and to grant other equitable relief.

Plaintiff maintains that the motion to intervene is untimely because it is filed prematurely, that the parties can adequately represent Intervenor's interests, and that Intervenor has not shown that his rights would be impaired. These contentions plainly lack merit, and the motion to intervene should be granted.

**I. PLAINTIFF'S MOTION TO INTERVENE IS NOT PREMATURE, BUT IS TIMED TO COINCIDE WITH AN IMPENDING TRIAL AND/OR POTENTIAL SETTLEMENT.**

The motion to intervene is not premature. Just the opposite. Trial is scheduled in four months from now. This is hardly premature or early in the process. To the contrary, the motion to intervene is timed to protect the Intervenor's right to be compensated out of a settlement or judgment. If the Intervenor waits, a settlement could take place without his knowledge. He would not have any ability to have the Court "interfere to prevent payment to the judgment debtor or the creditor in fraud of the attorney's right to it." *Elam v. Monarch Life Ins. Co.*, 598 A.2d 1167, 1169

1

(D.C. 1991)(*quoting* 2 S. Speiser, Attorney's Fees § 16.14, at 381 (1973)). Therefore, now is the time to establish a charging lien for attorney's fees, with equitable protections to ensure Intervenor receives notice of any settlement and that settlement funds sufficient to cover the charging lien are placed under the control of the Court.  A proposed order is attached.

II. **PLAINTIFFS ARE NOT ADEQUATE TO PROTECT INTERVENOR'S RIGHTS DUE TO ADVERSE POSITIONS THEY HAVE TAKEN AGAINST INTERVENOR'S CLAIMS.**

Plaintiffs contend that the parties will adequately protect the Intervenor's right to compensation.  This is contradicted by their stated positions against Intervenor's claims for a charging lien. In their papers, Plaintiffs deny that Intervenor's termination of the representation was for cause, that Intervenor substantially performed, that the agreement is in force, or that "an allocation of fee to Intervenor is appropriate." Mem.Opp.Interv., ECF# 5, at 5.  These contentions are not only groundless; they are in direct conflict with Intervenor's motion to establish a charging lien for attorney's fees. Taking such adverse positions, Plaintiffs cannot even pretend to be able to adequately represent Intervenor's interests.

III. **GRANTING A CHARGING LIEN FOR ATTORNEY'S FEES WILL NOT BURDEN THE LITIGATION OR LESSEN JUDICIAL ECONOMY OR EFFICIENCY.**

Plaintiff has failed to demonstrate or explain how an attorney's charging lien will burden the litigation or serve as a detriment to judicial economy or efficiency.  There is absolutely no basis for such contentions.

Even if intervention requires the Court's time and attention to establish the lien and adjudicate the amount of the lien, the Intervenor's right to intervene exists as a matter of right nonetheless.  A person has a right to intervene where not to allow him to do so "may as a practical matter impair or impede the movant's ability to protect its interest." As previously explained above,

if a settlement takes place without notice to the Intervenor, it could impair his ability to obtain his attorney's fees out of the settlement.

IV. **PLAINTIFFS' ALLEGATION THAT INTERVENOR IS WILLING TO PLACE HIS INTERESTS OVER THE CLIENT'S IS UNFOUNDED AND NOT SUPPORTED BY THE RULES OF PROFESSIONAL CONDUCT.**

In the context of arguing that Intervenor's motion to intervene is premature and that "having his participation will not prejudice the Plaintiffs," he then states ECF# 50, at 3:

> Indeed, his willingness to disclose confidential information regarding the attorney-client relationship and his investigative efforts at this early stage demonstrates a willingness to place his own interests above that of the client, potentially violating Rule 1.16 of the Rules of Professional Conduct.

So easily do Plaintiffs allege a breach of the Rules of Professional Conduct and that Intervenor's conduct demonstrates a "willingness" to disclose confidential information regarding the attorney-client relationship." Plaintiffs base their allegations on Rule 1.16 which govern "terminating representation." Plaintiffs have failed to show how things stated by Intervenor in his motion to intervene and his supporting memorandum disclose confidential information in violation of Rule 1.16, or any other rule of professional conduct for that matter.

Under Rule 1.6 (e)(5) of the Rules of Professional Conduct, "[a] lawyer may reveal client confidences or secrets … to the minimum extent necessary in an action instituted by the lawyer to establish or collect a fee." Merely describing the nature of the lawyer's work, or mentioning that he directed and led an extensive investigation of the facts, retained expert witnesses, filed a FOIA lawsuit, gave notice of the claims to the government, etc., which was for the purpose of demonstrating Intervenor's entitlement to a lien for attorney's fees -- all of this is consistent with Rule 1.6 of the Rules of Professional Conduct.

Intervenor is ready and prepared to say more in support of his claims to establish or collect his attorney's fees. For instance, he is ready to prove that he terminated his representation of the

3

Plaintiffs for cause. This will require further disclosure of confidential information and requires the Court's guidance on how and when that will be done.

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Reply to Plaintiffs' Opposition Memorandum to Motion to Intervene to Enforce A Charging Lien and Grant Other Equitable Relief was electronically filed on March 3, 2025, via the CM/ECF File & Serve system and an electronic copy was e-served on:

Robert Patrick Sticht
*Attorney for Plaintiffs*
JUDICIAL WATCH, INC.
425 Third St., SW, Suite 800
District of Columbia, DC 20024
rsticht@judicialwatch.org

Richard W. Driscoll, Esq.
*Attorney for Plaintiffs*
2000 Duke Street, Suite 300
Alexandria, Virginia 22314

Joseph Alfonso Gonzalez, Esq.
Brian J. Boyd, Esq.
Sarah Elisabeth Whitman, Esq.
United States Department of Justice
Civil Division, Torts Branch
175 N Street, NE
Washington, DC 20002
joseph.a.gonzalez@usdoj.gov
brian.j.boyd@usdoj.gov
sarah.whitman@usdoj.gov

   /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III