## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT | : : : : | |
| Plaintiffs | : : | |
| v. | : : : | Case No. 1:24cv1701-ACR |
| UNITED STATES OF AMERICA | : : : | |
| Defendant | : | |
| ................................................................: | : | |
| TERRELL N. ROBERTS, III | : : : | |
| Intervenor | : : | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

Terrell N. Roberts, III, who represents himself, complains:

### I.    PARTIES

1.    Terrell N. Roberts, III, (hereafter "Attorney"), is admitted to practice law in the State of Maryland, the District of Columbia, and the Commonwealth of Virginia. He practices with his firm, Roberts& Wood, and maintains an office for the practice of law at 6801 Kenilworth Avenue, Suite 202, Riverdale, Maryland.

2.    The Estate of Ashli Babbitt and Aaron Babbitt are the Plaintiffs in this action, and the United States of America is the Defendant.

### II.    JURISDICTION AND VENUE

1.    Subject matter jurisdiction is founded on the original jurisdiction of the underlying action under 28 U.S.C. §§ 1346(b).

2.    Venue is proper in this district under § 1402(b).

### III.    STATEMENT OF CLAIM

1.      On January 6, 2021, a United States Capitol Police officer shot and killed Ashli Babbitt inside the United States Capitol.

2.      On January 18, 2021, in a written retainer agreement, plaintiff Aaron Babbitt ("the Client") retained the Attorney to prosecute all "civil claims" and recover damages arising from the death of his wife Ashli Babbitt.  In accordance with the agreement, the Client agreed to compensate Attorney on the basis of a contingency fee from "money paid by way of settlement or judgment."

3.      The Attorney commenced working on the case and performed substantial legal services behalf of his client for more than a year.  These services are outlined in a memorandum which accompanied the Attorney's motion to intervene, which was filed on February 11, 2025. Doc#47-1.  On February 25, 2022, the Attorney terminated his representation for cause, fully advising the Client of the reasons for cause.  Due to the confidential nature of the reasons for cause, the Attorney did not allege those reasons.  He is prepared at this juncture to do so *in camera* or as directed by the Court. Once plaintiffs retained other counsel, the Attorney cooperated by turning over 110.75 GB of data from his investigation of the case, as well as his work product including the reports of two expert witnesses.

4.      The Attorney's motion sought to intervene and establish a charging lien and to take steps to protect to ensure payment of the Attorney's lien. The Government did not file a response to the motion to intervene. Plaintiffs filed a memorandum in opposition. Doc.#50. It argued that the Attorney's motion was "premature and will burden these preliminary litigation proceedings and frustrate the Court's judicial economy and efficiency." *Id.*, 1. They argued that the motion to intervene was untimely because no judgment had been entered, and that in any event the Attorney's interests were adequately protected by the plaintiffs. *Id.*, 4.  Nevertheless, plaintiffs stated that, "at

the appropriate time, Intervenor should have the opportunity to assert his alleged lien and seek compensation if appropriate." *Id.*, 5.

5.      In the late afternoon May 1, 2025, the Attorney received a call from a journalist of a national mainstream news outlet. The journalist stated that he had information from a very reliable source that the parties had reached a settlement agreement for specific sum of money which he specified. The journalist inquired whether the Attorney wished to confirm the settlement. The Attorney truthfully told the journalist that he had no knowledge of a settlement.

6.      The Attorney did receive any notice of a settlement from the plaintiffs, thus undermining the claim that the plaintiffs will adequately protect the Attorney's interests.

7.      If a settlement agreement has been reached, it could result in payment of amount of settlement to plaintiffs before a lien is established.  This would significantly impair and impede the Attorney's ability to be paid according to his contract with the client, and the Attorney will suffer irreparable harm.  A lien would give the Court the ability "to interfere to prevent payment to the judgment debtor or the creditor in fraud of the attorney's right to it." *Elam v. Monarch Life Ins. Co.*, 598 A.2d 1167, 1169 (D.C. 1991).

8.      There is a high probability that the Attorney will prevail on his claim for attorney's fees at hearing or trial on the merits.

**IV.     RELIEF**

1.      The Attorney seeks the following relief:

    a)  That the Court immediately grant a temporary restraining order imposing a charging lien in favor of the Attorney of not less than 25% of the gross amount of the settlement;

b) That the Court issue a preliminary and permanent injunction consistent with the terms of the preceding paragraph and that the preliminary injunction be heard no later than 14 days after the issuance of temporary restraining order unless the partis agree on an extension of the temporary restraining order;

c) That the Court shall set a hearing to adjudicate the amount of attorney's fees owed to the Attorney and modify the lien to reflect that amount.

d) For such other and further relief as may be just.

_/s/ Terrell N. Roberts, III_
Terrell N. Roberts, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

STATE OF MARYLAND, PRINCE GEORGE'S COUNTY, ss:

Before me, a notary public in and for the State of Maryland, personally appeared TERRELL N. ROBERTS, III, who, upon his oath, states that the facts and allegations set forth in the Complaint are true and correct to the best of his knowledge, information, and belief.

Notary

KIMBERLY GACCETTA
NOTARY PUBLIC
Comm. Exp.
Dec 29, 2025
Montgomery County
STATE OF MARYLAND

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the Complaint filed on the 2nd day of May, 2025 via the CM/ECF File & Serve system and an electronic copy was e-served on:

Robert Patrick Sticht, Esq. & Richard W. Driscoll, Esq.
*Attorney for Plaintiffs*
JUDICIAL WATCH, INC.
425 Third St., SW, Suite 800
District of Columbia, DC 20024
rsticht@judicialwatch.org & rdriscoll@driscollseltzer.com

4

Joseph Alfonso Gonzalez, Esq.
Brian J. Boyd, Esq.
Sarah Elisabeth Whitman, Esq.
United States Department Of Justice
Civil Division, Torts Branch
175 N Street, NE
Washington, DC 20002
joseph.a.gonzalez@usdoj.gov
brian.j.boyd@usdoj.gov
sarah.whitman@usdoj.gov

_/s/ *Terrell N. Roberts, III*_
Terrell N. Roberts, III