UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>          Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant.<br><br>TERRELL N. ROBERTS, III,<br><br>          Intervenor. | Case No. 1:24cv1701-ACR |

## JOINT STATUS REPORT

Under the Court's May 2, 2025, Minute Order, Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt ("Plaintiffs"), Defendant the United States of America ("Defendant" and together with Plaintiffs, the "Parties"), and Terrell N. Roberts, III hereby submit this Joint Status Report. Counsel conferred via telephone on May 6, 2025, to discuss the matters herein. The Parties and Mr. Roberts set forth their respective positions below.

**Plaintiffs**

Plaintiffs Aaron Babbitt and the Estate of Ashli Babbitt continue to oppose Mr. Roberts' Motion to Intervene in this litigation for the reasons set forth in the previously filed Opposition. Plaintiffs agree to give written notice to Mr. Roberts within 5 calendar days after counsel for the United States submits a request to the U.S. Treasury for the settlement amount, and an additional written notice upon receipt of the settlement funds.

In addition, by email, dated May 5, 2025, Plaintiffs requested that Mr. Roberts withdraw his Motion to Intervene and submit to mandatory fee arbitration before the Attorney Client Arbitration Board ("ACAB") of the D.C. Bar. This request is made pursuant to D.C. Bar Rule XIII. The fee arbitration will recognize Mr. Roberts' charging lien, adjudicate the dispute regarding whether attorney fees are justified and what amount if any to award. The decision of ACAB is binding on the parties and enforceable as a judgment.

Federal courts in the D.C. Circuit are instructed to "rigorously enforce arbitration agreements according to their terms." *Jin v. Parsons Corp.*, 966 F.3d 821, 823 (D.C. Cir. 2020). In most cases, a court must determine whether the parties agreed to arbitrate. *Camara v. Mastro's Rests. LLC*, 952 F.3d 372, 373 (D.C. Cir. 2020). In this case, Mr. Roberts is deemed to have already consented to fee arbitration, since the client requests that the dispute be handled by ACAB.

In the District of Columbia, fee agreements, like Mr. Roberts' Attorney Retainer Agreement, include an agreement to arbitrate legal fee disputes if requested by the client. *BiotechPharma, LLC v. Ludwig & Robinson, PLLC*, 98 A.3d 986 (D.C. 2014). The D.C. Bar Rules state, in relevant part:

> An attorney subject to the disciplinary jurisdiction of this Court shall be deemed to have agreed to arbitrate disputes over fees for legal services and disbursements related thereto when such arbitration is requested by a present or former client, if … a substantial portion of the services were performed by the attorney in the District of Columbia, or if the services included representation before a District of Columbia court or a District of Columbia government agency.

D.C. Bar Rule XIII. The purpose of Rule XIII "is to provide a relatively quick, efficient and informal means of private dispute settlement." *In re Martin*, 67 A.3d 1032, 1047 (D.C. 2013) (citations omitted). All attorneys admitted to practice in the District of Columbia consent to arbitrate a fee dispute once the client requests that the matter be arbitrated.

The policy underlying D.C. Bar Rule XIII was explained by the D.C. Court of Appeals as follows:

> Moreover, "*clients are at a significant disadvantage in litigating" attorney-client fee disputes, and Rule XIII "protects their ability to present meritorious claims and defenses, and ... thereby fosters public confidence in the bar*." Accordingly, the language "make such rules as it deems proper" in the Court Reform Act establishes the inherent authority to regulate attorney-client fee agreements, and this court created Rule XIII *because it deemed it proper to mandate arbitration in order to ensure a fair process for resolving disputes over attorney's fees*.

*Stuart v. Walker*, 143 A.3d 761, 766 (D.C. 2016) (emphasis added), *cert. denied*, 137 S. Ct. 2092, 197 L. Ed. 2d 894 (2017).

ACAB Rules further provide that:

> If the petition is filed by a client, the lawyer is deemed to have agreed to arbitrate and the arbitration will go forward unless the client withdraws the petition before the lawyer responds to the petition.

ACAB Rule 8(a). *See also, Louis Fireison & Assoc., P.A. v. Alkire*, 195 Md. App. 461, 473-74, 6 A.3d 945, 952-53 (2010) (holding that attorney agreed to arbitrate a fee dispute with client upon request, regardless of whether the representation agreement contains an agreement to arbitrate fee disputes). Once a Court determines that an agreement to arbitrate exists and is in force, the Court shall stay the litigation and refer the matter to arbitration. *See* 9 U.S.C. § 3 and D.C. Code Ann. § 16-4407. If the motion to stay and refer to arbitration is denied, the aggrieved party is entitled to an interlocutory appeal. *Jin v. Parsons Corp.*, 966 F.3d 821, 823 (D.C. Cir. 2020).

