IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ESTATE OF ASHLI BABBITT and<br>AARON BABBITT, individually and on<br>behalf of the ESTATE OF ASHLI BABBITT<br><br>          Plaintiffs<br><br>     v.<br><br>UNITED STATES OF AMERICA<br><br>          Defendant<br>............................................................<br>TERRELL N. ROBERTS, III<br><br>          Movant to Intervene | :<br>:<br>:<br>:<br>:<br>:<br>:  Case No. 1:24cv1701-ACR<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF TERRELL N. ROBERTS, III'S MOTION TO INTERVENE

Terrell N. Roberts, III, submits the following additional case authorities in support of his motion to intervene [Doc.# 54]:

**Attorney's Entitlement to Intervene and a Lien for Protection of Fee**

The following cases affirm an attorney's right to intervene to assert a lien under a contract with the client which contemplates a fee from a fund or recovery obtained in a lawsuit or as a result of the attorney's efforts.

**S.Ct.**

*Barnes v. Alexander*, 232 U.S. 117 (1914)(J. Holmes)(attorney whose agreement allows for a contingency fee out of the fund awarded in a case has the right to protect his interest and creates an enforceable lien).

*Ingersoll v. Coram*, 211 U.S. 335 (1908)(lien for attorneys' fees against client's distributive shares of an estate resulting from attorney's efforts that increased client's share of the estate).

1

*Wylie v. Coxe*, 15 How. 415, 14 L.Ed. 753 (1853)(a contract with an attorney to prosecute a claim against Mexico founded on a contingent fee of 5 per cent out of the fund awarded justified a lien upon the fund.).

**U.S.App.D.C.**

*Continental Casualty Co. v. Kelly*, 70 U.S. App.D.C. 320, 106 F.2d 841 (1939)(attorney's intervention proper and superior to defendant insurer's right of set-off and equitable lien relates back and takes effect from the time of the commencement of the suit).

*Pink v. Farrington*, 67 U.S.App.D.C. 314, 92. F.2d. 465, 467 (1937)"the nonpossessory lien of an attorney is a creature of contract; that while it is not necessary that there be an outright legal assignment of the judgment to the attorney, it is indispensable that there exist between the client and his attorney an agreement from which the conclusion may be reasonably reached that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered.")

*Kellogg v. Winchell*, 273 F. 475 (U.S. App. D.C. 1921)(recognizing "trend of the modern decisions of the court is to protect the right of the attorney to receive compensation for services," the court held that a discharged attorney was entitled to intervene in his own name to protect his interest in a cause of action arising from his contingent fee contract with client).

*Elam v Monarch Life Ins. Co.*, 598 A.2d 1167 (D.C. 1991)(holding that a contingent fee agreement between an attorney and his client which assessed contingent compensation a stipulated portion of a recovery on client's cause of action creates an attorney's charging lien on funds recovered for payment).

*Sullivan v. Tobin*, 42 App. D.C. 430 (1914)(reversing lower court decision denying attorney's petition to intervene to assert a lien in cause of action in which client engaged attorney to sue his copartner for accounting and dissolution and stipulated that attorney should receive a specified percentage of the amount recovered in the suit).

**Attorney's entitlement to the amount of his contingency fee where attorney substantially perform services of value contributing to the results obtained by the client:**

*Kaushiva* v. Hutter, 454 A.2d 1373, 1374 (D.C. 1983) held that "an attorney who enters into a contingency fee agreement with his client, substantially performs, and is then prevented by client from completing performance is entitled to the full amount specific amount specified in the agreement." The Court also specified that "[o]nly where an attorney renders less than substantial performance will quantum meruit be the appropriate measure of damages." *Id*

*Mackie v. Howland*, 3 App. D.C. (1894)(cited by *Kaushiva*) upheld attorney's claim for the full amount of his contingency fee agreement where the attorney's efforts led to collection of funds under bonds issued by Venezuela and attorney was discharged before payments were received and subsequent counsel completed the transaction.

*In re Waller*, 524 A.2d 748 (D.C. 1987). In this case, the Court held that the attorney was not entitled to a contingency fee for the reason that the services performed by the attorney were negligible and the attorney had not acted in good faith. The holding stated that substantial performance in the context of a contingency fee agreement "meant that the attorney must have performed valuable services contributing to the results finally obtained by the client." *Id*.

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Notice of Supplemental Authorities in Support of Proposed Intervenor Terrell N. Roberts, III's motion to intervene was filed on the 12th day of May, 2025 via the CM/ECF File & Serve system and an electronic copy was e-served on:

Robert Patrick Sticht, Esq. & Richard W. Driscoll, Esq.
*Attorney for Plaintiffs*
JUDICIAL WATCH, INC.
425 Third St., SW, Suite 800
District of Columbia, DC 20024
rsticht@judicialwatch.org & rdriscoll@driscollseltzer.com

Joseph Alfonso Gonzalez, Esq.
Brian J. Boyd, Esq.
Sarah Elisabeth Whitman, Esq.
United States Department Of Justice
Civil Division, Torts Branch
175 N Street, NE
Washington, DC 20002
joseph.a.gonzalez@usdoj.gov
brian.j.boyd@usdoj.gov
sarah.whitman@usdoj.gov

    /s/ *Terrell N. Roberts, III*
Terrell N. Roberts, III