UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ESTATE OF ASHLI BABBITT and AARON BABBITT, individually and on behalf of the ESTATE OF ASHLI BABBITT,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Defendant. | Case No. 1:24cv1701-ACR |

## JOINT STATUS REPORT

Pursuant to the Court's May 12, 2025, Minute Order, Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt ("Plaintiffs"), Defendant the United States of America ("Defendant" and together with Plaintiffs, the "Parties"), and Terrell N. Roberts, III hereby submit this Joint Status Report. Counsel conferred via telephone on May 15, 2025, and May 16, 2025, to discuss whether agreement could be reached on a set-aside amount as discussed at the Court's May 12, 2025, hearing. Parties and Mr. Roberts set forth their respective positions below.

**Plaintiffs**

Plaintiffs Aaron Babbitt and the Estate of Ashli Babbitt offered to enter into a written agreement with Mr. Roberts providing him with the following protection of his inchoate charging lien in exchange for withdrawing his efforts to intervene in this lawsuit: (a) a set-aside of twenty-five percent (25%) in the IOLTA trust account maintained by Judicial Watch; and (b) an agreement to make prompt payment to Mr. Roberts directly from the trust account after receipt of the Attorney/Client Arbitration Board's final decision regarding what amount, if any, Mr. Roberts is

to be paid from the settlement proceeds. Plaintiffs note that the 25% set-aside represents the total amount that all attorneys representing an FTCA plaintiff can recover, and that the likelihood of Mr. Roberts recovering such a fee is minimal, at best, given his admittedly brief and limited involvement in the legal matter. Therefore, the set-aside amount is significantly greater than a likely award, which protects Mr. Roberts for an inability to recover an award. Mr. Roberts rejected Plaintiffs' offer. The Court ordered the parties to file this report addressing whether they have agreed on a set-aside amount as discussed at the May 12, 2025 hearing. During the hearing the Court strongly urged Plaintiffs and Mr. Roberts in particular to agree to a 25% set aside. Plaintiffs now report that they have agreed to the 25% set aside. The Court should accept Plaintiffs' agreement to set aside 25% of the settlement amount as full and adequate protection for Mr. Roberts.

Plaintiffs further note that this Court's May 12, 2025, Minute Order states in pertinent part:

> For the reasons stated on the record at today's hearing, the Court GRANTS in part and DENIES in part Mr. Roberts' [47] Motion to Intervene to Enforce Charging Lien. The Court GRANTS Mr. Roberts' request to intervene for the limited purpose of being kept aware of ongoing settlement discussions between the parties. The parties must additionally notify Mr. Roberts within 24 hours of any final settlement agreement being reached. But the Court DENIES, *without prejudice*, Mr. Roberts' request to establish a charging lien at this time.

Docket Entry entered and filed on 5/12/2025 (emphasis original) (the "Minute Order"). Plaintiffs are concerned by Mr. Roberts' role in this case, which is frustrating completion of the settlement by precluding an essential term. One possible method to facilitate finalizing the settlement is for the Court to amend the Minute Order by denying *Mr. Roberts* intervention for the limited purpose of *receiving notice* from the Parties and instead order *the Parties* to inform Mr. Roberts of settlement progress by *notifying Mr. Roberts* in writing: (a) within 24 hours after the Parties finalize the terms and execute the settlement agreement; (b) within two business days

counsel for the United States submits a request to the U.S. Treasury for the settlement amount; and (c) within two business days after the settlement funds are deposited into Plaintiffs' counsel's IOLTA account. The slight modification requested by the Parties is not insignificant as it avoids unnecessary, inefficient, and costly litigation of sovereign immunity, jurisdiction, and other issues non-germane to this FTCA action and, most importantly, will expedite the settlement and dismissal of this lawsuit and payment of the settlement amount. If this modification were to be made, the Parties could finalize settlement terms and conclude this matter.

**Terrell N. Roberts, III**

1. Intervenor offered to agree to a 25% set off if the amount was placed in an attorney's IOLTA account and that the plaintiffs acknowledged intervenor's lien as to those funds. Plaintiffs did not respond.

2. If plaintiffs file a motion to compel arbitration, intervenor will oppose it on arbitrability grounds, including but not limited to the fact that Attorney/Client Arbitration Board ("ACAB") lacks authority to issue a charging lien, which is integral to his claim for attorney fees and a well-established and commonly used form of equitable relief granted in this jurisdiction for the protection of a lawyer's fee. In addition, there is an absence of an enforceable agreement and valid constitutional and jurisdictional objections to arbitration. Intervenor welcomes an opportunity to present such points at the appropriate time.

3. Furthermore, if the Court grants the motion to compel, it must necessarily issue a stay if a party applies for one. *Smith v. Spizzeri*, 601 U.S. 472, 476-77 (2024). "§ 3 [of the FAA] ensures that the parties can return to federal court if arbitration breaks down or fails to resolve the dispute. *That return ticket is not available if the court dismisses the suit rather than stays it.*"

(*Emphasis added*.)  *Id.*, 477.

