UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ESTATE OF ASHLI BABBITT and AARON
BABBITT, individually and on behalf of the
ESTATE OF ASHLI BABBITT

    Plaintiffs,

v.

UNITED STATES OF AMERICA

    Defendant.

Civil No. 1:24-cv-01701-ACR

**CONSENT MOTION TO AMEND JOINT STIPULATION AND ORDER
REGARDING DEPOSIT OF DISPUTED FUNDS IN TRUST**

    Plaintiffs, Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt, by counsel, **and with the consent of Terrell N. Roberts, III**, hereby move this Court for a limited amendment of the Stipulation and Order previously filed by the parties on May 29, 2025 (ECF # 59) to permit deposit of disputed funds into an interest-bearing trust account. In support of this Motion, Plaintiffs state:

    1.    On May 29, 2025, Plaintiffs and Terrell N. Roberts, III, filed a Joint Stipulation and Order Regarding: Motion to Intervene of Terrell N. Roberts III (ECF 47), which this Court granted by Minute Order on the same day. The Joint Stipulation outlines an agreement to set aside twenty-five percent (25%) of the settlement funds pending resolution of Mr. Roberts' claim for legal fees before the D.C. Attorney Client Arbitration Board ("ACAB").

    2.    Paragraph 1 of the Stipulation reads:

> Plaintiffs and Plaintiffs' counsel shall set aside twenty-five percent (25%) of the Settlement Amount ("Set Aside Amount") *in the "Judicial Watch, Inc. DC IOLTA Attorney Trust Account" ("Trust Account")*. Said account is maintained with an approved

1

> depository as that term is defined in Rule XI of the Rules Governing the District of Columbia Bar. The Set Aside Amount shall be held in the Trust Account until a decision is filed in the arbitration proceeding before ACAB and be subject to the terms of Paragraph 2.

ECF # 59 at ¶ 1 (emphasis added).

3. Upon receipt of the settlement proceeds, the disputed funds ($1,243,750) were placed in the Judicial Watch IOLTA account pursuant to the Joint Stipulation. This account does not accrue interest for the benefit of the Plaintiffs.

4. Based on the current progress of the fee dispute before ACAB, counsel for Plaintiffs and Mr. Roberts agree that continuing to maintain these funds in the Judicial Watch IOLTA account is not consistent with the requirements of Rule 1.15(b) of the D.C. Rules of Professional Conduct, which reads in relevant part:

> Trust funds that are nominal in amount or expected to be held for a short period of time, **and as such would not be expected to earn income for a client or third-party in excess of the costs incurred to secure such income**, shall be held at an approved depository and in compliance with the District of Columbia's Interest on Lawyers Trust Account (DC IOLTA) program.

Rule of Professional Conduct 1.15(b) (emphasis added). Here, the trust funds can be anticipated to earn substantial interest monthly, if placed in an interest-bearing account that accrues interest for the benefit of the Plaintiffs. Comment [6] to this Rule provides further instruction regarding how the parties should address these circumstances:

> The determination, under paragraph (b), whether trust funds are not expected to earn income in excess of costs, rests in the sound judgment of the lawyer. The lawyer should review trust practices at reasonable intervals to determine whether circumstances require further action with respect to the funds of any client or third party.

Rule 1.15, Comment [6]. Following this ethical practice, counsel for the Plaintiffs have reviewed the reserved amount and average interest rates for funds of this size. Transferring these

funds to an interest-bearing escrow account will produce significant income that is expected to exceed the cost of securing the account. For example, a 4% annual interest rate applied to the trust funds will add approximately $4,100/month to the balance.

5. Plaintiff, with the consent of Mr. Roberts, requests that Paragraph 1 of the Stipulation be amended to read as follows:

> Plaintiffs and Plaintiffs' counsel shall set aside twenty-five percent (25%) of the Settlement Amount ("Set Aside Amount") in ~~the~~ "a Judicial Watch, Inc. account ~~DC IOLTA Attorney Trust Account~~" ("Trust Account") that complies with the requirements of D.C. Rule of Professional Conduct 1.15. Said account is maintained with an approved depository as that term is defined in Rule XI of the Rules Governing the District of Columbia Bar. The Set Aside Amount shall be held in the Trust Account until a decision is filed in the arbitration proceeding before ACAB and be subject to the terms of Paragraph 2.

ECF # 59 at ¶ 1 (emphasis added).

6. On August 26, 2025, Mr. Roberts consented to the relief requested in this Motion based on the analysis in Paragraph 4 of this Motion.

7. Plaintiffs assure the Court that the purpose of this requested amendment is solely to comply with ethical obligations related to the holding of funds belonging to a client or third party.

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request that this Consent Motion be GRANTED and that the May 29, 2025, Stipulation and Order (ECF # 59) be amended to permit deposit of disputed funds into an interest-bearing account consistent with Rule 1.15 of the D.C. Rules of Professional Conduct.

Dated August 28, 2025

Respectfully submitted,

/s/ Richard W. Driscoll*

---

Richard W. Driscoll, Esquire (436471)
DRISCOLL & SELTZER, PLLC
2000 Duke Street, Suite 300
Alexandria, VA 22314
Office: 703.879.2601
Facsimile: 703.997.4892
rdriscoll@driscollseltzer.com

*Counsel for Plaintiffs*

*Counsel's representation is by Special Appearance only for the purpose of representing Plaintiffs in the matter of the motion to intervene.