UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

ESTATE OF ASHLI BABBITT and
AARON BABBITT, individually and on
behalf of the ESTATE OF ASHLI
BABBITT,

                Plaintiffs,        Case No. 1:24-cv-01701-ACR

v.

UNITED STATES OF AMERICA,

                Defendant.
_____/

**STIPULATION AND ORDER REGARDING:**
**MOTION TO INTERVENE OF TERRELL N. ROBERTS III (ECF 47)**
**(As Amended)**

It is hereby stipulated by the undersigned Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt, individually and on behalf of the Estate of Ashli Babbitt ("Plaintiffs"), by and through their respective attorneys, and by Terrell N. Roberts, III ("Mr. Roberts"), as follows:

WHEREAS, Plaintiffs and Defendant United States of America ("Defendant" and together with Plaintiffs, the "Parties") have reached a settlement in principle and desire to finalize and memorialize the terms of agreement, including the settlement amount ("Settlement Amount"), consummate the transaction, and dismiss this lawsuit with prejudice and without the Court retaining jurisdiction over the Parties;

WHEREAS, on February 11, 2025, Mr. Roberts filed in this action a "Motion to Intervene to Enforce Charging Lien for Attorney's Fees and Grant Other Equitable Relief" (ECF 47), which the Parties have opposed;

WHEREAS, on May 7, 2025, Plaintiffs petitioned the DC Bar for arbitration of an attorney/client fee dispute between Plaintiffs and Mr. Roberts under the rules of the

1

Attorney/Client Arbitration Board of the District of Columbia Bar ("ACAB") and applicable District of Columbia law;

WHEREAS, on May 12, 2025, the Court held a hearing on Mr. Roberts' motion to intervene.  The Court granted Mr. Roberts' request to intervene for the limited purpose of being kept aware of ongoing settlement discussions between the Parties, and ordered the Parties to notify Mr. Roberts within 24 hours of any final settlement agreement being reached, but denied without prejudice Mr. Roberts' request to establish a charging lien.  *See* Minute Order of May 12, 2025;

WHEREAS, on May 12, 2025, Mr. Roberts filed in this action a "Complaint for Temporary Restraining Order and Injunctive Relief" (ECF 54), which was opposed by the Parties and denied by the Court during the May 12, 2025 hearing on Mr. Roberts' motion to intervene.  That Complaint was dismissed with prejudice as to the United States and without prejudice as to Ms. Babbitt's estate.  *See* Minute Order of May 12, 2025;

WHEREAS, on May 19, 2025, the Parties and Mr. Roberts filed a joint status report as directed by the Court in its Minute Order of May 12, 2025; and

WHEREAS, on May 20, 2025, the Court held a status conference.

NOW, THEREFORE, for the reasons stated on the record at the May 20, 2025 status conference, Plaintiffs and Mr. Roberts agree and stipulate and jointly request an order granting this Stipulation, as follows:

1.     Plaintiffs and Plaintiffs' counsel shall set aside twenty-five percent (25%) of the Settlement Amount ("Set Aside Amount") in "a Judicial Watch, Inc. account" ("Trust Account") that complies with the requirements of D.C. Rule of Professional Conduct 1.15. Said account is maintained with an approved depository as that term is defined in Rule XI of the Rules Governing the District of Columbia Bar. The Set Aside Amount shall be held in the Trust Account until a

decision is filed in the arbitration proceeding before ACAB and be subject to the terms of Paragraph 2.