On May 5, 2025, Plaintiffs requested that Mr. Roberts submit to fee arbitration before the ACAB. As a member of the D.C. Bar representing a client for a case in the District of Columbia, he has consented to the fee arbitration and should voluntarily agree to participate in the proceeding to avoid unnecessary proceedings before this Court. Further involvement by this

Court should not be required.

Plaintiff's request for arbitration is the most efficient approach to the dispute with Mr. Roberts, saving resources and time of the Court and the parties. Mr. Roberts' assertion of an inchoate charging lien will be addressed in full before the ACAB, a body established for this very purpose. Because Mr. Roberts already consented to the ACAB proceeding, he should voluntarily withdraw his Motion, allow the parties to complete the settlement, and conclude this litigation. Should he decline to do so, the Court should deny the Motion to Intervene. The alternative of granting the Motion to Intervene will only prolong this litigation, waste the Court's resources, and require the involvement of parties with no interest in the outcome of the fee dispute.

**United States of America**

The United States's interest is to finalize the settlement between the Parties and resolve this case with reasonable promptness. The United States also has an interest in the sound administration of the Federal Tort Claims Act and the public fisc.

The United States agrees to provide Mr. Roberts with notice of the Parties' executed settlement agreement within 24 hours after all parties have signed. The United States also agrees to notify Mr. Roberts when it has submitted the settlement to the Department of Treasury, Bureau of the Fiscal Services for payment and to do so within 24 hours of submission.

The United States believes that Plaintiffs' proposal to resolve the fee dispute through the Attorney Client Arbitration Board obviates the need for Mr. Roberts's intervention here. The arbitration process provides Mr. Roberts with the opportunity to obtain the exact relief that he seeks through his intervention motion, i.e. an opportunity to collect attorney's fees. To that end, and to accommodate the United States's interests described above and the respective interests of

4

the Plaintiffs and Mr. Roberts, the appropriate course is for the Parties to consummate the settlement-in-principle and for the United States to pay the proceeds of the settlement to the trust account of Mr. Babbitt's current counsel with the disputed amount for attorney's fees to be held pending the outcome of the arbitration or other resolution of the dispute.

Should Mr. Roberts decline to withdraw his intervention motion and pursue a charging lien against the United States, the United States opposes the relief he seeks. The United States has not waived sovereign immunity with respect to liens operating against Treasury funds. *See Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 263-64 (1999); *Knight v. United States*, 982 F.2d 1573, 1577 (Fed. Cir. 1993). And because among other things Mr. Roberts has available an alternative procedure for protecting his interests, the Court's discretion is properly exercised in denying intervention. *See, e.g.*, *White v. United States*, No. Civ-03-1823 PCT RCB, 2006 WL 1722301, *3 (D. Ariz. June 19, 2006) (denying intervention motion in FTCA case because, among other things, intervening attorney "could not show that his interest would be impaired when he was free to simply bring another action to protect that interest [in state court]."). The United States is prepared to brief these issues should the Court request it.

**Terrell N. Roberts, III**

Intervenor denies ACAB's authority to arbitrate for reasons that the pending lawsuit will adjudicate the fee dispute and there is no agreement with the client to arbitrate the fee dispute. *See*, ACAB Fee Arbitration Service Rules of Procedure, 4(a). Further, it is impracticable to arbitrate a contingency fee without knowledge of the amount of settlement, which at this point is unknown. Further, if the case is subject to arbitration, either party can request a stay, and the case may not be dismissed unless there are grounds for doing so. 9 U.S.C. § 3; *Smith v. Spizzirri*, 601 U.S. 472 (2024). The motion to intervene must be granted for purposes of issuing a

charging lien, which above all is necessary to secure payment of the attorney's fee.

Dated: May 6, 2025                                Respectfully submitted,

/s/ *Terrell N. Roberts, III*
TERRELL N. ROBERTS, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

*Intervenor*

/s/ *Robert Patrick Sticht*
ROBERT PATRICK STICHT
CA Bar No. 138586
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org

*Counsel for Plaintiffs*

/s/ *Richard W. Driscoll*
RICHARD W. DRISCOLL*
D.C. Bar No. 436471
Driscoll & Selter, PLLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
Office: 703.879.2601
Facsimile: 703.997.4892
Rdriscoll@driscollseltzer.com

*Counsel for Plaintiffs by Special Appearance*

*Counsel's representation is by Special Appearance only for the purpose of representing the Plaintiffs in connection with the Motion to Intervene

6

YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

*/s/ Sarah E. Whitman*
SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

*/s/ Brian J. Boyd*
BRIAN J. BOYD
NY Bar No. 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

*/s/ Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*