4.      As a fundamental matter, arbitration is not an efficient option at this juncture. The process could take up to six months (if not more).  That is too long given that we are a hair's breadth from a settlement.  The Court could more practically handle the matter of attorney's fees in a fraction of the time it would take to arbitrate the case.

5.      Given press reports flying that the parties have settled, although intervenor has not received notice, he believes that motion with respect to a charging lien against the settlement recovery should be renewed.  Intervenor will present points and authorities in support of his request for such lien.  *See*, Intervenor's Notice of Supplemental Authorities, doc# 57.

**United States of America**

The United States's interest is to finalize the settlement between the Parties to resolve this case with reasonable promptness and to ensure the sound administration of the Federal Tort Claims Act and the public fisc.

On May 12, 2025, this Court granted Mr. Roberts' motion to intervene "for the limited purpose of being kept aware of ongoing settlement discussions between the [P]arties," and ordered the Parties to "notify Mr. Roberts' within 24 hours of any settlement agreement being reached."  May 12, 2025, Minute Order.  The Court also dismissed Mr. Roberts' complaint for a temporary restraining order and injunctive relief and refused to issue a charging lien against any settlement funds.  *Id.*  The Court ordered the parties to address through this filing "whether they have agreed on a set-aside amount" from settlement funds while Mr. Roberts' fee dispute is resolved through the Attorney Client Arbitration Board.  *Id.*  Plaintiffs commit to that in this filing.

The United States believes that Plaintiffs' agreement to set aside 25% of the total settlement amount in an IOLTA pending the D.C. Bar's Attorney Client Arbitration Board's (ACAB) resolution of Mr. Roberts' fee demand is sufficient to protect Mr. Roberts' interests. Additionally, Plaintiffs' current attorneys' reassurance that they will abide by ACAB's decision and disperse to Mr. Roberts that portion of the set-aside funds that ACAB determines Mr. Roberts is owed, if any, should eliminate Mr. Roberts' concern regarding his ability to collect fees to which he is entitled.

In email correspondence on May 19, 2025, Mr. Roberts indicated his general agreement to Plaintiffs setting aside and depositing into Plaintiffs' counsels' D.C. IOLTA an amount equal to 25% of the gross amount of settlement funds pending the resolution of Mr. Roberts' claim for attorney's fees provided he receives additional relief, which the United States opposes. Specifically, he opposes ACAB arbitration and wants to ask this Court to "give the matter preference and decide the issue in a fraction of the time arbitration would take." That request goes well beyond the limited intervention the Court permitted. Mr. Roberts presents no justification for why the Court should reconsider these issues.

Mr. Roberts also states that should Plaintiffs file a motion to compel arbitration, he will ask this Court to stay this FTCA suit under the Federal Arbitration Act, 9 U.S.C. § 3, until the fee dispute is resolved. The United States opposes such relief should it be sought. Such relief is unnecessary and would be incompatible with the Court's May 12 ruling and with the government interests described above.

May 19, 2025                                             Respectfully submitted,

                                        /s/ *Robert Patrick Sticht*
                                        ROBERT PATRICK STICHT

5

CA Bar No. 138586
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, D.C. 20024
Telephone: (202) 646-5172
Fax: (202) 646-5199
Email: rsticht@judicialwatch.org

*Counsel for Plaintiffs*

/s/ *Richard W. Driscoll*
RICHARD W. DRISCOLL*
D.C. Bar No. 436471
Driscoll & Seltzer, PLLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
Office: 703.879.2601
Facsimile: 703.997.4892
Rdriscoll@driscollseltzer.com

*Counsel for Plaintiffs by Special Appearance*

*Counsel's representation is by Special Appearance only for the purpose of representing the Plaintiffs in connection with the Motion to Intervene

YAAKOV M. ROTH
Acting Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Director, Torts Branch, Civil Division

RICHARD MONTAGUE
Senior Trial Counsel

/s/ *Sarah E. Whitman*
SARAH E. WHITMAN
MA Bar No. 657726
Senior Trial Counsel, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-0089; F: (202) 616-4314
Email: sarah.whitman@usdoj.gov

/s/ *Brian J. Boyd*
BRIAN J. BOYD
NY Bar No. 5562582
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 616-4142; F: (202) 616-4314
Email: Brian.J.Boyd@usdoj.gov

/s/ *Joseph A. Gonzalez*
JOSEPH A. GONZALEZ
D.C. Bar No. 995057
Trial Attorney, Torts Branch, Civil Division
United States Department of Justice
175 N Street, NE
Washington, DC 20002
Tel: (202) 598-3888; F: (202) 616-4314
Joseph.a.gonzalez@usdoj.gov

*Counsel for Defendant United States of America*

/s/ *Terrell N. Roberts, III*
TERRELL N. ROBERTS, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

*Limited Intervenor*