2. Plaintiffs and Mr. Roberts shall each give written notice of ACAB's decision, including a copy thereof, to Judicial Watch, Inc., through Plaintiffs' undersigned counsel, within five business days of the decision. In his notice, Mr. Roberts shall either (a) make a request for payment of the fee awarded in ACAB's decision, if any, from the Set Aside Amount and waive any and all further right of judicial review; or (b) inform Judicial Watch, Inc. of his intention to seek judicial review of ACAB's decision pursuant to 9 U.S.C. § 10 and/or D.C. Code § 16-4423 and the grounds therefor. In their notice, Plaintiffs shall either (a) agree to payment of the fee awarded in ACAB's decision, if any, from the Set Aside Amount and waive any and all further right of judicial review; or (b) inform Judicial Watch, Inc. of their intention to seek judicial review of ACAB's decision pursuant to 9 U.S.C. § 10 and/or D.C. Code § 16-4423 and the grounds therefor. In the event Plaintiffs and/or Mr. Roberts intend to seek judicial review, Mr. Roberts shall neither request nor be paid any amount from the Set Aside Amount, and Judicial Watch, Inc. shall continue holding the Set Aside Amount in the Trust Account, until a court of competent jurisdiction over ACAB rulings (i) enters a final decision on the merits of Plaintiffs' and/or Mr. Roberts' challenge to ACAB's decision or (ii) dismisses Plaintiffs' and/or Mr. Roberts' challenge with prejudice. Within five business days thereafter, Plaintiffs and Mr. Roberts shall give written notice of such event, including a copy thereof, to Judicial Watch, Inc., through Plaintiffs' undersigned counsel, and Mr. Roberts shall include in his notice a request for payment of his fee award, if any, from the Set Aside Amount.

3. Judicial Watch, Inc. shall make payment from the Set Aside Amount to Mr. Roberts within three business days after it receives his written notice and request for payment in

compliance with either paragraph 2(a) or paragraph 2(b) above. Mr. Roberts shall cooperate with Judicial Watch, Inc. by providing all information necessary to complete payment to him including the Social Security numbers or tax identification numbers of Mr. Roberts and his law firm Roberts & Wood, as well as information necessary for payment to be made by check, electronic funds transfer, or bank wire, and by executing documents necessary to complete payment including a general release.

4. Counsel for Plaintiffs shall provide notice to Mr. Roberts as follows: (a) within twenty-four hours after the Parties finalize terms and execute a settlement agreement; (b) within two business days after counsel for the United States submits a request to the U.S. Treasury for the Settlement Amount; and (c) within two business days after the Settlement Amount is deposited into the Judicial Watch, Inc. DC IOLTA Attorney Trust Account. Counsel for the United States also shall comply with paragraphs (a) and (b) of this paragraph.

5. Mr. Roberts' motion to intervene (ECF 47) shall be denied as moot.

Dated: August 29, 2025  Respectfully submitted,

JUDICIAL WATCH, INC.

By:  */s/ Robert Patrick Sticht.*
ROBERT PATRICK STICHT
D.C. Bar No. 423395
Judicial Watch, Inc.
425 Third Street SW, Suite 800
Washington, D.C. 20024
(202) 646-5172
rsticht@judicialwatch.org

*Attorneys for Plaintiffs Estate of Ashli Babbitt and Aaron Babbitt*

        */s/ Richard W. Driscoll*
        RICHARD W. DRISCOLL\*
        D.C. Bar No. 436471
        Driscoll & Seltzer, PLLC
        2000 Duke Street, Suite 300
        Alexandria, VA 22314
        Office:  703.879.2601
        Facsimile:  703.997.4892
        Rdriscoll@driscollseltzer.com

*Counsel for Plaintiffs by Special Appearance*

\*Counsel's representation is by Special Appearance only for the purpose of representing Plaintiffs in the matter of the motion to intervene


/s/ Terrell N. Roberts, III
TERRELL N. ROBERTS, III
Bar ID No. 965061
6801 Kenilworth Avenue, Suite 202
Riverdale, Maryland 20737
(301) 699-0764
(301) 699-8706 Fax
TRoberts@robertsandwood.com

*Prospective Intervenor*

ROBERTS & WOOD

By:   */s/* Terrell N. Roberts, III
      TERRELL N. ROBERTS, III
      Bar ID No. 965061
      Roberts & Wood
      6801 Kenilworth Avenue, Suite 202
      Riverdale, Maryland 20737
      (301) 699-0764
      (301) 699-8706 Fax
      TRoberts@robertsandwood.com

## **ORDER**

The foregoing Stipulation is GRANTED.  Mr. Roberts' motion to intervene (ECF 47) is DENIED in its entirety as moot.

**SO ORDERED.**

Dated: August 29, 2025

　　　　　　　　　　　　　　　　　　　Honorable Ana C. Reyes
　　　　　　　　　　　　　　　　　　　Judge, United States District Court